UNITED STATES COURT
OF APPEALS

FOR THE SEVENTH CIRCUIT

———————————————

No. 24-2473

———————————————

EDWARD "COACH" WEINHAUS,            )
          Plaintiff-Appellant       )
                                    )
     v.                             )
                                    )
REGINA A. SCANNICCHIO               )      Appeal No.: 24-2473
And                                 )      Dist. Ct.: N.D.Ill. – Eastern Div.
ILLINOIS JUDGES ASSOCIATION,        )      Civil Case: 1:24-cv-03061
          Defendants-Appellees      )      Dist. Judge John Robert Blakey

———————————————

Initial Brief and Required Short Appendix of Plaintiff-Appellant
Edward "Coach" Weinhaus

———————————————

Adam Florek
IARDC No: 6320615
N.D. Ill. Gen. Bar No.: 6320615
Florek Law, LLC
11 Knollwood Drive
North Caldwell, NJ 07006
Tel: +1 (929) 229-2268
Email: aflorek@florekllc.com

## APPEARANCE & CIRCUIT RULE 26.1 DISCLOSURE STATEMENT

Appellate Court No: 24-2473

Short Caption: Edward "Coach" Weinhaus v. Regina A Scannicchio And Illinois Judges Association

To enable the judges to determine whether recusal is necessary or appropriate, an attorney for a non-governmental party, amicus curiae, intervenor or a private attorney representing a government party, must furnish a disclosure statement providing the following information in compliance with Circuit Rule 26.1 and Fed. R. App. P. 26.1.

The Court prefers that the disclosure statements be filed immediately following docketing; but, the disclosure statement must be filed within 21 days of docketing or upon the filing of a motion, response, petition, or answer in this court, whichever occurs first. Attorneys are required to file an amended statement to reflect any material changes in the required information. The text of the statement must also be included in the front of the table of contents of the party's main brief. **Counsel is required to complete the entire statement and to use N/A for any information that is not applicable if this form is used.**

[X]     **PLEASE CHECK HERE IF ANY INFORMATION ON THIS FORM IS NEW OR REVISED AND INDICATE WHICH INFORMATION IS NEW OR REVISED.**

(1)     The full name of every party that the attorney represents in the case (if the party is a corporation, you must provide the corporate disclosure information required by Fed. R. App. P. 26.1 by completing item #3):

Plaintiff-Appellant Edward "Coach" Weinhaus

(2)     The names of all law firms whose partners or associates have appeared for the party in the case (including proceedings in the district court or before an administrative agency) or are expected to appear for the party in this court:

REVISED: Adam Florek, Managing Attorney of Florek Law, PLLC; and Antonio Valiente-Rivera

(3)     If the party, amicus or intervenor is a corporation:

i)      Identify all its parent corporations, if any; and

n/a

ii)     list any publicly held company that owns 10% or more of the party's, amicus' or intervenor's stock:

n/a

(4)     Provide information required by FRAP 26.1(b) – Organizational Victims in Criminal Cases:

n/a

(5)     Provide Debtor information required by FRAP 26.1 (c) 1 & 2:

n/a

Attorney's Signature: _____     Date: December 4, 2024

Attorney's Printed Name: Adam Florek

Please indicate if you are *Counsel of Record* for the above listed parties pursuant to Circuit Rule 3(d).     Yes [ ]     No [X]

Address: Florek Law, PLLC

636 Broadway, Suite 514, New York, NY, 10012

Phone Number: +1 929 229-2268          Fax Number: n/a

E-Mail Address: aflorek@florekllc.com

rev. 12/19 AK

# Table of Contents

Table of Contents ................................................................................................................ 3

Table of Authorities .......................................................................................................... 4

Jurisdictional Statement .................................................................................................. 6

Statement of Issue ............................................................................................................ 7

Statement of the Case ...................................................................................................... 8

Statement of Facts ............................................................................................................ 8

    *Course of Proceedings* ..................................................................................................... 9

    *The Court's Minute Order and Judgement* ................................................................. 11

Summary of Argument .................................................................................................. 12

Argument ......................................................................................................................... 14

    A.    Standard of Review ............................................................................................. 14

    B.    The District Court erred when it dismissed Plaintiff-Appellant's Amended Complaint pursuant to *Rooker-Feldman* because he was neither injured by the state-court decision nor did his lawsuit seek to disturb the same ............................................................................................... 15

       *1.   Plaintiff-Appellant was injured by Defendant's conspiracy to deprive him of his Constitutionally protected right to Equal Protection Under the Law and Due Process before an impartial judiciary* .......................... 17

       *2.   Plaintiff-Appellant's lawsuit did not seek to modify or disturb the underlying state-court judgement, instead he seeks redress for the violation of his constitutionally protected rights* ........................................ 20

       *3.   Plaintiff-Appellant never had a reasonable opportunity to raise his constitutional claims at the state-court* 22

Conclusion ....................................................................................................................... 24

Certificate of Compliance with Fed. R. App. Pro. 32(a)(7) and 32(g) and Circuit Rule 32(c)25

Certificate of Service ...................................................................................................... 26

Circuit Rule 30(d) Statement ....................................................................................... 27

# Table of Authorities

**Cases**

Brokaw v. Weaver, 305 F.3d 660 (7th Cir. 2002) ............................................................. 21

D.C. Ct. of Appeals v. Feldman, 460 U.S. 462 (1983) ................................................... 15

Dorce v. City of New York, 2 F.4th 82 (2d Cir. 2021) ................................................... 16

Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280 (2005) ............................

7, 11, 12, 14, 15, 16, 17, 19, 20

GASH Assocs. v. Vill. of Rosemont, Ill., 995 F.2d 726 (7th Cir. 1993) ................. 16, 19

Gilbank v. Wood County Dep't of Human Servs., 111 F.4th 754 (7th Cir. 2024) .........

12, 16, 17, 18, 20, 21, 22

Gogos v. AMS Mech. Sys., Inc., 737 F.3d 1170 (7th Cir. 2013) .................................... 14

Hadzi-Tanovic v. Johnson, 62 F.4th 394 (7th Cir. 2023) ............................................... 19

Hunter v. McMahon, 75 F.4th 62 (2d Cir. 2023) ........................................................ 16, 19

Johnson v. Pushpin Holdings, LLC, 748 F.3d 769 (7th Cir. 2014) .............................. 21

Kowalski v. Boliker, 893 F.3d 987 (7th Cir. 2018) ..................................................... 14, 19

Maple Lanes, Inc. v. Messer, 186 F.3d 823 (7th Cir. 1999) ............................................ 11

Mo's Express, LLC v. Sopkin, 441 F.3d 1229  (10th Cir. 2006) ................................... 21

Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923) .......................................................... 15

Swartz v. Heartland Equine Rescue, 940 F.3d 387, 390 (7th Cir. 2019) ...................... 10

Sykes v. Cook County. Cir. Ct. Probate Div., 837 F.3d 736 (7th Cir. 2016).......... 12, 14

**Statutes**

28 U.S.C. § 1257 ...................................................................................................11, 14

28 U.S.C. § 1291 ........................................................................................................ 5

28 U.S.C. § 1331 ........................................................................................................ 5

42 U.S.C. § 1983 .................................................................................................... 5, 8

## Jurisdictional Statement

This appeal arises from a civil action brought in the Northern District of Illinois seeking redress for Plaintiff-Appellant's Constitutionally protected right to Equal Protection Under the Law and Due Process before an impartial judiciary. The District Court had jurisdiction pursuant to 28 U.S.C. § 1331 because the suit was brought pursuant to a federal statute 42 U.S.C. § 1983.

The District Court entered its final decision as to Plaintiff-Appellant's Amended Complaint on July 24, 2024 following its *sua sponte* dismissal for lack of jurisdiction pursuant to the *Rooker-Feldman* doctrine. Plaintiff-Appellant timely filed his Notice of Appeal on August 26, 2024. Accordingly, this Court of Appeals has jurisdiction under 28 U.S.C. § 1291 because this is an appeal from the final decisions of a U.S. District Court. On September 16, 2024, Plaintiff-Appellant sought an extension of time to file his opening brief and on September 17, 2024, the Court granted the same. On October 30, 2024, Plaintiff-Appellant sought a second and final extension of time to file his opening brief, which was granted on October 31, 2024.

**Statement of Issue**

1.)     The District Court erred when it dismissed Plaintiff-Appellant's Amended Complaint for lack of jurisdiction, pursuant to the *Rooker-Feldman* doctrine, because Plaintiff-Appellant's injury was caused prior to the state-court decision and his lawsuit does not seek to disturb the same.  In this case, the district court failed to examine those factors articulated in <u>Exxon Mobil Corp. v. Saudi Basic Indus. Corp.</u>, 544 U.S. 280 (2005) and incorrectly concluded that Plaintiff-Appellant's injury stemmed from the state-court decision and that his lawsuit required disturbing the state-court's decision.

## Statement of the Case

This is an appeal from the District Court's July 24, 2024, dismissal for lack of jurisdiction and contemporaneously entered judgement. In its July 24, 2024 Minute Entry, the District Court incorrectly concluded that evaluating Plaintiff-Appellant's lawsuit would require it to "delve into the validity, and impugn (if Plaintiff were to win), the state court decisions" and that awarding damages would "require[] a finding that the [state-court] decision was wrong as a matter of law[.]" (Dkt. 17) The Court's mis-application of *Rooker-Feldman* means that Plaintiff-Appellant is bereft of any redress for Defendant-Appellees' violation of his Constitutionally protected rights to Equal Protection or Due Process.

## Statement of Facts

During Plaintiff-Appellant's brief residence in Illinois he instituted the Illinois Dissolution Action which gave cause for him to appear as a litigant in the Cook County Circuit Court's Domestic Relations Division. (Dkt. 16, at ¶ 14) His dissolution proceeding resulted in a decree of divorce in 2015, but the case remained pending for various post-decree issues. (Id., at ¶ 15) During the course of the post-decree proceedings, Defendant-Appellee Scannicchio ordered an affirmed sanctions against Plaintiff-Appellant. (Id., at ¶ 18) Thereafter, he won sole primary residential custody of his children in post decree matters. (Id., at ¶¶ 17-18)

Once post-decree issues had concluded, Plaintiff timely filed a Notice of Appeal of the final order, on October 8, 2020. (Id., at ¶ 18-20) Thereafter, Defendant Scannicchio engaged in a campaign to smear Plaintiff-Appellant, contacting various judges within Illinois to "discuss Plaintiff[-Appellant], his cases, and her opinion of him." (Dkt. 16, at ¶ 28) Defendant Scannicchio's campaign continued to forewarn against the impact Plaintiff-Appellant's October 8, 2020 Appeal, "would have on [Scannicchio] and by extension the Illinois Judges Association if it were to proceed because, it relates to her reputation and conduct while acting under color of law." (Id., at ¶ 29)

Ultimately, Plaintiff-Appellant's October 8, 2020 "Appeal was dismissed *sua sponte* without any concern for Plaintiff's equal protection of due process rights." (Id., at ¶ 32) However, once it became clear that the dismissal was the result of Defendant-Appellee's conduct and the intentional interference with his constitutionally protected rights, this lawsuit followed.

*Course of Proceedings*

Plaintiff-Appellant originally filed the underlying lawsuit on April 17, 2024 alleging that civil rights violations of his to equal protection or due process rights, pursuant to 42 U.S.C. § 1983. (Dkt. 1) While this matter was originally assigned to the

Hon. Jorge L. Alonso, on June 18, 2024, Judge Alonso[1] recused himself and the matter was reassigned to the Hon. John Robert Blakey. (Dkt. 12) Thereafter, on June 25, 2024, Defendant-Appellee Illinois Judges Association filed its Motion To Dismiss For Failure To State A Claim and supporting Memorandum. (Dkt. 13, 14)

However, on June 28, 2024, the District Court entered a Minute Order dismissing Plaintiff-Appellant's Complaint finding, *inter alia*, "Plaintiff's complaint shows that this Court lacks jurisdiction to consider his claim as pled. The Rooker−Feldman doctrine "precludes lower federal court jurisdiction over claims seeking review of state court judgments... no matter how erroneous or unconstitutional the state court judgment may be." (Dkt. 15) (quoting Swartz v. Heartland Equine Rescue, 940 F.3d 387, 390 (7th Cir. 2019), cert. denied, 140 S. Ct. 2510 (2020)). The District Court afford Plaintiff-Appellant the opportunity to file an amended complaint, which he did on July 22, 2023. Thereafter, on July 24, 2024, via Minute Entry, the District Court *sua sponte* dismissed Plaintiff-Appellant's Amended Complaint, (Dkt. 17) and entered judgement later that same day. (Dkt. 18).

---

1. Originally an Associate Judge in the Circuit Court of Cook County, Judge Alonso remains an active member of the Illinois Judges Association. While the record is silent as to the reason for this matter's reassignment, presumably Judge Alonso took steps to avoid even the appearance of impropriety given his close relationship with the IJA.

*The Court's Minute Order and Judgement*

On July 24, 2024, the District Court, via Minute Order, determined that Plaintiff-Appellant's lawsuit could not be brought within the court's jurisdiction owing to the jurisdictional bar and the *Rooker-Feldman* doctrine.

In its Order, the Court relied on <u>Maple Lanes, Inc. v. Messer</u>, 186 F.3d 823 (7th Cir. 1999) for the proposition that a damage award equal to the value of injury from the state-court decision "would effectively reverse the state court judgement" and is in appropriate under Rooker Feldman. (Dkt. 17) The District Court further held "[a]warding Plaintiff monetary damages for the claimed constitutional violation he suffered by having unfavorable orders entered in a state court domestic relations matter effectively reverses those orders." (Dkt. 17).

The District Court dismissed Plaintiff-Appellant's lawsuit but did so without examining any of the factors the Supreme Court articulated in <u>Exxon Mobil Corp. v. Saudi Basic Indus. Corp.</u>, 544 U.S. 280 (2005). Importantly, the District Court failed to consider the genesis of Plaintiff-Appellant's injury – the collusive behavior of Defendant-Appellees, not the state-court decision – or whether the relief sought in the Amended Complaint would require overturning, modifying, or otherwise disturbing the underlying state-court judgement.

## Summary of Argument

The *Rooker–Feldman* doctrine prevents lower federal courts from exercising jurisdiction over cases brought by state court losers challenging state court judgments hoping to find a more favorable decision through judicial arbitrage. Sykes v. Cook County. Cir. Ct. Probate Div., 837 F.3d 736, 741 (7th Cir. 2016). Congress has rested that power exclusively with the United States Supreme Court. See 28 U.S.C. § 1257. However, "a party may lose in state court and then raise precisely the same legal issues in federal court, so long as the *relief sought* in the federal action would not reverse or undo the *relief granted* by the state court." Gilbank v. Wood County Dep't of Human Servs., 111 F.4th 754, 766 (7th Cir. 2024) (quoting Mo's Express, LLC v. Sopkin, 441 F.3d 1229, 1237 (10th Cir. 2006)).

Here, the District Court erred when it dismissed Plaintiff-Appellant's Amended Complaint pursuant to the *Rooker-Feldman* doctrine, because Plaintiff-Appellant was neither injured by the state-court decision nor did his lawsuit seek to disturb the same. According to the Complaint, the injury was caused *prior* to the state-court decision – by the external interference of the named Defendant-Appellees. In order for a lawsuit to be dismissed pursuant to *Rooker-Feldman* each of the four factors articulated in Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280 (2005), must be satisfied. While Plaintiff-Appellant may be a state-court loser, see (Dkt. 16, at ¶ 32) and all underlying

state-court judgements were final before this lawsuit was instituted, neither the third nor fourth element of the Exxon's *Rooker-Feldman* test are present.

Plaintiff-Appellant's allegations in the underlying lawsuit concern conduct which preceded the state-court decision. Nothing in the underlying lawsuit invites the federal district court to review, reject, overturn, modify, or otherwise disturb the underlying state-court judgement. Instead, Plaintiff-Appellant's lawsuit seeks money damages for the deprivation of his rights to Equal Protection of the Law and Due Process under the Fourteenth Amendment to the Constitution. Moreover, Plaintiff-Appellant was unable to raise the issues implicated in this lawsuit during the state court proceedings because these claims are against unrelated parties and would have required Plaintiff-Appellant to institute a new lawsuit in state-court to adjudicate the violations of his Constitutionally protected Equal Protection and Due Process rights.

## Argument

The District Court erred when it dismissed Plaintiff-Appellant's Amended Complaint pursuant to the *Rooker-Feldman* doctrine, because Plaintiff-Appellant was neither injured by the state-court decision nor did his lawsuit seek to disturb the same. The injury plead in the Complaint and Amended Complaint occurred *prior* to the state court's decision. Had the district court examined the four factors articulated in Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280 (2005), it would have concluded that Plaintiff-Appellant's lawsuit did not allege an injury resulting from a state-court decision; did not seek to modify, reverse, or otherwise disturb any state-court decision; and sought relief for a wholly separate claim that he was unable to raise during the state-court proceedings.

A. Standard of Review

A court of appeals reviews a district court's dismissal for lack of subject matter jurisdiction under the *de novo* standard but, will affirm the dismissal on any grounds available. Kowalski v. Boliker, 893 F.3d 987, 994 (7th Cir. 2018) (citing, *inter alia*, Gogos v. AMS Mech. Sys., Inc., 737 F.3d 1170, 1172 (7th Cir. 2013); Sykes v. Cook County. Cir. Ct. Probate Div., 837 F.3d 736, 740 (7th Cir. 2016)). On appeal, the Court must "accept as true all facts in the complaint and draw all reasonable inferences in the plaintiff's favor." Sykes, 837 F.3d at 739.

B. <u>The District Court erred when it dismissed Plaintiff-Appellant's Amended Complaint pursuant to *Rooker-Feldman* because he was neither injured by the state-court decision nor did his lawsuit seek to disturb the same</u>

District Courts are courts of original jurisdiction. They are not appellate courts for displeased litigants seeking *a second bite at the apple* for a matter properly disposed of by a state-court. <u>Rooker v. Fidelity Trust Co.</u>, 263 U.S. 413, 416 (1923); <u>D.C. Ct. of Appeals v. Feldman</u>, 460 U.S. 462, 486 (1983); <u>Exxon</u>, 544 U.S. at 283. Congress has rested that power exclusively with the United States Supreme Court. <u>See</u> 28 U.S.C. § 1257. "The *Rooker–Feldman* doctrine prevents lower federal courts from exercising jurisdiction over cases brought by state court losers challenging state court judgments rendered before the district court proceedings commenced." <u>Sykes</u>, 837 F.3d at 741.

*Rooker-Feldman* illustrates the "limited circumstances" where the Supreme Court's "appellate jurisdiction over state-court judgments[] precludes a[] district court from exercising subject-matter jurisdiction in an action it would otherwise be empowered to adjudicate under a congressional grant of authority[.]" <u>Exxon</u>, 544 U.S. at 291. The Supreme Court continued to provide a test whereby *Rooker-Feldman* blocks lower federal courts from exercising jurisdiction:

> First, the federal plaintiff must have been a state-court loser. Second, the state-court judgment must have become final before the federal proceedings began. Third, the state-court judgment must have caused the alleged injury underlying the federal claim. Fourth, the claim must invite the federal district court to review and reject the state-court judgment.

Gilbank v. Wood County Dep't of Human Servs., 111 F.4th 754, 766 (7th Cir. 2024). This Circuit has propounded an additional element: a plaintiff must not have had a "reasonable opportunity to raise [its] federal issues in the state courts." Id.

Moreover, the Exxon court made clear that "[i]f a federal plaintiff presents some independent claim, albeit one that denies a legal conclusion that a state court has reached in a case to which he was a party, then there is jurisdiction and state law determines whether the defendant prevails under principles of preclusion." Exxon, 544 U.S. at 293 (cleaned up) (quoting GASH Assocs. v. Vill. of Rosemont, Ill., 995 F.2d 726, 728 (7th Cir. 1993)). See Hunter v. McMahon, 75 F.4th 62, 71–72 (2d Cir. 2023) (applying Exxon and recognizing that "*Rooker-Feldman* does *not* bar claims based on an opponent's misconduct that *precedes* the state court proceeding, if the plaintiffs' alleged injuries were merely *ratified* by the state-court judgments rather than *caused* by them."); Dorce v. City of New York, 2 F.4th 82, 104 (2d Cir. 2021) (examining and applying Exxon and "[d]etermine[ing] that *Rooker-Feldman* does not bar claims based on an opponent's misconduct that *precedes* the state court proceeding, if the plaintiffs' alleged injuries were merely *ratified* by the state-court judgments rather than *caused* by them" and "conclude[ing] that *Rooker-Feldman* does not bar plaintiffs from seeking compensatory damages for misconduct that defendants pursued in obtaining state court judgments." (internal citations and quotations omitted)).

Here, there is no question that the first two elements of <u>Exxon</u>, are present. Plaintiff-Appellant may be seen as a state-court loser, <u>see</u> (Dkt. 16, at ¶ 32)[2]; and all underlying state-court judgements were final before this lawsuit was instituted. However, neither the third nor fourth element of the <u>Exxon</u>'s *Rooker-Feldman* test are present. Plaintiff-Appellant's claim arises from conduct that *preceded* the state-court judgment and nothing in his current suit seeks to overturn, modify, avoid, or otherwise disturb the underlying state-court judgement. Save Plaintiff-Appellant, no party to the underlying state-court case is named in this lawsuit nor is any third-party affected by the underlying state-court decision.

1. *Plaintiff-Appellant was injured by Defendant's conspiracy to deprive him of his Constitutionally protected right to Equal Protection Under the Law and Due Process before an impartial judiciary*

The third element of the Rooker-Feldman doctrine, as articulated in <u>Exxon's</u> restatement, is "the state-court judgment must have caused the alleged injury underlying the federal claim." <u>Gilbank</u>, 111 F.4th at 766. Conspicuously absent is the "inextricably intertwined" language which the District Court relied on to dismiss Plaintiff-Appellant's Amended Complaint. <u>Id.</u> at 761 ("All judges agree that we should no longer rely on the "inextricably intertwined" language that has contributed to confusion in applying the *Rooker-Feldman* doctrine."). Instead, <u>Gilbank</u> makes clear that the *Rooker-Feldman*

---

2. While Plaintiff-Appellant is a state-court loser because his October 8, 2020 Appeal was dismissed *sua sponte*, his success in winning full-time primary residential custody of his children means the only wrong he seeks to rectify through the underlying lawsuit, or any other action, is the interference with his constitutionally protected rights. (Dkt. 16, at ¶¶ 17, 18)

doctrine asks "whether the state-court judgments caused the alleged injury underlying the claim" while simultaneously permitting "claims based on injuries that are 'independent' of the state-court judgment[.]" Id. at 766.

In his Amended Complaint, Plaintiff-Appellant alleges that his injuries are resultant from Defendant Scannicchio's *extra*-judicial conduct and the conduct of the Illinois Judges Association ("IJA"). As alleged in the Amended Complaint, Defendant Scannicchio engaged in a campaign to smear Plaintiff-Appellant, contacting various judges within Illinois to "discuss Plaintiff[-Appellant], his cases, and her opinion of him." (Dkt. 16, at ¶ 28) Defendant Scannicchio's campaign continued to forewarn against the impact Plaintiff-Appellant's October 8, 2020 Appeal, "would have on [Scannicchio] and by extension the Illinois Judges Association if it were to proceed because, it relates to her reputation and conduct while acting under color of law." (Id., at ¶ 29)

The Amended Complaint makes clear that Plaintiff-Appellant's injury is not from the state-court's *sua sponte* dismissal of his October 8, 2020 Appeal, but instead it stems from the conduct of Defendant-Appellees Scannicchio and the IJA whereby they chose to protect the interest of IJA's members rather than Plaintiff-Appellant's Equal Protection and Due Process rights. He had a right to be heard but, Defendant-Appellees intentionally interfered with his rights. (Dkt. 16, ¶¶ 22-31, 34, 35). The District Court's dismissal insulates bad actors for their conduct as long as such conduct impacts a state-court decision regardless of whether the conduct precedes the state-

court decision or seeks relief independent from the same decision. Here, like in Kowalski, Plaintiff-Appellant seeks redress for *interference* in his state court proceedings – interference which preceded the state-court decision and gives rise to an independent claim. Kowalski, 893 F.3d at 995.

The Second Circuit's analysis in Hunter is also informative. In Hunter, the Second Circuit recognized that "*Rooker-Feldman* does *not* bar claims based on an opponent's misconduct that *precedes* the state court proceeding, if the plaintiffs' alleged injuries were merely *ratified* by the state-court judgments rather than *caused* by them." Id., 75 F.4th at 71. The Court continued to examine the allegations in the underlying lawsuit and found that "[t]he state-court judgment did not *produce* this alleged earlier-in-time conduct, though it may have adjudicated the legitimacy of the conduct after the fact." Id., at 72. Here, the allegations in the underlying lawsuit concern conduct which preceded the state-court decision in the October 8, 2020 Appeal and, like in Hunter, the state-court decision merely ratifies Defendant's bad acts. See Exxon, 544 U.S. at 293 (permitting an independent claim, even when such claim "denies a legal conclusion that a state court has reached in a case to which he was a party") (quoting GASH, 995 F.2d at 728). See also Hadzi-Tanovic v. Johnson, 62 F.4th 394, 413 (7th Cir. 2023) (Kirsch, J., Dissenting) (collecting cases).

*2. Plaintiff-Appellant's lawsuit did not seek to modify or disturb the underlying state-court judgement, instead he seeks redress for the violation of his constitutionally protected rights*

Even if the Court disagrees with the above and concludes that Plaintiff-Appellant *was* injured by the state-court decision – he was not, the injury occurred *prior* to the state-court decision – the fourth element of the *Rooker-Feldman* doctrine, as articulated in Exxon's restatement, cannot be met. Nothing in the underlying lawsuit invites the federal district court to review, reject, overturn, modify, or otherwise disturb the underlying state-court judgement. Gilbank, 111 F.4th at 766. Instead, Plaintiff-Appellant's lawsuit seeks money damages for the deprivation of his rights to Equal Protection of the Law and Due Process under the Fourteenth Amendment to the Constitution. Moreover, his lawsuit is against non-participants to the underlying state-court decision – neither Defendant-Appellees Scannicchio nor the IJA were party to or judge of the underlying state-court decision's *sua sponte* dismissal of the October 8, 2020 Appeal.

"The key *Rooker-Feldman* inquiry is not simply whether a plaintiff's injury can be separated from the state court judgment that completed it but also whether the plaintiff asks a federal court to reverse a state court judgment." Gilbank, 111 F.4th at 792 (Kirsch, J., concurring for the majority)[3]. In Exxon, the Supreme Court emphasized that *Rooker-Feldman* precluded federal courts from overturning a state-court judgment

---

3. Judge Hamilton delivered the Court's opinion in Gilbank, but a majority of the *en banc* court disagreed and instead joined in Judge Kirsch's concurrence concerning the fourth element under Exxon. Gilbank, 111 F.4th at 769 ([Hamilton, J.], believe[s] that plaintiff's claims for damages for injuries inflicted by state court judgments invite "review and rejection" of those judgments, so that *Rooker-Feldman* bars jurisdiction here. But a majority of the *en banc* court disagrees in Judge Kirsch's opinion, as joined in part by Judge Easterbrook.").

and focused on what the litigant sought in its federal suit. Id. at 792-793. "[I]dentifying

what the plaintiff has requested is the key *Rooker-Feldman* inquiry. Id. at 792-793.

In his Amended Complaint, Plaintiff-Appellant seeks a finding that "Defendants

violated his rights to Equal Protection of the Law and Due Process under the

Fourteenth Amendment to the Constitution[,] (Dkt. 16, at p. 7); and money damages

from Defendant-Appellees Scannicchio and the IJA. Neither form of redress would

disturb or overturn the state-court decision nor seek redress from any party to the state-

court decision. (Dkt. 16, ¶¶ 37-40)

In Gilbank's majority concurrence, the majority conducts a thorough

investigation into the bounds of Exxon's fourth element. Quoting the 10th Circuit's

decision in Mo's Express, LLC v. Sopkin, the Court recognizes "a party may lose in

state court and then raise precisely the same legal issues in federal court, so long as the

*relief sought* in the federal action would not reverse or undo the *relief granted* by the state

court." Gilbank, 111 F.4th at 794 (quoting Mo's Express, 441 F.3d 1229, 1237 (10th

Cir. 2006)). Moreover, Gilbank's majority concurrence collected cases, Id., at 793–94,

and recognized that the Seventh Circuit's decisions in Brokaw v. Weaver, 305 F.3d 660

(7th Cir. 2002), and Johnson v. Pushpin Holdings, LLC, 748 F.3d 769 (7th Cir. 2014),

Id., at 793, correctly recognized that the relevant issue under *Rooker-Feldman* is the relief

*sought* in the federal suit compared to the relief *granted* by the state-court decision.

Therefore, because "*Rooker-Feldman* applies only when a plaintiff seeks relief from a

federal court that would reverse a state court judgment[,]" Plaintiff-Appellant's

Amended Complaint cannot be dismissed pursuant to the *Rooker-Feldman* doctrine. Gilbank, 111 F.4th at 794 (Kirsch, J., concurring for the majority).

Because [Plaintiff-Appellant] does not ask the federal court to undo the state-court [decision], *Rooker-Feldman* does not bar [his] claim. The state-court judgment will remain secure no matter the outcome of [this] federal suit. Even if [Plaintiff-Appellant] prevails on [his] damages claim, a federal judgment in [his] favor would have no impact on the validity of the state judgment." Hadzi-Tanovic, 62 F.4th at 411–12 (Kirsch, J., Dissenting). Here, all conceivable parties and beneficiaries to the underlying post-decree matter will be unaffected, but for Plaintiff-Appellant. Nothing related to the underlying matter is being undone

3. *Plaintiff-Appellant never had a reasonable opportunity to raise his constitutional claims at the state-court*

The final element under this Circuit's *Rooker-Feldman* analysis is: has a plaintiff had a "reasonable opportunity to raise [its] federal issues in the state courts[?]" Id. If not, than "[e]ven if a claim otherwise seems barred by *Rooker-Feldman,…* then the claim may proceed in federal court." Gilbank, 111 F.4th at 778. Here, Plaintiff-Appellant's underlying state-court trial matter was resolved in 2015 when the proceeding resulted in a decree of divorce. (Dkt. 16, at ¶ 15) The Cook County Circuit Court's Domestic Relations Division retained jurisdiction to resolve various post-decree issues. (Id., at ¶ 15) Post-decree issues were first concluded on September 8, 2020, by state-court order, (Id., at ¶ 18), leaving the October 8, 2020 Appeal and issues surrounding the same.

Accordingly, to raise his Equal Protection and Due Process claims at the state-court, Plaintiff-Appellant would have to institute a new proceeding in state-court rather than in federal court. Moreover, the actions of Defendants-Appellees – none of whom were parties to the state-court proceedings – took place outside of those proceedings. (Dkt. 16, ¶¶ 37-40). Therefore, Plaintiff-Appellant never had a reasonable opportunity to raise his federal issues in the state courts.

## Conclusion

The district court's dismissal should be vacated, and this case should be remanded for a jury trial because the Plaintiff-Appellant's lawsuit does not allege an injury resulting from a state-court decision nor does the relief sought attempt to modify, reverse, avoid, or otherwise disturb any state-court decision.  In the alternative, the Plaintiff-Appellant should be given leave to amend his lawsuit to further clarify that none of the parties to this federal action were either party to the underlying state-court matter or judges that adjudicated the underlying state-court decision; and that the relief sought in this federal lawsuit in no way seeks to modify, reverse, avoid, or otherwise disturb any state-court decision.

Dated: December 4, 2024

Respectfully submitted,

Adam Florek
N.D. Ill. Bar No.: 6320615
Florek Law, PLLC
636 Broadway, Suite 514
New York, New York 10012
Tel: +1 (929) 229-2268
Email: aflorek@florekllc.com

Antonio Valiente-Rivera
N.D. Ill. Gen. Bar No.: 12326
Torre de La Reina - Suite 203
450 Avenida de La Constitucion
San Juan, Puerto Rico 00901
Tel:  (787) 782-9544
Email:  lcdoavaliente@live.com

## Certificate of Compliance with Fed. R. App. Pro. 32(a)(7) and 32(g) and Circuit Rule 32(c)

The undersigned, counsel for the Plaintiff-Appellant, Edward "Coach" Weinhaus furnishes the following in compliance with Fed. R. App. Pro. 32(a)(7) and hereby certifies that this brief conforms to Rule 32(a)(7) for a brief produced with a proportionally spaced font, containing 5,009 words and the typeface is Garamond, 14 point.

Dated: December 4, 2024

Respectfully submitted,

*/s/ Adam Florek*
Adam Florek
N.D. Ill. Bar No.: 6320615
Florek Law, PLLC
636 Broadway, Suite 514
New York, New York 10012
Tel: +1 (929) 229-2268
Email: aflorek@florekllc.com

Antonio Valiente-Rivera
N.D. Ill. Gen. Bar No.: 12326
Torre de La Reina - Suite 203
450 Avenida de La Constitucion
San Juan, Puerto Rico 00901
Tel: (787) 782-9544
Email: lcdoavaliente@live.com

## Certificate of Service

The undersigned, counsel for the Plaintiff-Appellant, Edward "Coach" Weinhaus, hereby certifies that on Wednesday, December 4, 2024, electronic copies of the Brief and Required Short Appendix of Appellant and one copy of the Separate Appendix were delivered by e-mail and CM/ECF to counsel for the Defendant-Appellees Regina Scannicchio and the Illinois Judges Association.

Dated: December 4, 2024

Respectfully submitted,

/s/ Adam Florek
Adam Florek
N.D. Ill. Bar No.: 6320615
Florek Law, PLLC
636 Broadway, Suite 514
New York, New York 10012
Tel: +1 (929) 229-2268
Email: aflorek@florekllc.com

Antonio Valiente-Rivera
N.D. Ill. Gen. Bar No.: 12326
Torre de La Reina - Suite 203
450 Avenida de La Constitucion
San Juan, Puerto Rico 00901
Tel: (787) 782-9544
Email: lcdoavaliente@live.com

## Circuit Rule 30(d) Statement

Pursuant to Circuit Rule 30(d), counsel certifies that all material required by Circuit Rule 30(a) and (b) are included in the appendix.

Dated: December 4, 2024

Respectfully submitted,

*/s/ Adam Florek*
Adam Florek
N.D. Ill. Bar No.: 6320615
Florek Law, PLLC
636 Broadway, Suite 514
New York, New York 10012
Tel: +1 (929) 229-2268
Email: aflorek@florekllc.com

Antonio Valiente-Rivera
N.D. Ill. Gen. Bar No.: 12326
Torre de La Reina - Suite 203
450 Avenida de La Constitucion
San Juan, Puerto Rico 00901
Tel: (787) 782-9544
Email: lcdoavaliente@live.com

# REQUIRED SHORT APPENDIX

# UNITED STATES DISTRICT COURT
## FOR THE Northern District of Illinois – CM/ECF NextGen 1.7.1.1
### Eastern Division

Edward "Coach" Weinhaus

      Plaintiff,

v.           Case No.: 1:24–cv–03061

           Honorable John Robert Blakey

Regina A Scannicchio, et al.

      Defendant.

---

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Tuesday, June 18, 2024:

   MINUTE entry before the Honorable Jorge L. Alonso: I request the Executive Committee that the above captioned case be reassigned by lot to another judge of this Court. Mailed notice (daj, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.



# United States District Court
# Northern District of Illinois

In the Matter of

Edward "Coach" Weinhaus

v.

Regina A Scannicchio et al

District Judge John Robert Blakey

Case No. 24-CV-3061

Designated Magistrate Judge
M. David Weisman

### TRANSFER OF CASE TO THE EXECUTIVE COMMITTEE
### FOR A REASSIGNMENT

    I request the Executive Committee that the above captioned case be reassigned by lot to another judge of this Court. The reasons for my request are indicated on the bottom of this form.

_____

**Judge Jorge L. Alonso**

Date: Tuesday, June 18, 2024

---

- IOP 13(f)(1) - I recuse myself from this case for the following reasons:
    Relationship with a party.

Dated: Tuesday, June 18, 2024

District Reassignment - By Lot

EXCEPTIONS OR ADDITIONS:

**UNITED STATES DISTRICT COURT**
**FOR THE Northern District of Illinois – CM/ECF NextGen 1.7.1.1**
**Eastern Division**

Edward "Coach" Weinhaus

                      Plaintiff,

v.                                        Case No.: 1:24–cv–03061
                                        Honorable John Robert Blakey

Regina A Scannicchio, et al.

                      Defendant.

---

**NOTIFICATION OF DOCKET ENTRY**

This docket entry was made by the Clerk on Friday, June 28, 2024:

      MINUTE entry before the Honorable John Robert Blakey: This case has been reassigned to the calendar of the Honorable John Robert Blakey. The litigants are ordered to review and fully comply with all of this Court's standing orders, which are available on Judge Blakey's information page on the Court's official website: http://www.ilnd.uscourts.gov/. During the litigation, the attorneys must also appear at all hearing dates set by the Court or noticed by the parties. If an attorney has a conflict with a set court date, the attorney must notify Judge Blakey's Courtroom Deputy, Gloria Lewis, at Gloria_Lewis@ilnd.uscourts.gov. If appropriate, the Court will then reset the matter. Advising opposing counsel of a scheduling conflict is not a substitute for communicating directly with the Court. On its initial review of the docket, the Court notes that Plaintiff has appeared via counsel whose appearance form indicates that he is not a member of this Court's general bar or trial bar. Local Rule 83.12 provides that, "except as provided in LR 83.14 and as otherwise provided in this rule, only members in good standing of the general bar of this Court may enter an appearance on behalf of a party; file pleadings, motions or other documents; sign stipulations; or receive payments upon judgments, decrees or orders." Moreover, a review of Plaintiff's complaint shows that this Court lacks jurisdiction to consider his claim as pled. The Rooker–Feldman doctrine "precludes lower federal court jurisdiction over claims seeking review of state court judgments... no matter how erroneous or unconstitutional the state court judgment may be." Swartz v. Heartland Equine Rescue, 940 F.3d 387, 390 (7th Cir. 2019), cert. denied, 140 S. Ct. 2510 (2020). "The doctrine applies not only to claims that were actually raised before the state court, but also to claims that are inextricably intertwined with state court determinations." Id. Moreover, "the Rooker–Feldman bar is jurisdictional; violations of it cannot be waived and thus preclude a court from considering the merits of the claim." Id. Here, Plaintiff alleges that "nothing in this action requests or demands the undoing of any state court action. Instead, it seeks damages caused by non–judicial actions and prevention of future rights–depriving behavior by the Defendants. Most importantly, it seeks preventing members of the Illinois Judges Association from conspiring against the public and to transform it into a "Good" Business League of Judges if that's possible." [1] 9. But Plaintiff's substantive allegations undermine his representations: he alleges in count I that the state court trial and appellate judges lacked impartiality in their handling of litigation involving Plaintiff, and any assessment of that claim necessarily implicates the validity of

the state courts' determinations. To the extent Plaintiff claims to be seeking prospective relief for future litigants, he lacks standing to do so. See, e.g., O'Shea v. Littleton, 414 U.S. 488, 49596, 94 S. Ct. 669, 676, 38 L. Ed. 2d 674 (1974) ("Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief, however, if unaccompanied by any continuing, present adverse effects."); City of Los Angeles v. Lyons, 461 U.S. 95, 105 (1983) ("speculation is insufficient to establish the existence of a present, live controversy"); Schirmer v. Nagode, 621 F.3d 581, 585 (7th Cir. 2010) (to establish standing to seek prospective relief, a plaintiff must show, inter alia, that he is under threat of an actual and imminent injury in fact). For these reasons, the Court dismisses Plaintiff's complaint [1] for lack of jurisdiction and denies as moot Defendant's motion to dismiss [13]. If Plaintiff can, consistent with his obligations under Federal Rule of Civil Procedure 11, amend his complaint to allege a viable federal claim against a proper defendant, he may amend his complaint by 7/22/24. To pursue this matter through counsel, however, he must be represented by an attorney who can demonstrate compliance with this Court 9;s rules and standing orders. If Plaintiff fails to comply, the Court will dismiss this case. Mailed notice(gel, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

**Edward "Coach" Weinhaus**,

      Plaintiff,

   v.

**Regina A. Scannicchio**, and
**Illinois Judges Association**,

      Defendants.

Case No.:  1:24-cv-03061

Judge:  John Robert Blakey

### FIRST AMENDED COMPLAINT

Plaintiff Edward "Coach" Weinhaus ("Plaintiff"), for violations of his Due Process rights by Defendants Regina A. Scannicchio ("Scannicchio") and the Illinois Judges Association ("IJA"). In support of his claim, Plaintiff states as follows:

### PARTIES

1.     Plaintiff Edward "Coach" Weinhaus is a citizen of Missouri, resident of St Louis, and member of the Illinois, Missouri, and California Bars.

2.     Defendant Regina A. Scannicchio is a citizen of the state of Illinois and resident of Cook County, Illinois.

3.     Defendant Regina A. Scannicchio is the Presiding Judge of the Domestic Relations Division of the Circuit Court of Cook County, Illinois and has served on the Board of Directors of the IJA since at least 2021 and through the current time where she fulfills her duties.

4.     Defendant Illinois Judges Association is an Illinois-based business league, as defined pursuant to 26 CFR § 1.501(c)(6)-1, and is located in Chicago, Illinois.

5.     The Illinois Judges Association is a quasi-governmental body that oversees the appointment of judicial ethics members and, upon information and belief, approves various appointments throughout the state's unified court system.

6.     Five of seven of the current Illinois Supreme Court are affiliated with the Illinois Judges Association. The Illinois Judges Association is empowered by the Illinois Supreme Court. Half of the committee the Illinois Supreme Court relies on for ethics must be appointed by the Illinois Judge's Association (the Illinois Judicial Ethics Committee). These rules are then adopted by the Illinois Supreme Court.  The state of Illinois markets its affiliation with the Illinois Judges Association on its website.  Upon information and belief, the state of Illinois reimburses members for their dues to the Illinois Judge's Association.

7.     The Illinois Judges Association provides any number of benefits to its members including, *inter alia*, coordinated actions by its members to mitigate the threat or harm ethical complaints would have on its members and makes a coordinated effort to quash negative sentiments about its members.

8.     The Illinois Judges Association benefits its members by ensuring they defend each other in ethical matters and encourages its members to act cooperatively to defend one another.

## JURISDICTION AND VENUE

9.     The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, because Plaintiff alleges violations of a constitutionally protected right and brings this lawsuit pursuant to a federal statute 42 U.S.C. § 1983.

10.     The Court has personal jurisdiction over Defendants because each of the Defendants resides and currently does business within the Northern District of Illinois and importantly, each of the acts giving rise to this lawsuit occurred in the Northern District of Illinois.

2

11.     Further, the Court has jurisdiction because here, like in *Kowalski v. Boliker*, 893 F.3d 987, 995 (7th Cir. 2018), the Plaintiff is seeking redress for damages done by Defendants for the *interference* with his state court proceedings and rights attendant thereof.

12.     Further, nothing requested herein seeks to overturn or re-litigate the underlying state court matters in in violation of the *Rooker-Feldman* doctrine.

13.     Venue is proper in the Northern District of Illinois pursuant to 28 U.S.C. § 1391(b)(2) because all of the acts giving rise to Plaintiff's claim occurred in this District.

## PLAINTIFF'S ALLEGATIONS

14.     Plaintiff resided in Illinois for less than a year in 2012 - 2013 and during that time he instituted the Illinois Dissolution Action which gave cause for him to appear as a litigant in the Cook County Circuit Court's Domestic Relations Division.

15.     His dissolution proceeding resulted in a decree of divorce in 2015, but his case remained pending in the Cook County Circuit Court's Domestic Relations Division for various post-decree issues.

16.     Scannicchio assumed her role as the judge in Plaintiff's case after judgment was entered in 2015 and which was terminated in 2023.

17.     On August 21, 2020, Plaintiff won full-time primary residential custody of the second of his children by Scannicchio's order of court.

18.     Post-decree issues concluded by Scannicchio's order of court on September 8, 2020 which included her affirmation of sanctions she issued for Plaintiff having sought interventions which led to the successful winning of primary residential custody.

19.     Scannicchio described her basis for sanctions in 2019 ("Scannicchio's Opinion") after Plaintiff voluntarily dismissed his pending motions for one of his requested remedies – an intervention for the children.

20.     Thereafter, on October 8, 2020, Plaintiff timely filed a Notice of Appeal of the final order, *inter alia*, (the "Appeal").

21.     Plaintiff timely filed his appellate brief which included his appeal of Scannicchio's Opinion and called into question her inability to fulfill her judicial duties as a result of ethical concerns raised by multiple other attorneys, including Stephen Ross, before the requisite state appellate court and ripe for adjudication as there were then no matters then before the trial court.

22.     Here, the Justices empaneled to adjudicate the Appeal were all leaders and affiliated with the Illinois Judges Association (the "Justices") as members.

23.     The majority of the Justices marketed their affiliation with the Illinois Judges Association and benefited from the organization and Scannicchio's acts.

24.     The Justices all had a financial incentive to refuse to consider hearing Plaintiff's Appeal due to its impact on Scannicchio and the IJA.

25.     The Justices never disclosed their relationship to Scannicchio nor their financial and professional incentives to ignore her ethical lapses or improper judgment, such as Scannicchio's Opinion or temporary visitation suspension without hearing (ongoing) from 2018, which she had to completely reverse for two of the five children.

26.     During the pendency of the Appeal, Plaintiff filed an unrelated matter in the United States District Court for the Eastern District of Missouri related to, *inter alia*, a third-party media company and an investigation into Scannicchio's in-court conduct and her relationship with former

Alderman Ed Burke (the "Media Suit").  See Edward "Coach" Weinhaus v. ALABSeries.com, et al., Case No.: 4:22-cv-00115 (Jan. 31, 2022, E.D. MO.).

27.     Shortly thereafter, upon information and belief, Scannicchio became aware of the Media Suit from another attorney appearing in her courtroom.

28.     Thereafter, Scannicchio began contacting other judges within the circuit Court of Cook County, Illinois to discuss Plaintiff, his cases, and her opinion of him.

29.     Shortly thereafter, upon information and belief, Scannicchio began to discuss Plaintiff, the Appeal, and the impact the Appeal would have on her and by extension the Illinois Judges Association if it were to proceed because, it relates to her reputation and conduct while acting under color of law.

30.     Defendant Regina A. Scannicchio provides a benefit of services as a Director of the Illinois Judges Association and to all its members through her fulfilling of her duties to it.

31.     Scannicchio and the Illinois Judges Association communicated their displeasure with Plaintiff and the risk he posed to them and the members to the Justices, through no less than Scannicchio's Order and, upon information and belief, through direct contact with the Justices prior to considering the Appeal.

32.     As a result of Scannicchio's influence, the Illinois Judges Association's influence, and the Justices' financial incentives related to their membership in the Illinois Judges Association and Scannicchio's Board position therein, Plaintiff's Appeal was dismissed *sua sponte* without any concern for Plaintiff's equal protection of due process rights.

33.     Plaintiff, like all litigants had a right to have an appeal impartially reviewed. Justices, based on consideration paid via the Illinois Justices Association and from Scannicchio,

instead decided that Scannicchio's Order itself was enough to refuse Plaintiff's right to have an appeal.

34.     Thereafter, Plaintiff attempted to exhaust his state court rights but, his Petition for Leave to Appeal was met with further interference by the IJA and Scannicchio's reach as a Board Member.

35.     Plaintiff's rights were violated by Scannicchio and the IJA because they knowingly and intentionally interfered with his constitutionally protected rights to equal protection and due process to safeguard their own pecuniary interests.

36.     As a result of Defendant's conduct, Plaintiff was forced to expound tens of thousands of dollars in fees and costs and suffer emotional stress, distress, and trauma.

37.     No litigant in the underlying matter is named herein.

38.     No justice who removed Plaintiff's appellate rights is named herein.

39.     No judge in any active matter before which Plaintiff is a litigant is named in this Complaint.

40.     This matter cannot be intertwined with any case as there is no participant in any case named herein.[1]

41.     This complaint does not seek damages against any judge for any judicial act.

### COUNT I
### Violation of Plaintiff's Fourteenth Amendment Right to Due Process
### Pursuant to 42 U.S.C.§ 1983

42.     Plaintiff incorporates and restates his proceeding allegations as if they were fully set forth herein.

---

[1] This statement is important to help the Court address the Court's stated concern with the *Rooker Feldman* from ECF #15. In such manner as the Court determines *Rooker-Feldman* is implicated, Plaintiff seeks to challenge the current interpretation of *Rooker-Feldman* that would allow it to be applied to only strangers to an underlying case in a case for damages.

43.     At all times the Illinois Judges Association was acting under the color of state law in its capacity performing public functions such as selecting members of judicial panels and writing state ethics rules as an arm of the state. The Illinois Judges Association also acted under the color of state law under the state compulsion to follow the rules and rely upon the Illinois Judges Association-dominated ethics commission while marketing the Illinois Judges Association on its website. The Illinois Judges Association's and leadership are so intertwined with the Illinois Supreme Court are intertwined in such a manner as to make the Illinois Judges Association indistinguishable from the state.

44.     At all times Defendant Regina Scannicchio was acting under the color of state law as a Director of the Illinois Judges Association while serving as a judge.

45.     Plaintiff had a Constitutionally protected right to Equal Protection Under the Law and Due Process before an impartial judiciary.

46.     Defendants intentionally interfered with Plaintiff's rights without any legal right to do so.

47.     As a result of Defendants' interference with Plaintiff's rights, he has suffered considerable damage in the form of emotional stress and distress, and considerable financial expense including attorney's fees prior to this action and for it.

### PRAYER FOR RELIEF

Wherefore, Plaintiff Edward "Coach" Weinhaus, respectfully requests that the Court find:

a)     Defendants violated his rights to Equal Protection of the Law and Due Process under the Fourteenth Amendment to the Constitution;

b)     Any damages proximately caused by Defendant's deprivation of Plaintiff's rights; and

c)     For such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to the United States Constitution and Federal Rule of Civil Procedure 38, Plaintiff

Edward "Coach" Weinhaus hereby demands a trial by jury on all claims herein.


Dated: July 22, 2024                     Respectfully Submitted:


                                         *s/ Antonio Valiente*
                                         Antonio Ernesto Valiente-Rivera

                                         Antonio Ernesto Valiente-Rivera
                                         N.D. Ill. Gen. Bar No.: 12326[2]
                                         Torre de La Reina - Suite 203
                                         450 Avenida de La Constitucion
                                         San Juan, PR 00901
                                         Tel:  +1 787 782-9544
                                         Email: lcdoavaliente@live.com

---

2.  Attorney Valiente apologizes for not updating the Court upon his admission on or about April 30, 2023, 12 days after initial filing of which the Court was unaware in its order of June 28, 2024. (ECF #15).

**UNITED STATES DISTRICT COURT**
**FOR THE Northern District of Illinois – CM/ECF NextGen 1.7.1.1**
**Eastern Division**

Edward "Coach" Weinhaus

                      Plaintiff,

v.                                       Case No.: 1:24–cv–03061

                                       Honorable John Robert Blakey

Regina A Scannicchio, et al.

                      Defendant.

---

### NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Wednesday, July 24, 2024:

      MINUTE entry before the Honorable John Robert Blakey: Plaintiff has filed an amended complaint, [16], seeking to cure the deficiencies noted in the Court's 6/28/24 order, [15]. But the amended complaint, like the prior complaint, still implicates Rooker–Feldman. Indeed, Plaintiff's amended allegations still detail the handling of his domestic relations case, including his appeal and the dismissal thereof, [16] 14–32, and still challenge the impartiality of the judges who dismissed his appeal, id. 32–33, as well as the judge who presided over the underlying matter. As before, the Court remains unable to consider the reasons for the dismissal without re–evaluating the appropriateness of the dismissal, as well as the underlying orders appealed. Plaintiff claims he is not seeking relief against any Judge or Justice involved in his case. Yet he names as Defendants the Judge who presided over his domestic relations case and the Illinois Judges Association (comprised, among other members, of the judges who dismissed his appeal), for "knowingly interfering with his constitutionally protected rights"namely, the right to an impartial appeal, see [16] 33, 35. His attempts to draft around Rooker–Feldman do not change the fundamental character of his claims, which necessarily require the Court to delve into the validity, and impugn (if Plaintiff were to win), the state court decisions resolving his domestic relations matter. Awarding damages for a defective decision still necessarily requires a finding that the decision was wrong as a matter of law, which Rooker–Feldman precludes. In Maple Lanes, Inc. v. Messer, 186 F.3d 823 (7th Cir. 1999), a restaurant sued the Sheriff's Department for damages after the Sheriff implied that the restaurant had been supplementing its legitimate income with drug sales, causing the City to revoke the restaurant's liquor license. The Seventh Circuit determined that Rooker–Feldman barred the restaurant's claims; more specifically, the court held that the restaurant's "effort to portray its injury as a federal civil rights violation" was "insufficient to overcome the Rooker–Feldman doctrine. A plaintiff may not circumvent the effect of the RookerFeldman doctrine simply by casting his complaint in the form of a federal civil rights action." Id. at 825. The Court held that, because the restaurant claimed damages arising from the constitutional violation leading to the revocation of its liquor license, Rooker–Feldman barred the claim: "If a federal court were to award the relief Maple Lanes seeks in the form of monetary damages equal to the value of the liquor license, this result would effectively reverse the state court judgment upholding the revocation of the liquor license." Id. at 826. So too here. Awarding Plaintiff monetary damages for the

claimed constitutional violation he suffered by having unfavorable orders entered in a state court domestic relations matter effectively reverses those orders. The Court thus dismisses Plaintiff's amended complaint [16], and dismisses this case, for lack of jurisdiction. Civil case terminated. Mailed notice(gel, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at *www.ilnd.uscourts.gov*.

ILND 450 (Rev. 10/13) Judgment in a Civil Action

## IN THE UNITED STATES DISTRICT COURT
## FOR THE
## NORTHERN DISTRICT OF ILLINOIS

Edward "Coach" Weinhaus,

Plaintiff(s),

v.

Regina A Scannicchio et al,

Defendant(s).

Case No.  24 CV 3061
Judge John Robert Blakey

## JUDGMENT IN A CIVIL CASE

Judgment is hereby entered (check appropriate box):

☐    in favor of plaintiff(s)
and against defendant(s)
in the amount of $      ,

      which ☐ includes    pre–judgment interest.
            ☐ does not include pre–judgment interest.

Post-judgment interest accrues on that amount at the rate provided by law from the date of this judgment.

Plaintiff(s) shall recover costs from defendant(s).

---

☐    in favor of defendant(s)
and against plaintiff(s)

.

Defendant(s) shall recover costs from plaintiff(s).

---

☒    other: This case is dismissed for lack of jurisdiction.

---

This action was *(check one)*:

☐ tried by a jury with Judge    presiding, and the jury has rendered a verdict.
☐ tried by Judge    without a jury and the above decision was reached.
☒ decided by Judge John Robert Blakey.

Date:  7/24/2024

Thomas G. Bruton, Clerk of Court

G. Lewis, Deputy Clerk