# In the
# United States Court of Appeals
## for the Seventh Circuit

EDWARD WEINHAUS,

*Plaintiff-Appellant,*

v.

REGINA A. SCANNICCHIO and ILLINOIS JUDGES ASSOCIATION,

*Defendants-Appellees.*

---

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division, No. 1:24-cv-03061.
The Honorable **John Robert Blakey**, Judge Presiding.

## BRIEF OF APPELLEE
## ILLINOIS JUDGES ASSOCIATION

MICHAEL J. PROGAR (*Counsel of Record*)
PROGAR LAW GROUP LLC
200 West Adams Street
Suite 2220
Chicago, Illinois 60606
(312) 630-9630

*Counsel for Appellee*
  *Illinois Judges Association*

 

**APPEARANCE & CIRCUIT RULE 26.1 DISCLOSURE STATEMENT**

Appellate Court No: 24-2473

Short Caption: EDWARD WEINHAUS v. REGINA A. SCANNICCHIO and ILLINOIS JUDGES ASSOCIATION

    To enable the judges to determine whether recusal is necessary or appropriate, an attorney for a non-governmental party, amicus curiae, intervenor or a private attorney representing a government party, must furnish a disclosure statement providing the following information in compliance with Circuit Rule 26.1 and Fed. R. App. P. 26.1.

    The Court prefers that the disclosure statements be filed immediately following docketing; but, the disclosure statement must be filed within 21 days of docketing or upon the filing of a motion, response, petition, or answer in this court, whichever occurs first. Attorneys are required to file an amended statement to reflect any material changes in the required information. The text of the statement must also be included in the front of the table of contents of the party's main brief. **Counsel is required to complete the entire statement and to use N/A for any information that is not applicable if this form is used.**

☐     **PLEASE CHECK HERE IF ANY INFORMATION ON THIS FORM IS NEW OR REVISED AND INDICATE WHICH INFORMATION IS NEW OR REVISED.**

(1)    The full name of every party that the attorney represents in the case (if the party is a corporation, you must provide the corporate disclosure information required by Fed. R. App. P. 26.1 by completing item #3):

ILLINOIS JUDGES ASSOCIATION

(2)    The names of all law firms whose partners or associates have appeared for the party in the case (including proceedings in the district court or before an administrative agency) or are expected to appear for the party in this court:

PROGAR LAW GROUP LLC

(3)    If the party, amicus or intervenor is a corporation:

    i)    Identify all its parent corporations, if any; and

        None

    ii)    list any publicly held company that owns 10% or more of the party's, amicus' or intervenor's stock:

        None

(4)    Provide information required by FRAP 26.1(b) – Organizational Victims in Criminal Cases:

N/A

(5)    Provide Debtor information required by FRAP 26.1 (c) 1 & 2:

N/A

Attorney's Signature: s/ Michael J. Progar     Date: August 26, 2024

Attorney's Printed Name: Michael J. Progar

Please indicate if you are *Counsel of Record* for the above listed parties pursuant to Circuit Rule 3(d).   **Yes** ☑   **No** ☐

Address: PROGAR LAW GROUP LLC

200 W. Adams Street, Suite 2220, Chicago, IL 60606-5231

Phone Number: (312) 630-9630     Fax Number: (312) 630-9001

E-Mail Address: mjp@progarlaw.com

rev. 12/19 AK

# TABLE OF CONTENTS

Page

CIRCUIT RULE 26.1 DISCLOSURE STATEMENT .................................i

TABLE OF AUTHORITIES ...................................................................iii

STATEMENT ON ORAL ARGUMENT ..................................................v

JURISDICTIONAL STATEMENT ..........................................................1

    District Court Jurisdiction...................................................................1

    Appellate Court Jurisdiction...............................................................1

STATEMENT OF THE ISSUES..............................................................3

STATEMENT OF THE CASE .................................................................4

SUMMARY OF THE ARGUMENT .........................................................9

ARGUMENT ........................................................................................10

    I.    Standard of Review ................................................................10

    II.   The District Court Correctly Dismissed Weinhaus'
         First Amended Complaint for Lack of Jurisdiction..............10

CONCLUSION .....................................................................................20

# TABLE OF AUTHORITIES

Page(s)

**Cases:**

*Brokaw v. Weaver,*
305 F.3d 660 (7th Cir. 2002) ........................................................ 10

*Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,*
544 U.S. 280 (2005) .................................................. 10, 11, 14

*Gilbank v. Wood County Dept. of Human Services,*
111 F.4th 754 (7th Cir. 2024) ........................................................ 11

*Hadzi-Tanovic v. Johnson,*
62 F.4th 394 (7th Cir. 2023) ........................................................ 12

*Harold v. Steel,*
773 F.3d 884 (7th Cir. 2014) .................................................. 17, 18

*Jakupovic v. Curran,*
850 F.3d 898 (7th Cir. 2017) ........................................................ 8

*Kelley v. Med-1 Solutions, LLC,*
548 F.3d 600 (7th Cir. 2008) ........................................................ 11

*Kowalski v. Boliker,*
893 F.3d 987 (7th Cir. 2018) ........................................................ 14

*Lynk v. LaPorte Superior Court No. 2,*
789 F.2d 554 (7th Cir. 1986) .................................................. 11, 12

*Maple Lanes, Inc. v. Messer,*
186 F.3d 823 (7th Cir 1999), *cert. denied,* 528 U.S. 1118
(2000) ........................................................................................ 8

*Rooker v. Fidelity Trust Co.,*
263 U.S. 413 (1923) ........................................................ 15

*Swartz v. Heartland Equine Rescue,*
940 F.3d 387 (7th Cir. 2019), *cert. denied,* 140 S. Ct. 2510
(2020) .................................................. 8, 9, 16, 18

*Sykes v. Cook County Circuit Court Probate Div.,*
837 F.3d 736 (7th Cir. 2016) ........................................................ 10

*Weinhaus v. Cohen,*
    773 F. App'x 314 (7th Cir. 2019) ......................................................17

**Statutes & Other Authorities:**

28 U.S.C. § 1257(a) ...............................................................................10

28 U.S.C. § 1291 ....................................................................................2

28 U.S.C. § 1331 ....................................................................................1

28 U.S.C. § 1983 ....................................................................................1

Fed. R. Civ. P. 11 .................................................................................4

## STATEMENT ON ORAL ARGUMENT

The Illinois Judges Association believes that oral argument would not be of material assistance in resolving the appeal. The issues presented for review can be decided as a matter of law, with the aid of the parties' briefs and record. *See*, Fed. R. App. P. 34(a)(2)(C). If the Court believes that oral argument would be of material assistance, however, the Illinois Judges Association will respectfully comply with the Court's wishes and participate in oral argument.

# JURISDICTIONAL STATEMENT

Appellant's Jurisdictional Statement (Doc. 14.) and Amended Jurisdictional Statement (Doc. 17.) are not complete and correct.

## District Court Jurisdiction

The District Court lacked subject matter jurisdiction over Weinhaus' claim, under 28 U.S.C. § 1331, and dismissed the First Amended Complaint on that basis—the judgment under review. (*Appellant's Brief – Required Short Appendix*, Doc. 12; District Court Dkt. 18.) The First Amended Complaint purported to allege a claim under 28 U.S.C. § 1983. (*Appellant's Brief – Required Short Appendix*, Doc. 12; District Court Dkt. 16.)

## Appellate Court Jurisdiction

Weinhaus seeks review of a final decision—the District Court's Minute Entry (*Appellant's Brief – Required Short Appendix*, Doc. 12; District Court Dkt. 17.) and Judgment (Doc. 12; District Court Dkt. 18.), entered July 24, 2024—dismissing Weinhaus' First Amended Complaint for lack of jurisdiction under the *Rooker-Feldman* doctrine, which decision disposed of all parties' claims.

1

Weinhaus filed his Notice of Appeal on August 23, 2024. (*Amended Jurisdictional Statement*, Doc. 16; District Court Dkt. 20.)

This Court has jurisdiction pursuant to 28 U.S.C. § 1291.

# STATEMENT OF THE ISSUES

**I.  Did the District Court correctly dismiss Weinhaus' First Amended Complaint for lack of subject-matter jurisdiction under the *Rooker-Feldman* doctrine?**

This Court should answer "yes" and affirm the Judgment of the District Court.

## STATEMENT OF THE CASE

Weinhaus filed a Complaint in the District Court that was dismissed for lack of jurisdiction under the *Rooker-Feldman* doctrine. *See,* Minute Entry dated June 28, 2024. (*Appellant's Brief – Required Short Appendix*, Doc. 12; District Court Dkt. 15.) The District Court allowed Weinhaus to amend his complaint if, consistent with the requirements of Fed. R. Civ. P. 11, he could "allege a viable federal claim against a proper defendant."[1]

Weinhaus filed his First Amended Complaint on July 22, 2024. (*Appellant's Brief – Required Short Appendix*, Doc. 12; District Court Dkt. 16.) The First Amended Complaint included the following allegations.

Weinhaus instituted a dissolution proceeding in the Circuit Court of Cook County's Domestic Relations Division. *Id.*, ¶ 14. After a divorce decree was entered in 2015, Judge Scannicchio was assigned to preside over Weinhaus' dissolution case to oversee various post-decree issues. *Id.*, ¶¶ 15, 16.

---

[1] The Minute Entry further stated: "To the extent Plaintiff claims to be seeking prospective relief for future litigants, he lacks standing to do so."

By order dated September 8, 2020, Judge Scannicchio resolved the post-decree issues, including affirming sanctions against Weinhaus. *Id.,* ¶18. Weinhaus then filed a notice of appeal of the September 8 order on October 8, 2020. *Id.,* ¶ 20. In his state court appellate brief, Weinhaus called into question Judge Scannicchio's ability to fulfill her judicial duties due to ethical concerns ostensibly raised by multiple unidentified attorneys. *Id.,* ¶ 21.

Weinhaus alleged that the appellate justices on the panel to which his case was assigned were all members of the Illinois Judges Association. *Id.,* ¶ 22. According to Weinhaus, the appellate justices had a financial incentive to refuse to consider his appeal due to its impact on Judge Scannicchio and the Illinois Judges Association. *Id.,* ¶ 24. The nature of that financial incentive and the potential impact of the appeal on Judge Scannicchio and the Illinois Judges Association were not described.

Weinhaus claimed that Judge Scannicchio and the appellate justices, all members of the Illinois Judges Association, had financial and professional incentives to refuse to consider hearing Weinhaus' appeal due to its impact on them. *Id.,* ¶¶ 23-25. Weinhaus made outrageous,

unsupported accusations of ethical violations by them, including discussing Weinhaus, his state court appeal, and the unspecified impact the appeal might have on Judge Scannicchio and the Illinois Judges Association if it were allowed to proceed. *Id.*, ¶ 29.

Not yet satisfied, Weinhaus speculated that Judge Scannicchio and the Illinois Judges Association committed additional ethical violations, claiming that they communicated their displeasure with Weinhaus and his appeal to the panel of appellate justices assigned to Weinhaus' appeal. *Id.,* ¶ 31.

Weinhaus concluded that the influence of Judge Scannicchio and the Illinois Judges Association, as well as the appellate justices' financial incentives based on their membership in the Illinois Judges Association, must have resulted in the appellate justices dismissing Weinhaus' appeal *sua sponte*. *Id.*, ¶ 32. Weinhaus claimed that his further attempts to exhaust his state court rights were then somehow stymied by Judge Scannicchio and the Illinois Judges Association. *Id.*, ¶ 34.

In conclusion, Weinhaus claimed that because of the alleged conduct of Judge Scannicchio and the Illinois Judges Association, as well as the conduct of the panel of appellate justices to whom his state court appeal

was assigned, he "was forced to expound [sic] tens of thousands of dollars in fees and costs and suffer emotional stress, distress, and trauma." *Id.,* ¶ 36.

Weinhaus having failed to cure the deficiencies pointed out by the District Court in dismissing his Complaint, the District Court dismissed his First Amended Complaint, as well, and the case for lack of subject-matter jurisdiction based on the *Rooker-Feldman* doctrine. (*Appellant's Brief – Required Short Appendix*, Doc. 12; District Court Dkt. 17.)

In its Minute Entry, the District Court noted that the First Amended Complaint challenged the impartiality of the state court judge presiding over Weinhaus' state court domestic relations case, as well as the impartiality of the appellate court justices who dismissed his state court appeal. The District Court concluded that the fundamental character of Weinhaus' claims would necessarily require it "to delve into the validity, and impugn (if Plaintiff were to win), the state court decisions resolving his domestic relations matter." *Id.*

Citing this Court's opinion in *Maple Lanes, Inc. v. Messer*, 186 F.3d 823 (7th Cir 1999), *cert. denied*, 528 U.S. 1118 (2000),[2] the District Court stated that Weinhaus could not circumvent the *Rooker-Feldman* doctrine merely by alleging a civil rights violation in a federal complaint. *Id.* This appeal followed. (*Amended Jurisdictional Statement*, Doc. 17.)

---

[2] "The initial inquiry…is whether the federal plaintiff seeks to set aside a state court judgment or whether he is, in fact, presenting an independent claim. To make this determination, we ask whether the federal claims either "directly" challenge a state court judgment or are "inextricably intertwined" with one." *Swartz v. Heartland Equine Rescue*, 940 F.3d 387, 390-91 (7th Cir. 2019) (quoting *Jakupovic v. Curran*, 850 F.3d 898, 902 (7th Cir. 2017).

## SUMMARY OF THE ARGUMENT

This Court should affirm the District Court's dismissal of Weinhaus's First Amended Complaint based on the *Rooker-Feldman* doctrine for lack of jurisdiction. The fundamental character of Weinhaus's claim is that Appellants violated his constitutional rights, resulting in the dismissal of his state court appeal.

The District Court correctly concluded that Weinhaus's claim would necessarily require it to examine the validity of the state court decision and, if Weinhaus were to win, to find that the state court decision was wrong as a matter of law. However, the *Rooker-Feldman* doctrine prohibits district courts from exercising jurisdiction over claims seeking review of a state court judgment, "no matter how erroneous or unconstitutional the state court judgment may be." *Swartz v. Heartland Equine Rescue*, 940 F.3d 387, 390 (7th Cir. 2019), *cert. denied*, 140 S. Ct. 2510 (2020).

# ARGUMENT

## I. Standard of Review

This Court reviews *de novo* a district court's decision that it lacks

subject matter jurisdiction based on the *Rooker-Feldman* doctrine.

*Brokaw v. Weaver*, 305 F.3d 660, 664 (7th Cir. 2002).

## II. The District Court Correctly Dismissed Weinhaus' First Amended Complaint for Lack of Jurisdiction

The *Rooker-Feldman* doctrine recognizes that only the Supreme

Court has been vested with jurisdiction to review state court judgments.

*Sykes v. Cook County Circuit Court Probate Div.*, 837 F.3d 736, 741

(7th Cir. 2016); *see also*, 28 U.S.C. 1257(a) ("Final judgments or decrees

rendered by the highest court of a State in which a decision could be

had, may be reviewed by the Supreme Court by writ of certiorari….").

The Supreme Court most recently addressed the elements of the

*Rooker-Feldman* doctrine in *Exxon Mobil Corp. v. Saudi Basic Indus.*

*Corp.*, 544 U.S. 280 (2005), in which the court sought to resolve conflicts

that had arisen among the Courts of Appeals over the doctrine's scope.

The Supreme Court held that the *Rooker-Feldman* doctrine was

confined to "cases brought by state-court losers complaining of injuries

caused by state-court judgments rendered before the district court

proceedings commenced and inviting district court review and rejection of those judgments." 544 U.S. at 284.

This Court recognizes a limited exception to the *Rooker-Feldman* doctrine, if a litigant lacked a reasonable opportunity to litigate his claim in state court. *Gilbank v. Wood County Dept. of Human Services*, 111 F.4th 754 (7th Cir. 2024); *Kelley v. Med-1 Solutions, LLC*, 548 F.3d 600 (7th Cir. 2008); *Lynk v. LaPorte Superior Court No. 2*, 789 F.2d 554 (7th Cir. 1986).

In *Kelley v. Med-1 Solutions, LLC*, 548 F.3d 600 (7th Cir. 2008), this Court held that a federal lawsuit could proceed, when a litigant lacked a reasonable opportunity to litigate his claim in state court. 548 F.3d. at 605. This does not refer to constitutional claims, as Weinhaus argues, but rather to the claim for which the state court suit was brought.

In *Gilbank v. Wood County Dept. of Human Services*, 111 F.4th 754 (7th Cir. 2024), this Court noted that the "reasonable opportunity" exception was extremely limited, having been applied only twice previously. 111 F.4th at 779.

This Court first recognized that narrow exception in *Lynk v. LaPorte Superior Court No. 2*, 789 F.2d 554 (7th Cir. 1986). In *Lynk*, the court

stated that "an adverse judgment, even one that is erroneous as a matter of state or even federal law, is not a denial of due process." 789 F.2d at 563-64.

This Court used to recognize a "corruption exception" to the *Rooker-Feldman* doctrine. However, opinions recognizing that exception have since been overruled. *Hadzi-Tanovic v. Johnson*, 62 F.4th 394 (7th Cir. 2023). As such, Weinhaus's reliance on the "corruption exception" is misplaced.

Here, the *Rooker-Feldman* doctrine compels dismissal of the First Amended Complaint for lack of jurisdiction. Weinhaus seeks monetary damages for a claimed violation of his constitutional rights by the entry of orders unfavorable to him in the state domestic relations case and subsequent appeal. (*Appellant's Brief – Required Short Appendix*, Doc. 12; District Court Dkt. 16, ¶¶ 33-35.) Weinhaus is in effect asking this Court to reconsider and reverse the unfavorable state court orders. But that is precisely what the *Rooker-Feldman* doctrine forbids. Nor is any exception to the doctrine applicable. This is true for five reasons.

First, as Weinhaus concedes, he was a state-court loser. (*Appellant's Brief – Statement of Facts*, pp. 8-9.) In his First Amended Complaint,

Weinhaus alleges that he filed a timely Notice of Appeal of a state court's order. (*Appellant's Brief – Required Short Appendix*, Doc. 12; District Court Dkt. 16, ¶ 20.)

Weinhaus further alleges that his appeal was dismissed *sua sponte*. *Id.*, ¶ 32. Weinhaus does not state whether the appeal was from a final order or was interlocutory, nor does he disclose the specific grounds for dismissal.

Weinhaus then alleges that he attempted to exhaust his state court rights, but that "his Petition for Leave to Appeal was met with further interference." *Id.*, ¶ 34. Weinhaus does not specify whether he filed a petition for rehearing or a petition for leave to appeal to the Illinois Supreme Court. Therefore, it is impossible to know whether Weinhaus truly "exhausted his state court rights," as alleged.

Second, as Weinhaus also concedes, the state court judgment was final before he filed the present federal lawsuit. (*Appellant's Brief – Statement of Facts*, p. 9.)

Third, Weinhaus's First Amended Complaint alleged that his injuries were caused by the state court judgment. (*Appellant's Brief – Required Short Appendix*, Doc. 12; District Court Dkt. 16, ¶¶ 33-34, 36.)

Weinhaus' cited authority does not compel a different result. In both the First Amended Complaint (*Appellant's Brief – Required Short Appendix*, Doc. 12; District Court Dkt. 16, ¶ 11) and his brief, Weinhaus relies on *Kowalski v. Boliker*, 893 F.3d 987 (7th Cir. 2018). Weinhaus argues that, like the plaintiff in *Kowalski*, he is seeking redress for damages caused by Judge Scannicchio and the Illinois Judges Association for their interference with his state court proceedings that preceded the state court decision.

However, *Kowalski* is distinguishable. In *Kowalski*, the state court had not yet rendered a judgment when the plaintiff commenced proceedings in the district court. Therefore, the plaintiff's case was not barred by the *Rooker-Feldman* doctrine. 893 F.3d at 995 (holding that the *Rooker-Feldman* doctrine "does not apply independently to interlocutory orders"); *see also*, *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) (holding that the *Rooker-Feldman* doctrine is "confined" to "cases brought by state-court losers

complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments").

Fourth, in order for Weinhaus to have prevailed, the District Court would have necessarily had to review and reject the state court judgment. (*Appellant's Brief – Required Short Appendix*, Doc. 12; District Court Dkt. 17.)

Although Weinhaus believes that the state court was wrong in dismissing his appeal, no exception to the *Rooker-Feldman* doctrine exists for the type of conduct alleged by Weinhaus. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923) (holding that if the state-court decision were wrong, no court other than the Supreme Court "could entertain a proceeding to reverse or modify the judgment").

Weinhaus' First Amended Complaint alleges that his constitutional rights were violated by the state court judges and justices, which resulted in the dismissal of his appeal of the state court domestic relations case. (*Appellant's Brief – Required Short Appendix*, Doc. 12; District Court Dkt. 16, ¶¶ 32-35.) Weinhaus seeks monetary damages for his unsuccessful efforts to exhaust his state court rights. *Id.*, ¶ 36.

However, Weinhaus would not have incurred those alleged damages, but for the alleged conduct of Judge Scannicchio and the Illinois Judges Association.

Although Weinhaus asserts that his federal claim does not directly challenge the state court orders, his claim is inextricably intertwined with those orders. The *Rooker-Feldman* doctrine precludes the District Court from exercising jurisdiction over Weinhaus' case, no matter if the state court orders were, as he claims, the result of Judge Scannicchio's and the Illinois Judges Associations' interference with his constitutional rights. *Swartz*, 940 F.3d at 391 (because injury alleged by plaintiffs was effectuated by several state court orders, plaintiff's claims are inextricably intertwined with state court judgments).

The crux of Weinhaus' argument is that Judge Scannicchio and the Illinois Judges Association, motivated by financial reasons and fearing the impact of Weinhaus' state court appeal on them, influenced the panel of appellate justices before which his case was pending to dismiss Weinhaus' appeal *sua sponte*. Regardless of how Weinhaus attempts to

portray it, the underlying action on which the present case was filed was the dismissal of Weinhaus' appeal *sua sponte*.[3]

Weinhaus alleges that he expended tens of thousands of dollars in fees and costs and suffered other damages as a result of the conduct of Judge Scannicchio and the Illinois Judges Association. Although not specifically stated in the First Amended Complaint, Weinhaus could have sustained such damages only as a result of the *sua sponte* dismissal of his state-court appeal. A reading of the First Amended Complaint as a whole reveals that Weinhaus' claimed damages resulted from his supposed efforts to exhaust his state court rights subsequent to the dismissal of his state-court appeal.

Weinhaus' argument is similar to that raised by the plaintiff in *Harold v. Steel*, 773 F.3d 884 (7th Cir. 2014). In *Harold*, the plaintiff argued in favor of a "procedural exception" to the *Rooker-Feldman* doctrine. The plaintiff in that case argued that the doctrine does not apply to the procedures that state courts use to reach decisions. He argued that the state court's decision was based on false statements

---

[3] Weinhaus, himself a lawyer, is no stranger to the *Rooker-Feldman* doctrine and has raised these same arguments before in relation to his domestic relations case, without success. *See Weinhaus v. Cohen*, 773 F. App'x 314 (7th Cir. 2019).

about the merits of the case. Thus, it was the false statements that caused his injury, not the court's order. However, as this Court pointed out, no injury occurred until the state court judge ruled against the plaintiff. 773 F.3d at 886.

This case presents the same situation. Although Weinhaus argues that Judge Scannicchio and the Illinois Judges Association violated his rights under the Fourteenth Amendment to the United States Constitution before his state court appeal was dismissed, he sustained no damages until the state court of appeals ruled against him.

The District Court agreed. In dismissing Weinhaus' original Complaint, citing *Swartz v. Heartland Equine Rescue*, 940 F.3d 387 (7th Cir. 2019), the District Court noted that Weinhaus' allegations are that the state trial court judges and appellate justices lacked impartiality in deciding Weinhaus' domestic relations case. (*Appellant's Brief – Required Short Appendix*, Doc. 12; District Court Dkt. 17.) Any assessment of that claim would necessarily call into question the validity of the state courts' orders.

Finally, Weinhaus had a reasonable opportunity to litigate his claim in state court. (*Appellant's Brief – Required Short Appendix*, Doc. 12;

District Court Dkt. 17.) Weinhaus protests that he never had a reasonable opportunity to raise his constitutional claims in the state court. However, that is not the standard. The question is whether Weinhaus had a reasonable opportunity to litigate his domestic relations claims in state court—and, as explained above, he did.

For these reasons, the District Court properly dismissed the First Amended Complaint, after having afforded Weinhaus an opportunity to amend his pleadings. Because the District Court lacked subject matter jurisdiction under the *Rooker-Feldman* doctrine, and no exception to the doctrine applies, the judgment must be affirmed.

## CONCLUSION

For the foregoing reasons, and based on the legal authorities cited, the Illinois Judges Association respectfully requests that the judgment be affirmed.

Dated at Chicago, Illinois this 4th day of April 2025.

PROGAR LAW GROUP LLC

*/s/ Michael J. Progar*
Michael J. Progar
Illinois Bar ID Number 6181280
200 W. Adams Street, Suite 2220
Chicago, IL 60606-5331
(312) 630-9630
*mjp@progarlaw.com*

## CERTIFICATE OF COMPLIANCE

1.     This document complies with Circuit Rule 32(c) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), this document contains 2,989 words.

2.     This document complies with the typeface requirements of Circuit Rule 32(b) because this document has been prepared in a proportionally spaced typeface using Microsoft Word for Microsoft 365 in 14-point Century.

*s/ Michael J. Progar*
Michael J. Progar

## CERTIFICATE OF SERVICE

I hereby certify that on April 4, 2025, I electronically filed the foregoing with the Clerk for the United States Court of Appeals for the Seventh Circuit using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users, and that service will be accomplished by the CM/ECF system.

*s/ Michael J. Progar*

Michael J. Progar
