No. 24-2473

IN THE
UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT

---

| | | |
|---|---|---|
| EDWARD WEINHAUS, | ) | Appeal from the United States |
| | ) | District Court for the Northern |
| Plaintiff-Appellant, | ) | District of Illinois, Eastern Division |
| | ) | |
| v. | ) | |
| | ) | No. 1:24-cv-03061 |
| HON. REGINA A. SCANNICCHIO | ) | |
| and ILLINOIS JUDGES | ) | |
| ASSOCIATION, | ) | The Honorable |
| | ) | JOHN ROBERT BLAKEY, |
| Defendants-Appellees. | ) | Judge Presiding. |

---

**BRIEF AND SUPPLEMENTAL APPENDIX OF DEFENDANT-
APPELLEE THE HONORABLE REGINA A. SCANNICCHIO**

**KWAME RAOUL**
Attorney General
State of Illinois

**JANE ELINOR NOTZ**
Solicitor General

115 South LaSalle Street
Chicago, Illinois 60603
(312) 814-3000

Attorneys for Defendant-Appellee the
Honorable Regina A. Scannicchio

**ALEXANDRINA SHROVE**
Assistant Attorney General
115 South LaSalle Street
Chicago, Illinois 60603
(312) 814-2193 (office)
(773) 590-7061 (cell)
Alexandrina.Shrove@ilag.gov

# TABLE OF CONTENTS

*Page(s)*

TABLE OF AUTHORITIES ................................................................................. ii

JURISDICTIONAL STATEMENT ..................................................................... 1

ISSUE PRESENTED FOR REVIEW ................................................................. 3

STATEMENT OF THE CASE ............................................................................. 4

SUMMARY OF ARGUMENT ............................................................................. 7

ARGUMENT ......................................................................................................... 8

I.     This court reviews de novo a district court's dismissal of a claim based
       upon the *Rooker-Feldman* doctrine. ...................................................... 8

II.    The district court correctly dismissed Weinhaus's action for lack of subject
       matter jurisdiction because the *Rooker-Feldman* doctrine barred his claims. ... 8

       A.     Weinhaus's alleged injury was caused by the state court's dismissal
              of his appeal. .......................................................................... 10

       B.     Weinhaus's claims asked the district court to review and reject the
              Illinois Appellate Court's dismissal of his appeal. ................... 13

       C.     Weinhaus had a reasonable opportunity to raise his claims in the
              state court proceedings............................................................... 15

CONCLUSION ................................................................................................... 18

CERTIFICATE OF COMPLIANCE WITH FED. R. APP. P 32

CERTIFICATE OF FILING AND SERVICE

# TABLE OF AUTHORITIES

*Page(s)*

**Cases**

*Andrade v. City of Hammond*,
9 F.4th 947 (7th Cir. 2021) ................................................................. 10

*Bauer v. Koester*,
951 F.3d 863 (7th Cir. 2020) ........................................................ 11, 14

*Brokaw v. Weaver*,
305 F.3d 660 (7th Cir. 2002) ............................................................. 16

*D.C. Ct. of Appeals v. Feldman*,
460 U.S. 462 (1983) ............................................................................. 5

*Dorce v. City of New York*,
2 F.4th 82 (2d Cir. 2021) ................................................................... 12

*E.A. v. Gardner*,
929 F.3d 922 (7th Cir. 2019) ............................................................... 9

*Ennenga v. Starns*,
677 F.3d 766 (7th Cir. 2012) ............................................................... 8

*Epps v. Creditnet, Inc.*,
320 F.3d 756 (7th Cir. 2003) ............................................................. 11

*Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*,
544 U.S. 280 (2005) ............................................................................. 9

*Fliss v. Generation Cap. I, LLC*,
87 F.4th 348 (7th Cir. 2023) ............................................................. 13

*Geinosky v. City of Chi.*,
675 F.3d 743 (7th Cir. 2012) ............................................................... 8

*Gilbank v. Wood Cnty. Dep't of Hum. Servs.*,
111 F.4th 754 (7th Cir. 2024) ..................................................... *Passim*

*Gisslen v. City of Crystal*,
345 F.3d 624 (8th Cir. 2003) ............................................................. 14

*Graff v. Aberdeen Enters., II, Inc.*,
65 F.4th 500 (10th Cir. 2023) ........................................................... 14

ii

*Hadzi-Tanovic v. Johnson*,
    62 F.4th 394 (7th Cir. 2023) ............................................................. 11, 15, 16, 17

*Hunter v. McMahon*,
    75 F.4th 62 (2d Cir. 2023) ................................................................. 12

*In re Marriage of O'Brien*,
    393 Ill. App. 3d 364 (2d Dist. 2009) ................................................ 16

*J.B. v. Woodard*,
    997 F.3d 714 (7th Cir. 2021) ........................................................... 4, 8

*Kelley v. Med-1 Solutions, LLC*,
    548 F.3d 600 (7th Cir. 2008) ........................................................... 15

*Kowalski v. Boliker*,
    893 F.3d 987 (7th Cir. 2018) ...................................................... 2, 12, 14

*Lennon v. City of Carmel*,
    865 F.3d 503 (7th Cir. 2017) ........................................................... 9

*Long v. Shorebank Dev. Corp.*,
    182 F.3d 548 (7th Cir. 1999) ........................................................... 16

*Mains v. Citibank, N.A.*,
    852 F.3d 669 (7th Cir. 2017) ........................................................... 11

*Mains v. Citibank, N.A.*,
    852 F.3d 669 (7th Cir. 2017) ........................................................... 11

*Maple Lanes, Inc. v. Messer*,
    186 F.3d 823 (7th Cir. 1999) ........................................................... 9

*Moore v. Wells Fargo Bank, N.A.*,
    908 F.3d 1050 (7th Cir. 2018) ......................................................... 15

*Rooker v. Fid. Tr. Co.*,
    263 U.S. 413 (1923) ..................................................................... 5, 15

*Sykes v. Cook Cnty. Cir. Ct. Prob. Div.*,
    837 F.3d 736 (7th Cir. 2016) ........................................................... 8, 9

*Williams v. Nagel*,
    162 Ill. 2d 542 (1994) ................................................................... 16

# JURISDICTIONAL STATEMENT

Plaintiff-Appellant Edward Weinhaus's jurisdictional statement is not complete and correct. As required by 7th Cir. R. 28(b), Defendant-Appellee the Honorable Regina A. Scannicchio of the Circuit Court of Cook County, Domestic Relations Division, provides this statement.

On July 22, 2024, Weinhaus filed an amended complaint in the district court, which is the operative one for purposes of this appeal, under 42 U.S.C. § 1983 against Judge Scannicchio and the Illinois Judges Association ("Association"), alleging that they violated his rights to due process and equal protection under the Fourteenth Amendment to the United States Constitution. Doc. 16 at 7.[1] As detailed below, the district court lacked subject matter jurisdiction over his claims under the *Rooker-Feldman* doctrine. *See infra* pp. 8-17. It otherwise had subject matter jurisdiction over Weinhaus's action under 28 U.S.C. § 1331 because it raised federal questions.

On July 24, 2024, the district court entered an order dismissing the action under Fed. R. Civ. P. 12(b)(1), concluding that it lacked subject matter jurisdiction under the *Rooker-Feldman* doctrine and stating that the "[c]ivil case [was] terminated." Doc. 17. The same day, a separate judgment order was entered on the district court docket pursuant to Fed. R. Civ. P. 58. Doc. 18. No motion to amend or alter the judgment was filed. Although the district court did not indicate whether the

---

[1] The record on appeal, which is the district court's docket, is cited as "Doc. __ at __." Weinhaus's opening brief is cited at "AT Br. __." The supplemental appendix to this brief is cited as "SA__."

dismissal was with or without prejudice, *see* Doc. 17, its judgment was final and appealable, *see Kowalski v. Boliker*, 893 F.3d 987, 994-95 (7th Cir. 2018) (although "dismissal for want of subject-matter jurisdiction is necessarily without prejudice because it does not preclude pursuit of the action in a different forum," it is nevertheless appealable).

On August 23, 2024, Weinhaus filed a notice of appeal in the district court, Doc. 20, which was timely under 28 U.S.C. § 2107(c) and Fed. R. App. P. 4(a)(1)(A) because it was filed within 30 days of the judgment's entry. This court, therefore, has jurisdiction over Weinhaus's timely appeal from a final judgment under 28 U.S.C. § 1291.

**ISSUE PRESENTED FOR REVIEW**

Whether the *Rooker-Feldman* doctrine barred Weinhaus's action because his alleged injury arose from a final state court judgment, his federal claims sought federal court review and rejection of that judgment, and he had a reasonable opportunity to raise his federal claims in his state court proceedings.

## STATEMENT OF THE CASE

### The Underlying State Court Proceedings

The following facts are derived from Weinhaus's amended complaint and orders entered in the underlying state court proceedings, which are included in the supplemental appendix to this brief and of which this court may take judicial notice. *See J.B. v. Woodard*, 997 F.3d 714, 717 (7th Cir. 2021) (taking judicial notice of "court filings and documents from the ongoing state court proceedings" in reviewing dismissal based on abstention).

Around 2013, Weinhaus initiated a dissolution of marriage action in the Circuit Court of Cook County. Doc. 16 at 3. The dissolution proceeding resulted in a divorce decree in 2015, but the case remained pending for post-decree issues. *Id*. Judge Scannicchio presided over the case from 2015 until its termination in 2023. *Id*.

In May 2019, Weinhaus's ex-wife petitioned the circuit court to award her attorney fees and costs as a result of Weinhaus's "endless campaign of frivolous and harassing litigation." SA1-8. On February 19, 2020, Judge Scannicchio granted the petition, ordering that Weinhaus pay $25,000 in attorney fees and costs. SA27-29. Weinhaus sought reconsideration of the order, which Judge Scannicchio denied on September 8, 2020. SA30-31.

Weinhaus appealed the award of attorney fees and costs to the Illinois
Appellate Court, which dismissed the appeal. Doc. 16 at 4-5. Weinhaus then filed a
petition for leave to appeal to the Illinois Supreme Court, which was denied. *Id.* at 6.[2]

**The District Court Proceedings**

In April 2024, Weinhaus initiated this action under 42 U.S.C. § 1983, claiming
that Judge Scannicchio and the Association interfered with his right to "[e]qual
[p]rotection of the law and [d]ue [p]rocess before an impartial judge and appellate
tribunal." Doc. 1 at 16-17. Specifically, Weinhaus alleged that Judge Scannicchio
conspired with other judges from the Association to convince the appellate court to
dismiss his appeal of the attorney fees and costs award. *Id.* at 12-14.

The Association moved to dismiss the complaint under Fed. R. Civ. P. 12(b)(1)
and (6). Doc. 13. The Association argued that the *Rooker-Feldman* doctrine, *see D.C.
Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fid. Tr. Co.*, 263 U.S. 413
(1923), barred Weinhaus's action because he sought federal court review of the
appellate court's order dismissing his state court domestic relations case, Doc. 14 at
3-5. The Association also argued that Weinhaus's suit was barred by the domestic-
relations exception to federal jurisdiction, absolute judicial immunity, qualified
immunity, and sovereign immunity, and that it failed to state a claim. *Id.* at 7-14.

---

[2] Weinhaus did not include a copy of the appellate court's dismissal or his petition for
leave to appeal in his district court pleadings. Because his appeal was filed under
seal, the documents filed and orders entered in the Illinois Appellate Court and
Illinois Supreme Court could not be included in this brief's supplemental appendix.

The district court held that the action was barred by *Rooker-Feldman*, but the court allowed Weinhaus the opportunity to amend his complaint. Doc. 15 at 1-2.

In his amended complaint, Weinhaus again alleged that Judge Scannicchio used her connections to the Association to convince the appellate court justices to dismiss his appeal. Doc. 16 at 3-6. Weinhaus alleged that he spent "tens of thousands of dollars in fees and costs" because of the dismissal of his appeal and, as a result, he sought "damages" for the "considerable financial expense[s]" he had incurred, "including attorney's [sic] fees." Doc. 16 at 6-7.

The district court *sua sponte* concluded that it lacked jurisdiction under the *Rooker-Feldman* doctrine because it could not consider the merits of Weinhaus's claims "without re-evaluating the appropriateness of the [appellate court's] dismissal, as well as the underlying orders appealed." Doc. 17 at 1.

Weinhaus appealed. Doc. 20 at 1.

**SUMMARY OF ARGUMENT**

This court should affirm the district court's judgment because it lacked subject matter jurisdiction over Weinhaus's action under the *Rooker-Feldman* doctrine. Weinhaus's alleged injury resulted from the appellate court's dismissal of his appeal, as he claimed that Judge Scannicchio had improperly influenced the appellate court to dismiss his appeal. Moreover, awarding Weinhaus relief on his claims would nullify or modify the appellate court's dismissal of his appeal because he sought damages to offset the attorney fees and costs that Judge Scannicchio had ordered him to pay and that were a subject of his appeal. Finally, Weinhaus could have raised the claims that he brought in federal court in the state court proceedings, as nothing prevented him from arguing in the state proceedings that the appellate court's dismissal of his appeal deprived him of his federal constitutional rights.

## ARGUMENT

**I.** **This court reviews *de novo* a district court's dismissal of a claim based upon the *Rooker-Feldman* doctrine.**

The district court dismissed Weinhaus's complaint for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine, which this court reviews *de novo*. *Gilbank v. Wood Cnty. Dep't of Hum. Servs.*, 111 F.4th 754, 765 (7th Cir. 2024) (*en banc*). At the motion to dismiss stage, this court "accept[s] as true all facts in the complaint and draw[s] all reasonable inferences in the plaintiff's favor." *Sykes v. Cook Cnty. Cir. Ct. Prob. Div.*, 837 F.3d 736, 739 (7th Cir. 2016). The court may consider not only "the complaint itself," but also "documents attached to the complaint . . . and information that is subject to proper judicial notice," *Geinosky v. City of Chi.*, 675 F.3d 743, 745 n.1 (7th Cir. 2012), without converting the motion into a motion for summary judgment, *Ennenga v. Starns*, 677 F.3d 766, 773 (7th Cir. 2012). Accordingly, this court may consider the orders and filings in the state proceedings. *See* SA1-31; *see also J.B.*, 997 F.3d at 717 (taking judicial notice of "court filings and documents from the ongoing state court proceedings" in reviewing dismissal of complaint).

**II.** **The district court correctly dismissed Weinhaus's action for lack of subject matter jurisdiction because the *Rooker-Feldman* doctrine barred his claims.**

The district court correctly concluded that this action was barred by the *Rooker-Feldman* doctrine, which bars claims "brought by state court losers complaining of injuries caused by state court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those

8

judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). Under the doctrine, "state court losers [cannot] come into federal court to complain that the state court judgment violates their federal rights," *E.A. v. Gardner*, 929 F.3d 922, 924 (7th Cir. 2019) (cleaned up), because "no matter how wrong a state court judgment may be under federal law, only the Supreme Court of the United States has jurisdiction to review it," *Sykes*, 837 F.3d at 742. Moreover, a plaintiff "may not circumvent the effect of the *Rooker-Feldman* doctrine simply by casting his complaint in the form of a federal civil rights action." *Maple Lanes, Inc. v. Messer*, 186 F.3d 823, 825 (7th Cir. 1999). Instead, "litigants who feel a state proceeding has violated their constitutional rights must appeal that decision through their state courts and thence to the Supreme Court." *Lennon v. City of Carmel*, 865 F.3d 503, 506 (7th Cir. 2017).

The *Rooker-Feldman* doctrine bars a claim when five elements are present: (1) the federal plaintiff must have been a state court loser; (2) the state court judgment must have become final before the federal proceedings began; (3) the state court judgment must have caused the alleged injury underlying the federal claim; (4) the federal claim must invite the federal district court to review and reject the state court judgment; and (5) the plaintiff must have had a reasonable opportunity to raise his federal claim in state court. *Gilbank*, 111 F.4th at 765 (citing *Exxon Mobil*, 544 U.S. at 284).

In his opening brief, Weinhaus concedes that he was a state court loser and that his state case became final prior before he initiated this federal action, thus

satisfying the first two elements.  *See* AT Br. 17.  And as explained below, a state court judgment caused his alleged underlying injury, his federal claims asked the district court to review and reject that judgment, and he had an opportunity to raise his federal claims in state court.  Accordingly, *Rooker-Feldman* barred this action.

## A. Weinhaus's alleged injury was caused by the state court's dismissal of his appeal.

The alleged injury underlying Weinhaus's federal claims was caused by the Illinois Appellate Court's dismissal of his appeal.  *Rooker-Feldman* applies only when the injury underlying the federal claim is caused by the state court judgment; conversely, it does not apply when the injury is independent of the judgment, such as when the injury is complete before the judicial proceedings began.  *See Gilbank*, 111 F.4th at 768 (injury element was satisfied where "plaintiff's injury . . . was 'effectuated' only by the state court's temporary and longer-term [child custody] orders"); *see also Andrade v. City of Hammond*, 9 F.4th 947, 950 (7th Cir. 2021) (claims not barred where challenged conduct — an adverse administrative determination regarding rental property — "occurred before any judicial involvement").

In his amended complaint, Weinhaus alleged that Judge Scannicchio interfered with his appeal by communicating with the appellate court panel, which caused his appeal to be "dismissed *sua sponte*."  Doc. 16 at 5.  According to Weinhaus, this interference deprived him of his due process and equal protection rights to "an impartial judiciary."  *Id.* at 7.  His injury thus resulted from the appellate court's dismissal order because, absent that dismissal, he could not have suffered any

cognizable injury as a result of Judge Scannicchio's alleged interference with the state proceedings. *See, e.g., Hadzi-Tanovic v. Johnson*, 62 F.4th 394, 408 (7th Cir. 2023) (claims that state judge "corruptly conspired to interfere with [plaintiff's] right to a fair and impartial trier of fact" were barred by *Rooker-Feldman*, in part, because she "was not harmed by [the] alleged bias" until the judge entered an order mandating her parenting time be supervised); *Bauer v. Koester*, 951 F.3d 863, 866 (7th Cir. 2020) (claims that state judge conspired to enter judgment based on forged evidence did not escape *Rooker-Feldman* because, "were it not for the state court's foreclosure order and order awarding additional interest, no injury would have resulted from the allegedly forged escrow exhibit"); *Epps v. Creditnet, Inc.*, 320 F.3d 756, 759 (7th Cir. 2003) (federal claims alleging that debt collector misrepresented amount of damages recoverable in state court were barred by *Rooker-Feldman*, in part, because plaintiffs were not injured "until the state court entered judgment against them"). Because there is no way to separate Weinhaus's alleged injury from the appellate court's dismissal, his claim satisfies *Rooker-Feldman*'s injury element even though he claimed that the dismissal was entered for improper reasons. *See Mains v. Citibank, N.A.*, 852 F.3d 669, 676 (7th Cir. 2017) ("If we were to delve into the question [of] whether fraud tainted the state court's judgment, the only relief we could give would be to vacate that judgment.").

In his opening brief, Weinhaus maintains that his "injury is not the [ ] state-court's *sua sponte* dismissal" of his appeal, but rather Judge Scannicchio's "extra-judicial conduct." AT Br. 18. But as explained, Weinhaus alleged that Judge

Scannicchio's conduct caused the dismissal of his appeal and deprivation of his "right to Equal Protection . . . and Due Process before an impartial judiciary." Doc. 16 at 7. Thus, the state proceedings were the source of the alleged injury underlying his federal claims, not some independent, extra-judicial conduct.

Weinhaus also cites *Kowalski*, 893 F.3d at 987, for the proposition that an injury caused by "*interference* in his state court proceedings" can escape *Rooker-Feldman*. AT Br. 19 (emphasis in original). But *Kowalski* did not address whether the plaintiff's injury was caused by a state court judgment. 893 F.3d at 995. Instead, it held that *Rooker-Feldman* was inapplicable because there was no final order in the state proceedings and the plaintiff did not ask the court "to reject any such order." *Id.* Thus, *Kowalski* does not support Weinhaus's argument that his alleged injury was not caused by a state court judgment.[3]

Weinhaus further cites *Hunter v. McMahon*, 75 F.4th 62 (2d Cir. 2023), but there, the plaintiff's alleged injuries — temporarily removing her son from her custody and interrogating him without her consent — occurred before the state court custody proceedings had begun, *id.* at 72. Because "[t]he state-court judgment did not *produce* this alleged earlier-in-time conduct," the plaintiff's injuries could not have been caused by it. *Id.* (emphasis in original). Weinhaus's reliance on *Dorce v. City of New York*, 2 F.4th 82 (2d Cir. 2021), is equally misplaced because the court

---

[3] And unlike the plaintiff in *Kowalski*, Weinhaus sought federal court rejection of the order awarding attorney fees and costs entered against him, *see infra* pp. 12-14, an order he recognizes was "final before this lawsuit was instituted," AT Br. 17.

held that *Rooker-Feldman* did not bar plaintiffs' due process claim where "the complained of injury was produced by the [c]ity's alleged failure to provide adequate notice" in advance of the foreclosure proceedings commencement, *id*. at 106. By contrast, Weinhaus's alleged injury did not occur until the appellate court dismissed his appeal because only then did the results of Judge Scannicchio's alleged misconduct come to pass. Consequently, neither *Hunter* nor *Dorce* supports Weinhaus's position.

### B.   Weinhaus's claims asked the district court to review and reject the Illinois Appellate Court's dismissal of his appeal.

Weinhaus's claims also sought federal court review and rejection of the state court judgment because they effectively sought a refund of the attorney fees and costs he was ordered to pay.

In determining whether a claim asks a federal court to "review and reject" a state court judgment, the court should conduct a "comparison of the relief requested with the relief granted by the state court." *Gilbank*, 111 F.4th at 793, 795 (Kirsch, J., concurring).[4] For example, "in a case where the state-court judgment sounded in monetary relief, a plaintiff repairing to federal court pursuing refund or adjustment of the sum assessed against [him] could be seeking review and rejection of that judgment because the relief sought would nullify or modify the judgment." *Id*. at 795; *see Fliss v. Generation Cap. I, LLC*, 87 F.4th 348, 353 (7th Cir. 2023) (suggesting that *Rooker-Feldman* bars actions seeking a refund of the damages assessed by the

---

[4] For purposes of the "review and reject" element of *Rooker-Feldman*, Judge Kirsch's concurrence was the controlling opinion in *Gilbank*, 111 F.4th at 760.

state court); *Bauer*, 951 F.3d at 865-66 (claim seeking damages for alleged conspiracy to obtain foreclosure judgment and interest award was barred by *Rooker-Feldman*); *see also Graff v. Aberdeen Enters., II, Inc.*, 65 F.4th 500, 519 n.24 (10th Cir. 2023) (claim seeking to recover money damages for the amount of debt imposed in judgment would be barred); *Gisslen v. City of Crystal*, 345 F.3d 624, 627-28 (8th Cir. 2003) (finding *Rooker-Feldman* bars damages claim challenging state court's determination of just compensation in takings action); *contra Kowalski*, 893 F.3d at 995 (damages claim for interference with state proceedings did not require the court to review and reject the state court judgment because judgment was not a monetary award).

Here, Weinhaus's claims asked the district court to review and reject the Illinois Appellate Court's dismissal of his appeal from Judge Scannicchio's order that he pay $25,000 in attorney fees and costs. *See* Doc. 16 at 3-4; SA29. In his amended complaint, Weinhaus alleged that he had to pay "tens of thousands of dollars in fees and costs" and incurred "considerable financial expense" as a result of the appeal's dismissal. Doc. 16 at 6-7. Thus, Weinhaus sought a refund of the money that Judge Scannicchio had ordered him to pay, placing his claims squarely within the *Rooker-Feldman* doctrine. *See Gilbank*, 111 F.4th at 795 (Kirsch, J., concurring); *Bauer*, 951 F.3d at 866.

On appeal, Weinhaus insists that he seeks neither to "disturb [n]or overturn the state-court decision" because he sought "money damages." AT Br. 21; *see* Doc. 16 at 7. But as explained, awarding him damages would "nullify or modify the [state

court's] judgment" by offsetting the money he had to pay to satisfy the judgment against him. *See Gilbank*, 111 F.4th at 795 (Kirsch, J., concurring); *see also Moore v. Wells Fargo Bank, N.A.*, 908 F.3d 1050, 1062 (7th Cir. 2018) (while plaintiff argued that he could bring claim alleging foreclosure was entered on flawed grounds and foreclosure amount was incorrect "because he [sought] damages rather than reconsideration of the state court decision, [ ] that assertion denie[d] the substance of what he actually [sought] in federal court"). Weinhaus's claims, therefore, satisfy *Rooker-Feldman*'s "review and reject" element.

## C. Weinhaus had a reasonable opportunity to raise his claims in the state court proceedings.

Finally, Weinhaus had a reasonable opportunity to raise his claims in the state court proceedings. In deciding whether a party had a reasonable opportunity to raise his federal claim, this court looks to whether state law effectively precluded the plaintiff from raising the claim in state court. *Gilbank*, 111 F.4th at 778. If so, the state court's judgment could not have encompassed the plaintiff's federal claim, and this "narrow" exception to *Rooker-Feldman* applies. *Id*.

Here, Weinhaus could have raised his claim that he was deprived of "an impartial judiciary" in the state court proceedings. *See Rooker*, 263 U.S. at 417 (declining to consider claim that state court judgment was "void because one of the judges participating therein had an interest in the case which worked his disqualification"); *Hadzi-Tanovic*, 62 F.4th at 408 (no Illinois state law prevented plaintiff from raising claims of judicial bias in the custody proceedings). Indeed, he acknowledged that his brief in the Illinois Appellate Court raised allegations about

15

Judge Scannicchio's "inability to fulfill her judicial duties as a result of ethical concerns." Doc. 16 at 4; *see In re Marriage of O'Brien*, 393 Ill. App. 3d 364, 381 (2d Dist. 2009) (addressing argument that federal Due Process Clause required judge's substitution due to bias). And he could have asked the Illinois Supreme Court to reverse the dismissal of his appeal based on his arguments about interference with the state court process. *See*, *e.g.*, *Williams v. Nagel*, 162 Ill. 2d 542, 556-57 (1994) (noting that plaintiffs could have, but failed to, raise appellate court justice's alleged bias). Thus, this was not a circumstance where state law precluded Weinhaus, who is an attorney, *see* Doc. 16 at 1, from raising his claims, *cf. Brokaw v. Weaver*, 305 F.3d 660, 668 (7th Cir. 2002) (plaintiff lacked reasonable opportunity to raise claims where she was not present nor represented by a guardian *ad litem* or attorney at the hearing); *Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 559-60 (7th Cir. 1999) (state law precluded plaintiff from raising federal issues in summary forcible entry and detainer proceedings); *see also Gilbank*, 111 F.4th at 779 (explaining that *Brokaw* and *Long* are the only two cases in which this court has "found the federal plaintiff had no reasonable opportunity to raise the federal issue in state court") (cleaned up).

In addition, to the extent that Weinhaus's allegations can be read to suggest that the entire Illinois judiciary was corrupted by its connection to the Association, this court has rejected a corruption or fraud exception to *Rooker-Feldman*. *Gilbank*, 111 F.4th at 780-85; *Hadzi-Tanovic*, 62 F.4th at 401-08; *see* AT Br. 17 (arguing that injury flowed from "conspiracy" to deprive him of "impartial judiciary"); Doc. 16 at 7

(alleging that Association is "intertwined" with Illinois Supreme Court such that it is "indistinguishable from the state").

For his part, Weinhaus argues that he lacked a reasonable opportunity to raise his claims in state court because Judge Scannicchio's alleged actions occurred "outside of" the state court proceedings. AT Br. 23. But his amended complaint describes events that occurred in the context of his state court proceedings — specifically, the dismissal his appeal from Judge Scannicchio's award of attorney fees and costs. *See* Doc. 16 at 3-7. Nor does he identify any state law or procedure that would have precluded him from raising Judge Scannicchio's alleged interference in the state court proceedings. AT Br. 22-23; *see Hadzi-Tanovic*, 62 F.4th at 401, 408 (*Rooker-Feldman* barred claim that defendants "corruptly conspired to interfere with [plaintiff's] right to a fair and impartial trier of fact" in custody proceedings where she failed to argue "that state law or procedures prevented her from raising" that claim in state court). Consequently, Weinhaus had a reasonable opportunity to raise his federal claims in the state court proceedings, satisfying *Rooker-Feldman*'s final element.

## CONCLUSION

For these reasons, Defendant-Appellee the Honorable Regina A. Scannicchio, requests that this court affirm the judgment of the district court.

Respectfully submitted,

**KWAME RAOUL**
Attorney General
State of Illinois

**JANE ELINOR NOTZ**
Solicitor General

115 South LaSalle Street
Chicago, Illinois 60603
(312) 814-3000

Attorneys for Defendant-Appellee the
Honorable Regina A. Scannicchio

/s/ Alexandrina Shrove
**ALEXANDRINA SHROVE**
Assistant Attorney General
115 South LaSalle Street
Chicago, Illinois 60603
(312) 814-2193 (office)
(773) 590-7061 (cell)
Alexandrina.Shrove@ilag.gov

April 4, 2025

**CERTIFICATE OF COMPLIANCE WITH FED. R. APP. P 32**

I hereby certify that this brief complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and Circuit Rule 32 and the type style requirements of Federal Rule of Appellate Procedure 32(a)(6) because this brief has been prepared in proportionally spaced typeface using Microsoft Word 2016, in 12-point Century Schoolbook BT font, and complies with the page limitation set forth in the Federal Rule of Appellate Procedure 32(a)(7)(A) in that the brief, excluding the parts of the brief exempted by Federal Rule of Appellate Procedure 32(f), is 18 pages.

/s/ Alexandrina Shrove
ALEXANDRINA SHROVE
Assistant Attorney General
115 South LaSalle Street
Chicago, Illinois 60603
(312) 814-2193 (office)
(773) 590-7061 (cell)
Alexandrina.Shrove@ilag.gov

# SUPPLEMENTAL APPENDIX

**TABLE OF CONTENTS TO SUPPLEMENTAL APPENDIX**

Petition for Attorney's Fees and Cost
    *In Re: The Marriage of Edward A. Weinhaus*,
    12-D-8800 (May 13, 2019) ........................................................... SA1-26

Circuit Court Order
    *In Re: The Marriage of Edward A. Weinhaus*,
    12-D-8800 (Feb. 19, 2020) ......................................................... SA27-29

Circuit Court Order
    *In Re: The Marriage of Edward A. Weinhaus*,
    12-D-8800 (Sept. 8, 2020) ......................................................... SA30-31

FILED
5/13/2019 3:32 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2012D008800
5033525

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT - DOMESTIC RELATIONS DIVISION

| | | | |
|---|---|---|---|
| IN RE: THE MARRIAGE OF | ) | | |
| | ) | | |
| EDWARD A. WEINHAUS, | ) | | |
| | ) | | |
| Petitioner, | ) | | |
| | ) | | |
| and | ) | No. | 12 D 008800 |
| | ) | | |
| NATALIE B. WEINHAUS, | ) | | |
| | ) | | |
| Respondent. | ) | | |

## <u>PETITION FOR ATTORNEYS' FEES AND COSTS PURSUANT TO 750 ILCS</u>

## <u>5/508(a) and 5/508(b)</u>

NOW COMES Respondent, NATALIE COHEN f/k/a WEINHAUS ("Natalie"), by and

through her attorneys, Hurst, Robin & Kay, LLC, pursuant to 750 ILCS 5/508(a) and 5/508(b), and

as and for her Petition for Attorney's Fees and Costs, respectfully states as follows:

1. A bifurcated Judgment for Dissolution of Marriage was entered on April 15, 2015 dissolving the parties' marriage.

2. That a Supplemental Judgment for Dissolution of Marriage was entered on July 8, 2015 (the "Supplemental Judgment").

3. An Agreed Joint Custody Judgment was entered on October 2, 2014.

4. An Agreed Order modifying some of the provisions of the Joint Custody Judgment was entered on April 26, 2016.

5. Throughout the unfortunate post-degree history of this case, Petitioner, Edward

1

**SA1**

Weinhaus, ("Edward"), has engaged in an endless campaign of frivolous and harassing litigation, often representing himself *pro se*.

6. The Court dismissed the first seven post-decree motions filed by Edward ruling: "Weinhaus' motions lack support of adequate proof in order to be supported. Weinhaus frequently edited, his "evidence," in order to show extreme bias to his claim, while Natalie was able to show proof that each claim lacked bases to be considered." See attached **Exhibit "A"**.

7. Despite that, Edward continued to file baseless and extremely lengthy motions to harass Natalie and drive up her legal fees. Specifically, since January 30, 2017 Edward has filed numerous baseless motions, including the following:

   a. Motion to Modify Order Entered April 26, 2016 filed on February 27, 2017 which was a 64 paragraph pleading to which Natalie filed her Response on April 6, 2017.

   b. Motion for Sanctions filed on March 23, 2017 which was a 24 paragraph pleading to which Natalie filed her Response on May 5, 2017.

   c. Emergency Petition to Modify and/or Clarify Order Entered April 26, 2016 and Joint Custody Judgment filed on April 7, 2017 in response to which Natalie filed a Motion to Strike and Dismiss on May 5, 2017.

   d. Motion to Reconsider Court Order of December 21, 2017 (finding that Edward's failure to pay $23,278 to Natalie's father per the Supplemental Judgment was without cause or justification) filed on January 19, 2018 which was a 49 paragraph pleading to which Natalie filed a response on

FILED DATE: 5/13/2019 3:32 PM   2012D008800

April 20, 2018 containing affirmative matters requesting Rule 137 sanctions.

e.   Motion to Vacate Supplemental Judgment for Dissolution of Marriage filed on January 1, 2018 which was a 49 paragraph pleading to which Natalie filed a Response on April 20, 2018.

f.   Verified Petition for Rule to Show Cause for Violation of the Joint Custody Judgment of October 2, 2014, Agreed Order of April 26, 2016 and Order of September 16, 2016 and for Finding of Alienation filed on March 15, 2016 which was a *ten count, 123 paragraph 40 page (exclusive of exhibits) pleading* filed on March 15, 2018 to which Natalie filed a 36 page Response on April 20, 2018.

g.   Petition for Interim Attorneys' Fees and Costs Pursuant to 508(a) against Natalie, a stay at home housewife caring for 5 children, which was a 32 paragraph pleading filed on November 26, 2018 to which Natalie filed a Response on December 21, 2018.

h.   Motion to Strike and Dismiss Natalie's 508(a) fee petition for fees incurred in the Federal litigation based on the Citizen's Participation Act filed on December 28, 2018 and Natalie was forced to respond to this preposterous motion and filed her Response on March 8, 2019. The Motion to Strike was denied on April 8, 2019 and Natalie was awarded $23,500 in interim and prospective attorneys' fees.

i.   Verified Motion for Limitation and Preparation of Supplemental Record

3

**SA3**

on Appeal filed on February 28, 2019 to which Natalie responded on March 28, 2019. However, Edward also filed a Motion to Admit Supporting Record as Official Record on Appeal on March 13, 2019 litigating the same issue twice and Natalie had to again respond to said pleading which was motion was ultimately denied on March 19, 2019.

j.  Verified Emergency Petition for Rule to Show Cause for Indirect Civil Contempt and for Other Relief filed on February 28, 2019 which was a 36 paragraph pleading containing numerous subparagraphs to which Natalie filed a Response on March 28, 2019.

k.  Second Emergency Petition for Rule to Show Cause for Indirect Civil Contempt and for Other Relief filed on February 28, 2019 which was a 62 paragraph pleading containing numerous subparagraphs to which Natalie filed her Response on March 28, 2019.

8.  To further harass Natalie and her family, Edward sent her parents and husband subpoenas demanding, among other things, financial records in response to which Natalie had to file a Motion to Quash which Motion was granted on April 8, 2019.

9.  Based on Edward's insistence to continue litigation, a hearing date was set for April 11, 2019 on Edward's following six pleadings: (i) Petition for Finding of Alienation and Other Relief filed September 6, 2016; (ii) Motion for Sanctions and Other Relief filed March 23, 2017; (iii) Petitioner's Verified Motion to Vacate Supplemental Judgment for Dissolution of Marriage entered July 8, 2015 for Sanctions and Other Relief filed January 9, 2018; (iv) Verified Emergency

4

**SA4**

FILED DATE: 5/13/2019 3:32 PM  2012D008800

Petition for Rule to Show Cause for Indirect Civil Contempt and for Other Relief filed on February 28, 2019; (v) Second Emergency Petition for Rule to Show Cause for Indirect Civil Contempt and for Other Relief filed on February 28, 2019; and (vi) Verified Motion for Limitation and Preparation of Supplemental Record on Appeal filed on February 28, 2019.

10.  Natalie's counsel spend extensive time preparing for the April 11, 2019 hearing as it involved numerous lengthy pleadings going back almost three years.

11.  At the April 11, 2019 hearing Edward decided to withdraw all six pending pleadings with prejudice stating that he no longer wanted to litigate and he just wanted to go to counseling with his children and commence repairing their relationship. In the meanwhile, Natalie incurred exorbitant legal fees responding to said six lengthy pleadings and preparing for a hearing on the same.

12.  After Edward made his April 11, 2019 declaration in court that he did not want to continue litigating understanding that continued court battles where toxic to the children, on April 23, 2019 Edward filed a motion in the United States Court of Appeals for the Seventh Circuit to enjoin the 508(a) fee award alleging that the State of Illinois, through its representative the Honorable Judge Regina A. Scannicchio, interfered with the financial aspects of the federal case by assigning fees its co-defendant Natalie thereby eliminating Edward's ability to seek justice. In the alternative he asks that Natalie be dismissed from the complaint (but does not ask for such dismissal for Natalie's husband or parents). A true and correct copy of said pleading is attached hereto as **Exhibit "B."** Natalie had to incur

FILED DATE: 5/13/2019 3:32 PM    2012D008800

additional fees responding to yet another absurd pleading which was denied.

13. Between January 2017 and April 2019 Natalie has incurred $57,474 in legal fees of which $27,987.62 are due and owing.

14. Edward has needlessly and maliciously escalated the cost of Natalie's legal fees by engaging in a campaign of relentless litigation in Circuit Court and expanded his litigation to the First District Appellate Court, Federal District Court and the Seventh Circuit Court of Appeals and also involving Natalie's parents and husband.

15. 750 ILCS 5/508(a) provides in pertinent part as follows:

"(a) The court from time to time, after due notice and hearing, and considering the financial resources of the parties, may order any party to pay a reasonable amount for his own or the other party's costs and attorney's fees....Awards may be made in connection with the following:

(1) The maintenance of defense of any proceeding under this Act..."

16. Natalie does not work as she is the primary caretaker for the parties' five children and had not worked throughout the parties' marriage. Accordingly, Natalie has no income or property of her own from which to pay legal fees. Natalie has borrowed extensively from her parents to fund this litigation. This has created a financial hardship for her parents.

17. Edward is an educated professional holding an MBA from the University of Chicago, is able bodied and gainfully employed. Most egregious, Edward is a graduate of the Washington University in St. Louis Law School and is intentionally

using his legal education to maliciously punish Natalie and her family with frivolous and costly litigation.

18. Edward received almost $60,000 worth of legal services at no cost by threatening his former counsel with a malpractice claim. Accordingly, Edward has the ability to contribute to Natalie's fees while Natalie lacks the ability to pay the same.

19. 750 ILCS 5/508(b) provides in relevant part: "If at any time a court finds that a hearing under tis Act was precipitated for or conducted for any improper purpose, the court shall allocate fees and costs of all parties for the hearing to the party or counsel found to have acted improperly. Improper purposes include, but are not limited to, harassment, unnecessary delay or other acts needlessly increasing the cost of litigation.

20. Edward has consistently engaged in acts that needlessly increase the cost of litigation and the April 11, 2019 hearing at which Edward withdrew with prejudice six lengthy pleadings is a perfect example of litigation for an improper purpose for which Edward should be held responsible.

21. The reasonable and customary attorney's fees charged in this matter by the associate on the case are $200 per hour for office time and $215 per hour for Court time. The reasonable and customary attorney's fees charged in this matter by the primary attorney on the case, Brian Hurst, are $395.00 per hour for office time and $415.00 per hour for Court time.

22. That the costs expended for the aforesaid services performed by Hurst, Robin & Kay, LLC, were reasonable and necessary, and that said services have materially

**SA7**

FILED DATE: 5/13/2019 3:32 PM   2012D008800

benefitted Natalie.

23.    An itemized billing statement is available at the Court's request.

24.    The Retainer Agreement signed by Natalie is attached hereto as **Exhibit "C"** and

Natalie's affidavit in support of this Motion is attached hereto as **Exhibit "D."**

25.    The affidavit of Brian Hurst, lead attorney for Natalie, is attached hereto as **Exhibit**

**"E."**

WHEREFORE, the Petitioner, NATALIE COHEN, respectfully requests this court to

enter an Order:

A.    For an interim fee award to the firm of Hurst Robin & Kay in the sum of

$$27,987.62. for attorneys' fees owed to Hurst Robin & Kay.

B.    For such other relief this court deems equitable and just.

.

Respectfully submitted,

_____

One of Respondent's Attorneys

**HURST, ROBIN & KAY, LLC #49363**
**Attorneys for Respondent**
**30 N. LaSalle, Suite 1210**
**Chicago, Illinois 60602**
**(312) 782-2400**
*service@hrkfamilylaw.com*

8

**SA8**

## VERIFICATION BY CERTIFICATION

Under penalties as provided by law pursuant to Section 1-109 of the Illinois Code of Civil Procedure, the undersigned certifies that the statements set forth in this document are true and correct except as to matters therein stated to be upon information and belief, and as to such matters, the undersigned states that I verily believe the same to be true.

NATALIE COHEN

**HURST, ROBIN & KAY, LLC #49363**
**Attorneys for Respondent**
**30 N. LaSalle, Suite 1210**
**Chicago, Illinois 60602**
**(312) 782-2400**
*service@hrkfamilylaw.com*

**SA9**

FILED DATE: 5/13/2019 3:32 PM   2012D008800

FILED DATE: 10/24/2018 12:06 PM   2012D008800



EXHIBIT

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT-DOMESTIC RELATIONS DIVISION

IN RE THE MARRIAGE OF ) 
EDWARD A. WEINHAUS, )
    Petitioner, )
    - and - )    No.  12 D 8800
NATALIE B. WEINHAUS, )    Calendar No.  32
    Respondent. )

## SUPPLEMENTAL JUDGMENT FOR DISSOLUTION OF MARRIAGE

THIS CAUSE coming on to be heard for trial, EDWARD A. WEINHAUS ("EDDIE") by and through his attorneys, O'CONNOR FAMILY LAW, P.C.; NATALIE B. WEINHAUS (NATALIE), by and through her attorneys, HURST, ROBIN & KAYE, PC; and the minor children by and through their Representative, JOEL J. LEVIN. The Court having heard the sworn testimony of the parties and two (2) additional witnesses, having received and reviewed exhibits into evidence, having heard argument of counsel, and having taken notice of the record the Court being fully advised in the premises, DOTH FIND:

### JURISDICTION

a) That this Court has jurisdiction of the parties to, and the subject matter of, this cause.

b) That the Respondent is a resident of the County of Cook, State of Illinois for a period in excess of ninety (90) days prior to the making of these findings.

c) That the parties hereto were lawfully joined in marriage on the 24th day of February 2002, in Chicago, Illinois, and said marriage was registered in Cook County,

1

**SA10**

FILED DATE: 5/13/2019 3:32 PM   2012D008800

FILED DATE: 10/24/2018 12:06 PM   2012D008800

Illinois. The parties have ceased cohabiting as husband and wife for a period in excess of two (2) years.

d)     That as a result of the marriage, five (5) children were born to the parties, namely, Manny, born November 2002; Louie, born January 2004; Solomon, born August 2005; Sadie, born March 2008; and Ernie, born February 2011; no children were adopted by the parties and NATALIE is not now pregnant.

## PROCEDURAL POSTURE and GENERAL FINDINGS

e)     This cause comes on EDDIE's Petition for Dissolution of Marriage, regarding the non-custodial portions of this matter as the custodial proceedings were severed and a Custody Judgment was entered separately. A Judgment For Dissolution of Marriage was entered by agreement of the parties on April 15, 2015 dissolving their marriage prior to this Supplemental Judgment For Dissolution Of Marriage.

### I.     ASSESSMENT OF THE WITNESSES

#### EDWARD WEINHAUS

f)     EDDIE is 42 years old and did not testify to any medical conditions. EDDIE has an undergraduate degree from the University of London and a Masters in Business Administration from the University of Chicago, Booth School of Business. EDDIE presently lives in his parents' home in St. Louis, Missouri, and has done so since May 2013. EDDIE is presently a consultant operating through his own LLC, entitled Control New MLSS, LLC (Control New). The LLC was formed during the marriage and is a marital concern. The LLC also operates as a variety of d/b/a-s, the names of which are not of much consequence. EDDIE testified credibly as to the salient portions of the trial as discussed further below.

#### NATALIE WEINHAUS

g)     NATALIE is 39 years old and likewise did not testify as to any health conditions. NATALIE has an undergraduate degree from Syracuse University in graphic

2

**SA11**

FILED DATE: 5/13/2019 3:32 PM   2012D008800

FILED DATE: 10/24/2018 12:06 PM   2012D008800

from college or turns twenty-three, whichever comes first. EDDIE shall be solely responsible for paying all premiums on NATALIE's policy.

The parties together shall ensure that the children have health and dental coverage. For so long as NATALIE qualifies for All Kids, the children shall remain on same. If NATALIE no longer qualifies for the program or the program materially changes and does not provide the same quality benefit as it does in 2014, then the parties shall jointly determine alternate coverage. The premium shall be paid in proportion to income. Uncovered, non-elective medical, dental and optical expenses shall be equally paid by the parties, provided covered alternatives are first sought. Otherwise, elective procedures are paid by the electing parties if not jointly agreed.

EDDIE shall be awarded the "silver" that the parties received as a wedding present and NATALIE shall tender to same to him within fourteen (14) days. Except as to this transfer, each party is awarded the personal property in his/her respective possession, free and clear of all right, title and interest of the other.

Additionally, EDDIE's motions filed on May 26, 2015, including (1) Notice of Objections to Income withholding for Support, Request for Sanctions and other Relief, (2) Petition for Visitation Abuse and for other relief, (3) Petition for judicial supervision and for other relief, (4) verified petition for rule to show cause for indirect civil contempt and for other relief, (5) Petition for rule to show cause for indirect civil contempt, motion to compel therapy and other relief, (6) second petition for rule to show cause for contempt of court for visitation abuse and for violation of the agreed joint custody judgment, modification of visitation, verified petition for adjudication of indirect criminal contempt and other relief, and (7) motion for modification of visitation, are all hereby dismissed. It has been stipulated by both parties the child custody agreement is complicated, and contains multiple, intricate clauses. Keeping in mind the complex nature of the agreement, that was highly contested, and the ability of both sides to

19

**SA12**

FILED DATE: 5/13/2019 3:32 PM   2012D008800
FILED DATE: 10/24/2018 12:06 PM   2012D008800

easily, and accidentally "violate" the agreement, EDDIE's motions are dismissed. EDDIE's motions lack support of adequate proof in order to be supported. EDDIE frequently edited, his "evidence," in order to show extreme bias to his claim, while NATALIE was able to show proof that each claim lacked bases to be considered. Although EDDIE brings these claims mostly to help his children, the court finds that the children are in no harm, and that both NATALIE and EDDIE have not significantly abused their visitation to qualify as civil contempt, or have not significantly shown reason to require further judicial supervision. Whether a party is guilty of contempt is a question of fact for the trial court, and it's ruling "will not be disturbed unless it is against the manifest weigh of the evidence or an abuse of discretion." *See In re Marriage of Smithson*, 407 Ill.App.3d 597 (4th Dist., 2011); *In re Marriage of Spent*, 342 Ill.App.3d 63, 653-54 (2003). When considering contempt, the contemnor must show that noncompliance of the court order was willful and the contemnor has a valid excuse for failure to follow the court order, *Spent*, 342.Ill.App.3d at 653 (2003). Here, even if the court found that NATALIE's alleged noncompliance with the court order was willful, NATALIE would still have a valid excuse, as the child custody order is complex and the alleged examples of her failure to comply are mistakes that both parties could easily make. Regardless, in the motions that EDDIE filed, none stated or showed a willful noncompliance with the order by NATALIE. For these reasons, EDDIE's motions are dismissed.

BASED UPON THE ABOVE FINDINGS, IT IS HEREBY ORDERED

1.  That a Judgment for Dissolution of Marriage is hereby entered and the bonds of matrimony between NATALIE and EDDIE WEINHAUS are dissolved;

2.  EDDIE is barred from the receipt of maintenance from NATALIE.

3.  NATALIE is barred from the receipt of maintenance from EDDIE.

**SA13**

UNITED STATES COURT OF APPEALS

FOR THE SEVENTH CIRCUIT

EXHIBIT

B

No. 18-3185

| | | |
|---|---|---|
| EDWARD A. WEINHAUS | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | Appeal from the |
| | ) | United States District Court |
| v. | ) | Northern District of Illinois |
| | ) | Eastern Division |
| NATALIE B. COHEN, | ) | No. 1:18-cv-02471 |
| STEVEN COHEN, | ) | |
| BARRY CHERNAWSKY, | ) | |
| ADRIENNE CHERNAWSKY, | ) | Honorable Rebecca R. Pallmeyer |
| And | ) | District Judge |
| the STATE OF ILLINOIS | ) | |
| | ) | |
| Defendants-Appellees. | ) | |

**PLAINTIFF-APPELLANT EDWARD A. WEINHAUS MOTION
FOR ENJOINING STATE DEFENDANT-APPELLEE FROM
ASSIGNING FEES IN THIS CASE TO A CO-DEFENDANT FROM
PLAINTIFF, OR VOLUNTARY DISMISSAL OF DEFENDANT-
APPELLEE NATALIE B. COHEN IN THE ALTERNATIVE**

Plaintiff-Appellant Edward A. Weinhaus respectfully moves this

Court, pursuant to *Ex Parte Hull*, 28 U.S.C. § 2241, Rule 41(a)(2), Federal

Rules of Civil Procedure, for an order either enjoining the State Defendant

and its officers from granting fees in this case to its Co-Defendants, or in

FILED DATE: 5/13/2019 3:32 PM   2012D008800

**SA14**

FILED DATE: 5/13/2019 3:32 PM   2012D008800

the alternative, voluntarily dismissing Natalie B. Cohen as a defendant in this action.

The grounds for this motion are more fully set out in the attached memorandum in support, which is incorporated herein.

## MEMORANDUM IN SUPPORT OF MOTION OF
## EDWARD A. WEINHAUS FOR VOLUNTARY DISMISSAL OF
## DEFENDANT-APPELLEE NATALIE B. WEINHAUS

On April 8, 2019, Defendant-Appellee the State of Illinois, via its representative, the Hon. Judge Regina A. Scannicchio, assigned the fees of a State Co-Defendant in this case – Natalie B. Cohen - to be assigned to Plaintiff-Appellant Edward A. Weinhaus while this case is ongoing. Pro se Plaintiff-Appellant must pay the amount of $23,500 to Defendant-Appellee Natalie's counsel as ordered and enforced by Co-Defendant the State of Illinois. The Hon. Regina A. Scannicchio entered the order on behalf of the State of Illinois even after she had been informed that Plaintiff-Appellant's instant appeal before this Court a) includes the State of Illinois whom she represents as the primary Defendant, b) includes her name in the underlying Complaint as being the sole representative of the State Defendant and c) has a significant possibility of a result that Plaintiff-Appellant will be given leave to amend to name the same Regina A. Scannicchio as a party (should the district court's ruling stand regarding

FILED DATE: 5/13/2019 3:32 PM    2012D008800

the Eleventh Amendment).

The State of Illinois' interference in the financial aspect of the case by assigning fees to its Co-Defendant Natalie from the Plaintiff-Appellant is eliminating the *pro se* Plaintiff-Appellant's ability to seek justice in federal court for his claims. Further, his claims involve being released from "detention" under 28 U.S.C. § 2241, which is referenced in the instant Appeal in Footnote 3 and was part of the district court's record in multiple places. This Court's ability to offer justice in a case before its Court should be ruled by the law, and not one party acting to assist another by financially punishment using the authority of the state.

The situation of the State using its power to halt a *habeas corpus*-related issue by financially encumbering a litigant seeking release from detention is prohibited by the Court. A "state and its officers may not abridge or impair petitioner's right to apply to a federal court for a writ of *habeas corpus*. Whether a petition for writ of *habeas corpus* addressed to a federal court is properly drawn and what allegations it must contain are questions for that court alone to determine." *Ex parte Hull*, 312 U.S. 546, 549 (1941) (citations omitted). Plaintiff-Appellant raised § 2241 in the district court and in the appeal. For the Hon. Regina A. Scannicchio ,on behalf of the State of Illinois to punish a Plaintiff-Appellant for seeking

**SA16**

FILED DATE: 5/13/2019 3:32 PM   2012D008800

redress of his *habeas* rights is improper and should be enjoined.

The State of Illinois' imposition of fees on behalf of its Co-Defendant Natalie against Plaintiff-Appellant is in violation of his rights. It both "abridges" and "impairs" Edward's rights to apply to federal court for redress.

In the absence of this Court enjoining the State from forcing Plaintiff-Appellant to pay fees to the State's Co-Defendant Natalie, Plaintiff-Appellant seeks to voluntarily dismiss Defendant-Appellee Natalie B. Cohen from the Complaint. She is the only Defendant-Appellee over which the State of Illinois has any jurisdiction. This voluntary dismissal would allow Plaintiff-Appellant to continue pursuing his rights to redress, although admittedly with less effect, against the State and the other Defendants.

April 24, 2019

By:   /s/ Edward A. Weinhaus
      EDWARD A. WEINHAUS
      10859 Picadily Square Dr.
      St. Louis, MO  63146
      314 580 9580
      eaweinhaus@gmail.com

**SA17**

FILED DATE: 5/13/2019 3:32 PM    2012D008800

## CERTIFICATE OF FILING AND SERVICE

I hereby certify that on April 23, 2019, I electronically filed the foregoing Plaintiff-Appellant Edward A. Weinhaus motion with the Clerk of the Court for the United States Court of Appeals for the Seventh Circuit by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

/s/ Edward A. Weinhaus
EDWARD A. WEINHAUS
10859 Picadily Square Dr.
St. Louis, MO  63146
314 580 9580
eaweinhaus@gmail.com

**SA18**

UNITED STATES COURT OF APPEALS

FOR THE SEVENTH CIRCUIT

—————————————

No. 18-3185

—————————————

| | | |
|---|---|---|
| EDWARD A. WEINHAUS | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | Appeal from the |
| | ) | United States District Court |
| v. | ) | Northern District of Illinois |
| | ) | Eastern Division |
| NATALIE B. COHEN, | ) | No. 1:18-cv-02471 |
| STEVEN COHEN, | ) | |
| BARRY CHERNAWSKY, | ) | ————————————— |
| ADRIENNE CHERNAWSKY, | ) | |
| And | ) | Honorable Rebecca R. Pallmeyer |
| the STATE OF ILLINOIS | ) | District Judge |
| | ) | |
| Defendants-Appellees. | ) | |

### [DRAFT]ORDER OF ENJOINMENT/DISMISSAL

Upon motion of the Plaintiff-Appellant, Edward Weinhaus, and without resolution of any factual or legal claims and defenses, The Defendant-Appellee State of Illinois is hereby enjoined from assigning or enforcing the assignment of fees in this case from Plaintiff-Appellant to any Defendant-Appellee.

### OR IN THE ALTERNATIVE:

The Defendant-Appellee, Natalie Cohen is hereby dismissed as a party defendant in this case pursuant to Rule 41(a)(2), Federal Rules of Civil Procedure.

So Ordered this _____ day of _____, 2019.

———————————————————————————

Justice        Justice        Justice        Justice

**SA19**

FILED DATE: 5/13/2019 3:32 PM    2012D008800

FILED DATE: 5/13/2019 3:32 PM   2012D008800

FILED DATE: 10/24/2018 12:06 PM   2012D008800

# HR&K
### HURST, ROBIN & KAY, LLC



Brian J. Hurst, P.C.
Neil A. Robin, P.C.
John A. Kay, P.C.
Olga A. Allen+
Olga Stambler++

Perraud

*Of Counsel*
Richard D. Doermer

June 18, 2018

Barry and Adrienne Chernawsky
2025 Hidden Ridge Lane
Highland Park, IL 60035

Steven and Natalie Cohen
1939 Browning Court
Highland Park, IL 60035

Re: *Weinhaus v. Natalie Cohen, Steven Cohen, Barry Chernawsky, Adrienne Chernawsky and State of Illinois, 18-cv-2471*

Dear Mr. and Mrs. Cohen / Mr. and Mrs. Chernawasky:

I am writing to thank you for jointly retaining us to represent you in the above referenced case filed by Edward Weinhaus against each of you in the U.S. District Court for the Northern District of Illinois and to acquaint you with some of our procedures at Hurst, Robin & Kay concerning your matter and our billing practices. The terms set forth in this document constitute the retainer agreement between you and Hurst, Robin & Kay, LLC ("HRK").

I will personally coordinate and be responsible for the firm's work on your behalf. From time to time, other attorneys, clerks and paralegals at the firm may render services to you. Parts of my responsibilities include selecting personnel to provide services in a cost-effective manner.

The principal component of your fee will be the amount of time spent on your matter. Current hourly rates for Partners are set forth as follows:
Brian J. Hurst $395.00 for office time and $415.00 for court time
Neil A. Robin $395.00 for office time and $415.00 for court time
John A. Kay   $395.00 for office time and $415.00 for court time
Olga A. Allen $335.00 for office time and $350.00 for court time
Olga Stambler $335.00 for office time and $335.00 for court time

CHICAGO OFFICE: 30 N. LaSalle Street, Suite 1210 Chicago, Illinois 60602 • tel: 312-782-2400   fax: 312-782-4025
LAKE FOREST OFFICE: 222 E. Wisconsin Ave., Suite 4B  Lake Forest, Illinois 60045 • tel: 312-782-2400   fax: 312-782-4025
+Fluent in Polish  · ++Fluent in Russian
www.hrkfamilylaw.com

**SA20**

FILED DATE: 5/13/2019 3:32 PM   2012D008800

FILED DATE: 10/24/2018 12:06 PM   2012D008800

# HRK

### HURST, ROBIN & KAY, LLC

Associates hourly rate:

| | |
|---|---|
| Alexandra Perraud | $200.00 for office time and $220.00 for court time |
| Paralegal time | $150.00 per hour |

I will generally bill you on a monthly basis for services rendered. Costs will be itemized, and the statement will be accompanied by a billing describing our services. HRK reserves the right to increase the hourly rates set forth above periodically. You will be provided at least 30 days' notice of the increased rate. Absent a subsequent written agreement to the contrary, you agree to pay those increase hourly rates. Time spent on telephone conferences is considered billable. All attorney time is billed in minimum increments of ten minutes. All Court appearances will be billed for a minimum of one (1) hour. It may be necessary for more than one attorney from HRK to work on your case at any given time (i.e. to attend trial, hearing, depositions, settlement conferences, or meetings). You understand and acknowledge that you will be billed for each attorney's time a the applicable rates set forth above or as currently charged by HRK in connection with any such multiple attorney representation. Balances that remain unpaid for a period of time exceeding sixty (60) days will accrue interest at the rate of 5% per annum. You understand, acknowledge and agree that each of you is jointly and severally liable for all fees incurred and unpaid with respect to the representation set forth herein.

Please let this letter reflect our request for the initial retainer fee to represent you, which is due at the time of signing. The retainer of Ten Thousand Dollars ($10,000) should be made payable to Hurst, Robin & Kay. This amount will be deposited in the firm's general operating account and used as a deposit against fees incurred by you.

If your matter is concluded prior to the exhaustion of the retainer, the balance will be returned to you within thirty days of the conclusion of the proceedings. If your retainer is exhausted before your matter is concluded, we may ask that an additional retainer be provided, and the statements will be due upon receipt.

You acknowledge and agree that the costs of litigation are separate and distinct from attorneys' fees. You will reimburse HRK for all costs advanced by them in connection with your case, which costs will be included in your monthly bill. These may include, without limitation, filing fees, subpoena costs, court reporter, transcript, scanning, printing, copying and/or facsimile costs.

While we may offer our opinion and explain the legalities of the issues in your case as they arise, we make no promises or representations, guarantees or warranties as to the results to be obtained, whether by adjudication or negotiations, by offer, compromise, settlement, release or waiver on your behalf in this matter. It is always you who makes the final decision(s) as to your rights, duties, and property. We do not undertake, nor do we accept, any legal responsibilities as attorneys on your behalf for legal matter in other areas of the law which do not involve the case referenced above.

**SA21**

FILED DATE: 5/13/2019 3:32 PM   2012D008800
FILED DATE: 10/24/2018 12:06 PM   2012D008800

08/19/2018 1:37 PM FAX  3123462829        SUSMAN HEPFNER & HURST          ☑ 0003/0003

# HRK
### HURST, ROBIN & KAY, LLC

You acknowledge that you have been advised by HRK of your right, if a dispute arises, to contest, pursuant to an Alternative Dispute Resolution Mechanism ("ADR"), any attorneys' fees and costs charged by HRK to you, pursuant to this Agreement. You agree to waive this right in the event such a dispute arises, as does HRK.

If you have any questions concerning this agreement of our fee arrangements, please call. I know we will work well together and look forward to successful conclusion of this matter on your behalf.

Very truly yours,

Hurst, Robin & Kay

*Brian J. Hurst / ₲*

Brian J. Hurst

Enclosure

By signature below, I agree with the terms and rates set forth in the above letter, and agree to be bound accordingly.

_____
BARRY CHERNAWSKY

_____
ADRIENNE CHERNAWSKY

_____
STEVEN COHEN

_____
NATALIE COHEN

un 22 2018 15:57       BARICPROPERTIES          17735089993          Page 2

**SA22**

FILED DATE: 5/13/2019 3:32 PM   2012D008800

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT - DOMESTIC RELATIONS DIVISION

| | | |
|---|---|---|
| IN RE:  THE MARRIAGE OF | ) | |
| | ) | |
| EDWARD A. WEINHAUS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| and | ) | No.    12 D 008800 |
| | ) | |
| NATALIE B. WEINHAUS, | ) | |
| | ) | |
| Respondent. | ) | |

**EXHIBIT D**

### AFFIDAVIT OF NATALIE COHEN
### IN SUPPORT OF PETITION FOR ATTORNEYS' FEES AND COSTS  PURSUANT TO
### 750 ILCS 5/508(a) and 5/508(b)

NOW COMES your Affiant, and for her <u>Affidavit in Support of Petition for Attorneys'</u> <u>Fees and Costs Pursuant to 750 ILCS 5/508(a) and 5/508(b)</u>, under oath, and respectfully states as follows:

1.  I am the Respondent in the above-entitled matter, which action is pending before this Honorable Court. I am a person over the age of 18 years and would competently testify as to the facts contained herein as true, accurate and correct to the best of my knowledge and belief.

2.  That on or about June 18, 2018,  I retained Hurst, Robin & Kay, LLC to represent me in federal litigation which is ancillary to the above captioned cause.

3.  I lack sufficient income and assets with which to pay my attorneys' fees and costs, and without sufficient funds I will be unable to meaningfully participate in the resolution of said litigation.

4.  I have read the attached Petition for Attorneys' Fees and Costs pursuant to 750 ILCS 5/508(a) and 5/508(b), and all the allegations contained therein are true and correct except those stated upon information and belief.

5.  That if called as a witness in this matter, your Affiant would testify aforesaid.

**SA23**

FILED DATE: 5/13/2019 3:32 PM   2012D008800

*FURTHER YOUR AFFIANT SAYETH NAUGHT*

Under penalties as provided by law pursuant to Section 1-109 of the Illinois Code of Civil Procedure, the undersigned certifies that the statements set forth in this document are true and correct except as to matters therein stated to be upon information and belief, and as to such matters, the undersigned states that I verily believe the same to be true.

_____
NATALIE COHEN, Respondent

**HURST, ROBIN & KAY, LLC – #49363**
**Attorneys for Respondent**
**30 N. LaSalle, #1210**
**Chicago, IL 60602**
**(312) 782-2400**

2

**SA24**


EXHIBIT
E
tabbies

FILED DATE: 5/13/2019 3:32 PM   2012D008800

IN THE CIRCUIT COURT COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, DOMESTIC RELATIONS DIVISION

| | | |
|---|---|---|
| IN RE:  THE MARRIAGE OF | ) | |
| | ) | |
| EDWARD A. WEINHAUS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| and | ) | No.   12 D 008800 |
| | ) | |
| NATALIE B. WEINHAUS, | ) | |
| | ) | |
| Respondent. | ) | |

**AFFIDAVIT OF BRIAN HURST**
**IN SUPPORT OF PETITION FOR ATTORNEYS' FEES AND COSTS PURSUANT TO**
**750 ILCS 5/508(a) and 5/508(b)**

NOW COMES BRIAN HURST, an attorney, duly licensed to practice law in the State of

Illinois, under oath, and respectfully states as follows:

1.      I am one of the attorneys of record for Respondent, Natalie Cohen f/k/a Weinhaus

(hereinafter "Natalie"), in the above-entitled cause.

2.      I have reviewed the attached *Petition for Attorneys' Fees and Costs Pursuant to*

*750 ILCS 5/508(a) and 5/508(b).*

3.      All of the allegations contained in the Petition are true and correct, except

as to those stated on information and belief.

4.      I am a practitioner in the area of Matrimonial Law and am a partner in the firm of

Hurst, Robin, & Kay.  My practice is concentrated in the area of matrimonial law and I have

considerable experience in matrimonial matters.  I am a member of the Illinois State Bar

Association.  I was honored as an Illinois Top 40 under 40 attorney in 2009.

5.      My current hourly rate is $395.00 for office time and $415.00 for Court time which

are rates that are reasonable and customary for attorneys of our experience and standing.

6.     All of the services performed on behalf of Natalie Cohen by Hurst, Robin & Kay,

LLC were reasonable and necessary in the representation of this case.

7.     If called upon to testify I could affirm the same.

***FURTHER YOUR AFFIANT SAYETH NAUGHT***

Under penalties as provided by law pursuant to Section 1-109 of the Illinois Code of Civil Procedure, the undersigned certifies that the statements set forth in this document are true and correct except as to matters therein stated to be upon information and belief, and as to such matters, the undersigned states that I verily believe the same to be true.

**Brian Hurst**

**HURST, ROBIN & KAY #49363**
**Counsel for Respondent**
**30 North LaSalle Street, Suite 1210**
**Chicago, Illinois 60602**
**(312)782-2400**
*service@hrkfamilylaw.com*

**SA26**

# IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT - DOMESTIC RELATIONS DIVISION

**IN RE THE MARRIAGE OF:**                    )
                                               )
**EDWARD A. WEINHAUS,**                        )
                                               )
      Petitioner,  )   **No. 12D008800**
                                               )
      and           )   Cal 62
                                               )
**NATALIE B. WEINHAUS,**                       )
                                               )   JUDGE REGINA A. SCANNICCHIO
      Respondent.   )
                                                   FEB 19 2020

## ORDER

Circuit Court-2059

    This cause coming on to be heard on the Respondent NATALIE B. WEINHAUS'; (hereinafter NATALIE) Petition for Attorneys' Fees and Costs Pursuant to 750 ILCS 5/508(a) and 5/508(b); the Petitioner EDWRD A. WEINHAUS; (hereinafter EDWARD) having filed his response thereto; the Court having reviewed the pleadings and having heard the argument of counsel for each party; the Court having entered an order after argument requiring the parties to submit the following documents: updated financial affidavits; Respondent's retainer agreement with Hurst Robin & Kay; Respondent's summary billing statements; and after taking into account all of the factors and criteria set forth in §508 of the Illinois Marriage and Dissolution of Marriage Act, and now being fully advised in the premises; the Court does find as follows

1. The Court has jurisdiction over the parties and the subject matter.

2. The parties bifurcated Judgment for Dissolution was entered on April 15, 2015 and Supplemental Judgment on July 8, 2015.

3. The Agreed Joint Parenting Agreement was entered on October 2, 2014 and subsequently modified on April 26, 2016.

4. This matter has been litigated since April 2016 through and including this recent proceeding in July of 2019.

5. Edward has initiated proceedings in the Circuit Court of Cook County, the Illinois Appellate Court; the Federal District Court and the United States Court of Appeals for the Seventh Circuit – the pleading and dates fully set forth in Natalie's Petition for fees at paragraphs 7 (a-k) and paragraphs 8-12.

6. In April of 2019 six of Edward's pleadings were set for hearing and after all pleadings were fully briefed and the Court commencing the hearing of the six pleadings Edward voluntarily withdrew all pleadings on April 11, 2019.

7. Edward did however file his motion in the United States Court of Appeal for the Seventh Circuit on April 23, 2019 seeking to enjoin the fees awarded by this Court to Natalie under 508(a).

8. Natalie seeks the sum of $27,987.62 which is the remaining balance of attorneys' fees which she incurred between January 2017 to April 2019.

## Analysis:

The Court notes that 750 ILCS 5/508(a) allows attorney's fees for "ancillary litigation incident to, or reasonably connected with, a proceeding under this Act." §508(a)(6). This has included bankruptcy proceedings *(In Re Marriage of Kent, 267 Ill.App.3d 142 (2nd Dist. 1994))* and defense in a lawsuit against a third party for a debt allocated to the husband in a divorce judgment *(In Re Marriage of Davis, 292 Ill.App.3d 802 (4th Dist. 1997))*. As stated by the Court in *Crouch v. Smick, 404 Ill.Dec. 103, 110, (App. Ct. 5th Dist. 2016)*, the purpose, ... of the proceeding . . . determines whether §508 of the [IMDMA] applies."

Further 508(b) provides that "If at any time a court finds that a hearing under this act was precipitated for or conducted for any improper purpose the court shall allocate fees and costs of all parties for the hearing to the party or counsel found to have acted improperly. Improper purposes include, but are not limited to, harassment, unnecessary delay or **other act acts needlessly increasing the cost of litigation**." (emphasis added)

There is little question that EDWARD has taken actions and done everything in his power to extend the litigation between the parties, including multi count extensive pleadings in the Circuit Court, the actions initiated in the Federal Court and the filing of appeals. EWARD's actions directly caused the post decree litigation to span over 2 years. In addition, EDWARD filed motions and petitions that were extraordinary in length. While not violating rules that limit page numbers on pleadings, the extraordinary length of a number of these petitions (including exhibits) required significant time to be spent by NATALIE's attorneys in reviewing the motions and preparing responses to them.

Most egregious was EDWARD's withdrawal of six pleadings on the day of trial set for April 11, 2019. While EDWARD claimed that he no longer wanted to litigate but sought only to engage in counselling the minor children; NATALIE and her counsel expended several hours of time in preparation of responses to the six petitions and preparation for the trial.

SA28

Because of his actions, NATALIE is entitled to a contribution to her attorney's fees. This award is not based on the ability of the parties to pay, but rather EDWARD's actions which exponentially increased the cost of this litigation to NATALIE who had to pay her attorneys while EDWARD represented himself through much of the litigation and had no cost associated with self-representation.

Furthermore, in order to assess what, if anything, to award as contribution in any dissolution matter, a court must make such awards in accord with 750 ILCS 5/508(a). Specifically, in this matter, this Court makes its award in connection with (1) the maintenance or defense of any proceeding under this Act; as well as (3) the defense of an appeal or any order or judgment under this Act; and (6) ancillary litigation incident to, or reasonably connected with, a proceeding under this Act.

This Court considered the work done by NATALIE's counsel in connection with EDWARD's appeal of this Court's orders and could do so either pursuant to 508(a)(6) and (a)(3). Moreover, this Court awarded attorney's fees, as it is empowered to do regardless of the specificity of the precedential cases' facts, based on its consideration of EDWARD's actions and his undue litigiousness, as noted above. In re the Marriage of Patel, 2013 Il App (1st) 112571; and In re the Marriage of Haken, 394 Ill. App. 3d 155 (4th Dist. 2009); In re the Marriage of Cotton, 103 Ill. 2d 346, 361-62 (1984).

Based upon the analysis above; IT IS HEREBY ORDERED:

1. The Respondent's Petition for Attorneys' Fees and Cost Pursuant to 750 ILCS 5/508(a) and 508(b) is granted; and

2. The Petitioner shall pay to the Respondent the sum of $25,000 as and for attorneys fees and costs within 60 days of the entry of this order; and

3. All counsel of record and the parties shall appear in open Court on February 28, 2019 at 9:30 am for a status of this cause.

ENTERED: _2/19/2020_
Date

_Scannicchio #2059_
Hon. Regina A. Scannicchio

3

**SA29**

## IN THE CIRCUIT COURT OF COOK COUNTY
## COUNTY DEPARTMENT-DOMESTIC RELATIONS DIVISION

IN RE: THE MARRIAGE OF: )
EDWARD WEINHAUS, )
        Petitioner, )
                       )     NO: 12 D 8800
      and              )     Cal 62
                       )
NATALIE WEINHAUS, )
        Respondent. )

JUDGE REGINA A. SCANNICCHIO

SEP 08 2020

Circuit Court-2059

### ORDER

This causing coming on to be heard remotely via Zoom on the Petitioner, Edward Weinhaus' ("Edward"), Verified Motion to Reconsider Order of February 19, 2020 and for Other Relief and Respondent, Natalie Cohen's (f/k/a Weinhaus ) ("Natalie") Petition for Rule to Show Cause for Indirect Civil Contempt and for Other Relief, Edward appearing both in person and also appearing through his counsel Rebecca Melzer of Berlin Melzer Law LLC, having filed a Limited Scope Appearance to argue the Verified Motion to Reconsider Order of February 19, 2020, and Natalie appearing only through her counsel Brian Hurst and Olga Stambler of Hurst, Robin & Kay, LLC, the Court having reviewed the pleadings and having heard the argument of counsel of each party, and being fully advised in the premises:

THE COURT FINDS and/or CLARIFIES:

A. The fees awarded in the February 19, 2020 Order were granted only pursuant to 750 ILCS 5/508(b) and not on the basis of 750 ILCS 5/508(a); and

B. A signed engagement agreement between Natalie and her counsel is not required to award fees pursuant to 750 ILCS 5/508(b);

C. Based on the findings in paragraphs A and B above, the Court made no determination as to whether the engagement agreement and the statement of client's rights and responsibilities satisfies the requirement of a signed engagement agreement under 750

**SA30**

ILCS 5/508(c).

IT IS ORDERED:

1.      Edward's Verified Motion to Reconsider Order of February 19, 2020 and for Other Relief is denied in its' entirety (Count I and Count II both denied).

2.      Berlin Melzer Law LLC is granted leave to withdraw its Limited Scope Appearance pursuant to Illinois Supreme Court Rule 13 instanter pursuant to the oral motion made via Zoom, unobjected to by Edward and counsel for Natalie.

*Jcaevnecko #2059*
JUDGE

*Prepared by:*
**HURST, ROBIN & KAY - #49363**
**Attorney for Respondent**
**30 N. LaSalle Street, Suite 1210**
**Chicago, Illinois 60602**
**(312) 782-2400**
**service@hrkfamilylaw.com**

**Berlin Melzer Law LLC (#61242): admin@berlinmelzerlaw.com**
**Edward Weinhaus, Pro Se: eaweinhaus@gmail.com**

**SA31**

## CERTIFICATE OF FILING AND SERVICE

I hereby certify that on April 4, 2025, I electronically filed the foregoing Brief and Supplemental Appendix of Defendant-Appellee the Honorable Regina A. Scannicchio with the Clerk of the Court for the United States Court of Appeals for the Seventh Circuit by using the CM/ECF system.

I further certify that the other participants in this appeal, named below, are registered CM/ECF users and thus were served via the CM/ECF system.

Michael J. Progar, mjp@progarlaw.com

Antonio Valiente, lcdoavaliente@live.com

Adam Florek, aflorek@florekllc.com

/s/ Alexandrina Shrove
ALEXANDRINA SHROVE
Assistant Attorney General
115 South LaSalle Street
Chicago, Illinois 60603
(312) 814-2193 (office)
(773) 590-7061 (cell)
Alexandrina.Shrove@ilag.gov