UNITED STATES COURT
OF APPEALS

FOR THE SEVENTH CIRCUIT

───────────────

No. 24-2473

───────────────

| | | |
|---|---|---|
| EDWARD "COACH" WEINHAUS, | ) | |
|     Plaintiff-Appellant | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| REGINA A. SCANNICCHIO | ) | Appeal No.: 24-2473 |
| And | ) | Dist. Ct.: N.D.Ill. – Eastern Div. |
| ILLINOIS JUDGES ASSOCIATION, | ) | Civil Case: 1:24-cv-03061 |
|     Defendants-Appellees | ) | Dist. Judge John Robert Blakey |

───────────────

Reply Brief of
Plaintiff-Appellant Edward "Coach" Weinhaus

───────────────

Adam Florek
IARDC No: 6320615
N.D. Ill. Gen. Bar No.: 6320615
Florek Law, LLC
11 Knollwood Drive
North Caldwell, NJ 07006
Tel: +1 (929) 229-2268
Email: aflorek@florekllc.com

# Table of Contents

Table of Contents ............................................................................................................. i

Table of Authorities ........................................................................................................ ii

Introduction .................................................................................................................... 1

Argument ........................................................................................................................ 3

    I.   The District Court Erred When It Failed to Consider the Factors Articulated by the Supreme Court and Dismissed Plaintiff-Appellant's Amended Complaint Pursuant to Rooker-Feldman ................................................................. 3

        a.  Plaintiff-Appellant was injured by Defendant-Appellees' deprivation of his Constitutionally protected rights, an injury that preceded the state court judgement .......................................................................................................... 3

        b.  Nothing in Plaintiff-Appellant's underlying lawsuit would require the District Court to modify, reverse, avoid, or otherwise disturb any state court decision or affect any state court participant beyond Plaintiff-Appellant ......................... 6

        c.  Plaintiff-Appellant could not have raised his Constitutional claims, against third-party defendants, during the underlying appellate court action ................. 8

Conclusion .................................................................................................................... 10

Certificate of Compliance with Fed. R. App. Pro. 32(a)(7) and 32(g) and Circuit Rule 32(c) ............................................................................................................................. 11

Certificate of Service ................................................................................................... 12

# Table of Authorities

**Cases**

Carey v. Piphus, 435 U.S. 247 (1978) ................................................................................ 4

D.C. Ct. of Appeals v. Feldman, 460 U.S. 462 (1983) ...................................................... 6

Dorce v. City of New York, 2 F.4th 82 (2d Cir. 2021) ....................................................... 5

Elrod v. Burns, 427 U.S. 347 (1976) .................................................................................. 4

Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280 (2005) ................ 1, 3, 6, 7

Ezell v. City of Chicago, 651 F.3d 684, 699 (7th Cir. 2011) ............................................. 4

GASH Assocs. v. Vill. of Rosemont, Ill., 995 F.2d 726 (7th Cir. 1993) ........................... 6

Gilbank v. Wood County Dep't of Human Servs., 111 F.4th 754 (7th Cir. 2024) 3, 6, 7

Hunter v. McMahon, 75 F.4th 62 (2d Cir. 2023) ................................................................ 5

Johnson v. De Grandy, 512 U.S. 997 (1994) ...................................................................... 8

Kowalski v. Boliker, 893 F.3d (7th Cir. 2018) ................................................................ 4, 5

Propert v. D.C., 948 F.2d 1327 (D.C. Cir. 1991) ................................................................ 4

Roman Cath. Diocese of Brooklyn v. Cuomo, 592 U.S. 14 (2020) ................................. 4

Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923) ............................................................ 6

Swartz v. Heartland Equine Rescue, 940 F.3d 387 (7th Cir. 2019) ................................. 6

Tandon v. Newsom, 593 U.S. 61 (2021) ............................................................................. 4

**Statutes**

750 Ill. Comp. Stat. § 5/403 ................................................................................................ 8

**Introduction**

This appeal arises from the District Court's July 24, 2024 Order, wherein it dismissed the underlying lawsuit pursuant to *Rooker-Feldman* but, failed to examine the factors articulated in Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280 (2005). Had the District Court conducted an analysis of the Exxon, factors it would have concluded that Plaintiff-Appellant's lawsuit did not allege an injury resulting from a state-court decision; did not seek to modify, reverse, or otherwise disturb any state-court decision; and sought relief for a wholly separate claim that he was unable to raise during the state court proceedings against nonparties to or in the state court proceedings.

In his Opening Brief, Plaintiff-Appellant clearly showed that he was injured by Defendant-Appellees' deprivation of his Constitutionally protected rights, an injury that *preceded* the state court judgement; that the relief sought in his Amended Complaint would not require the District Court to modify, reverse, avoid, or otherwise disturb any state court decision – none of the Defendant-Appellees were even named in that lawsuit; and that he could not have raised his Constitutional claims, against third-party defendants, during the underlying appellate court action.

Defendant-Appellants attempt to distinguish Plaintiff-Appellant's circumstances from the weight of the cited authority but are unpersuasive; they rely on outmoded tests or lend credence to Plaintiff-Appellant's arguments. Accordingly, the Court should

vacate the dismissal and remand this matter for further proceedings in the District Court.

## Argument

I. <u>The District Court Erred When It Failed to Consider the Factors Articulated by the Supreme Court and Dismissed Plaintiff-Appellant's Amended Complaint Pursuant to Rooker-Feldman</u>

As articulated in Plaintiff-Appellant's Opening Brief, had the District Court examined the four factors articulated in <u>Exxon Mobil Corp. v. Saudi Basic Indus. Corp.</u>, 544 U.S. 280 (2005), it would have concluded that Plaintiff-Appellant's lawsuit did not allege an injury resulting from a state-court decision; did not seek to modify, reverse, or otherwise disturb any state-court decision; and sought relief for a wholly separate claim – against wholly separate parties – that he was unable to address during the state-court proceedings. "Only when every element is met does *Rooker-Feldman* enter the picture." <u>Gilbank v. Wood Cnty. Dep't of Hum. Servs.</u>, 111 F.4th 754, 792 (7th Cir. 2024) (Kirsch, J., concurring for the majority).

> *a. Plaintiff-Appellant was injured by Defendant-Appellees' deprivation of his Constitutionally protected rights, an injury that preceded the state court judgement*

Plaintiff-Appellant's Opening Brief outlines how his injury resulted from Defendant Scannicchio's *extra*-judicial conduct and the collusion by members of the Illinois Judges Association ("IJA") whereby they chose to protect their own self-interests. However, Defendant-Appellees argue[1] that the injury was caused by the dismissal of Plaintiff-Appellant's appeal, but this argument ignores the nature of violations of our Constitution and controlling case law.

---

1. Each Defendant-Appellee Scannicchio and Illinois Judges Association submitted individual briefs addressing the issues raised in Plaintiff-Appellant's Opening Brief. The issues and arguments raised are similar, so they are addressed simultaneously.

3

The violation of a Constitutionally protected right is an injury in and of itself. See Elrod v. Burns, 427 U.S. 347, 373 (1976) (Recognizing that "[t]he loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury."); Roman Cath. Diocese of Brooklyn v. Cuomo, 592 U.S. 14, 19 (2020) (same) (quoting Elrod, 427 U.S. at 373); Tandon v. Newsom, 593 U.S. 61, 64 (2021)(same); Ezell v. City of Chicago, 651 F.3d 684, 699 (7th Cir. 2011) (Recognizing the abrogation of Second Amendment rights necessarily results in "intangible and unquantifiable" injuries); Carey v. Piphus, 435 U.S. 247, 266 (1978) (Concluding "the right to procedural due process is 'absolute' in the sense that it does not depend upon the merits of a claimant's substantive assertions, and because of the importance to organized society that procedural due process be observed, [and finding that], the denial of procedural due process should be actionable for nominal damages without proof of actual injury."); Propert v. D.C., 948 F.2d 1327, 1332 (D.C. Cir. 1991) (finding that the government must provide due process before a final deprivation of property)(collecting cases).

Defendant-Appellees similarly attempts to erode Plaintiff-Appellant's reliance on Kowalski v. Boliker, 893 F.3d 987 (7th Cir. 2018), arguing that because there was no final order in the underlying case there and that plaintiff did not seek to reject such order. Br. and Supp. Appx. Def. Scannicchio, p. 12. However, Kowalski, clearly states:

> [E]ven if Rooker-Feldman applied… the doctrine still would have no bearing on [plaintiff's] appeal because he has not asked us to reject any such order. [Plaintiff] has disclaimed

4

> any attempt to challenge or circumvent the state court's decision to quash [plaintiff's] subpoena of the sheriff. He seeks not information from those defendants but rather damages for interference with his state proceeding.

And that is precisely the propositions upon which Plaintiff-Appellant relies. Here, as in Kowalski, Plaintiff-Appellant does not seek to disturb the underlying judgement but rather, hold third parties accountable for their interference in his Constitutionally protected rights to Equal Protection and Due Process prior to the judgment.

Defendant-Appellees attempt to undermine Plaintiff-Appellant's reliance on Hunter v. McMahon, 75 F.4th 62 (2d Cir. 2023) and Dorce v. City of New York, 2 F.4th 82 (2d Cir. 2021) arguing that because the offending conduct preceded the state court judgements, they cannot support Plaintiff-Appellant's position. But this is exactly the point Plaintiff-Appellant cites those decisions for; as discussed in the Opening Brief, the claims at issue arise from conduct that *preceded* the state-court judgment and this suit does not seek to disturb the same. Moreover, these cases are fatal to Defendant-Appellees' argument. Defendant-Appellees cannot address the underlying conduct because it preceded the state court judgement and involved nonparties – as if the state court's judgment could immunize their attack on Plaintiff-Appellant's rights. Compare Pl.-Appt.'s Opening Br., pp. 16-19 (examining the source of Plaintiff-Appellant's injury) with Br. and Supp. Appx. Def. Scannicchio, *passim* (ignoring the underlying source of Plaintiff-Appellant's injury).

> b. *Nothing in Plaintiff-Appellant's underlying lawsuit would require the District Court to modify, reverse, avoid, or otherwise disturb any state court decision or affect any state court participant beyond Plaintiff-Appellant*

An inseparable element of *Rooker-Feldman* is the disturbance of an underlying state court decision. Rooker v. Fidelity Trust Co., 263 U.S. 413, 416 (1923); D.C. Ct. of Appeals v. Feldman, 460 U.S. 462, 486 (1983); Exxon, 544 U.S. at 283; Gilbank, 111 F.4th at 766. However, the Supreme Court made clear in Exxon that "[i]f a federal plaintiff presents some independent claim, albeit one that denies a legal conclusion that a state court has reached in a case to which he was a party, then there is jurisdiction and state law determines whether the defendant prevails under principles of preclusion." Exxon, 544 U.S. at 293 (cleaned up) (quoting GASH Assocs. v. Vill. of Rosemont, Ill., 995 F.2d 726, 728 (7th Cir. 1993)).

Defendant-Appellees argue that the adjudication of Plaintiff-Appellant's claims necessarily requires it to review and reject the Illinois Appellate Court's dismissal but, that simply is *not so* and none of the numerous cases cited support their position. Nothing in the Amended Complaint seeks to modify, reverse, avoid, or otherwise disturb any state court decision.[2] Instead, the Amended Complaint brings independent claims seeking compensatory damages against unrelated third parties which were

---

[2]. Defendant-Appellee IJA argues that the claims at issue here are "inextricably intertwined" with the state-court judgement and rely on Swartz v. Heartland Equine Rescue, to support the same. 940 F.3d 387, 391 (7th Cir. 2019). However, in Gilbank, this Circuit recognized that courts "should no longer rely on the 'inextricably intertwined' language that has contributed to confusion in applying the *Rooker-Feldman* doctrine." 111 F.4th at 761 n. 5. Moreover, since no participant involved in the Appellate Court judgment would be affected by the relief sought in the Amended Complaint, merely invoking the words "inextricably intertwined" should not persuade the Court without some persuasive authority. There is none. "Intertwining" has always required state court participants, or the judgment being affected; but neither is at risk here.

neither named nor impacted by the underlying state court judgement. Plaintiff-Appellant seeks to recover damages resultant from the deprivation of his rights.

"The key *Rooker-Feldman* inquiry is not simply whether a plaintiff's injury can be separated from the state court judgment that completed it but also whether the plaintiff asks a federal court to reverse a state court judgment." Gilbank, 111 F.4th at 792 (Kirsch, J., concurring for the majority). The Supreme Court emphasized that *Rooker-Feldman* precluded federal courts from overturning a state-court judgment, "'[r]eview and reject[ ],' the [Supreme] Court made clear, means that the plaintiff asks a federal court to 'overturn' or 'undo' the state court judgment." Id. at 792-793 (Kirsch, J., concurring for the majority) (quoting Exxon, 544 U.S. at 287 n.2, 292-293). "[I]dentifying what the plaintiff has requested is the key *Rooker-Feldman* inquiry." Id. at 792-793 (Kirsch, J., concurring for the majority).

In his Amended Complaint, Plaintiff-Appellant seeks a finding that "Defendants violated his rights to Equal Protection of the Law and Due Process under the Fourteenth Amendment to the Constitution[,]" (Dkt. 16, at p. 7); and money damages from Defendant-Appellees Scannicchio and the IJA. Neither form of redress would disturb or overturn the state-court decision nor seek redress from any party to the state-court decision. (Dkt. 16, ¶¶ 37-40).

Moreover, aside from Plaintiff-Appellant, none of the parties to this lawsuit were parties to the underlying state-court proceedings nor did they sit in judgment of the appeal. Therefore, no judgement rendered by the District Court would risk disturbing

7

the underlying judgement. See also Johnson v. De Grandy, 512 U.S. 997, 1006 (1994) (finding that Rooker-Feldman does not bar federal claims when the party bringing such claims was not a party to the underlying state court action and supporting that proposition that non-parties to a state court action cannot disclaim liability for unrelated claims if they were not parties to the underlying state court action).

  *c. Plaintiff-Appellant could not have raised his Constitutional claims, against third-party defendants, during the underlying appellate court action*

Defendant-Appellees' argue that Plaintiff-Appellant could have raised the underlying Constitutional issues in his state court proceedings and note that nothing in Illinois procedural law prohibits a litigant from raising questions of bias in a custody proceeding, but this argument ignored the procedural posture of the underlying state court proceeding. Trial was resolved in 2015 when a decree of divorce was entered but, Cook County Circuit Court's Domestic Relations Division retained jurisdiction to resolve various post-decree issues. (Dkt. 16, at ¶ 15) Post-decree issues were first concluded on September 8, 2020, leaving the October 8, 2020 Appeal and attendant issues. (Id., at ¶ 18).

While Illinois's Dissolution of Marriage Act permits joinder of third parties as "necessary and proper for the exercise of its authority under this Act[,]" it cannot adjudicate new, unrelated claims. 750 Ill. Comp. Stat. § 5/403 (d). Accordingly, as discussed in his Opening Brief, to raise his Equal Protection and Due Process claims at the state-court, Plaintiff-Appellant would have to institute a new proceeding because

8

such unrelated claims are impermissible under Illinois' Dissolution of Marriage Act. Further, Plaintiff-Appellant would have had to have *known* about the deprivation and actions taken by non-parties while the litigation was ongoing. Therefore, Plaintiff-Appellant never had a reasonable opportunity to raise his Constitutional issues in the state courts.

**Conclusion**

For the reasons raised in Plaintiff-Appellant's Opening Brief and expanded upon herein, this court should vacate the District Court's dismissal and remand this matter for further proceedings in the District Court.

Dated: April 25, 2025

Respectfully submitted,

_____
Adam Florek
N.D. Ill. Bar No.: 6320615
Florek Law, PLLC
636 Broadway, Suite 514
New York, New York 10012
Tel: +1 (929) 229-2268
Email: aflorek@florekllc.com

Antonio Valiente-Rivera
N.D. Ill. Gen. Bar No.: 12326
Torre de La Reina - Suite 203
450 Avenida de La Constitucion
San Juan, Puerto Rico 00901
Tel:  (787) 782-9544
Email:  lcdoavaliente@live.com

# Certificate of Compliance with Fed. R. App. Pro. 32(a)(7) and 32(g) and Circuit Rule 32(c)

The undersigned, counsel for the Plaintiff-Appellant, Edward "Coach" Weinhaus furnishes the following in compliance with Fed. R. App. Pro. 32(a)(7) and hereby certifies that this brief conforms to Rule 32(a)(7) for a brief produced with a proportionally spaced font, containing 1,909 words and the typeface is Garamond, 14 point.

Dated: April 25, 2025

                                        Respectfully submitted,

                                        */s/ Adam Florek*
                                        Adam Florek
                                        N.D. Ill. Bar No.: 6320615
                                        Florek Law, PLLC
                                        636 Broadway, Suite 514
                                        New York, New York 10012
                                        Tel: +1 (929) 229-2268
                                        Email: aflorek@florekllc.com

                                        Antonio Valiente-Rivera
                                        N.D. Ill. Gen. Bar No.: 12326
                                        Torre de La Reina - Suite 203
                                        450 Avenida de La Constitucion
                                        San Juan, Puerto Rico 00901
                                        Tel: (787) 782-9544
                                        Email: lcdoavaliente@live.com

# Certificate of Service

The undersigned, counsel for the Plaintiff-Appellant, Edward "Coach" Weinhaus, hereby certifies that on April 25, 2025, electronic copies of this Reply Brief were delivered by e-mail and CM/ECF to counsel for the Defendant-Appellees Regina Scannicchio and the Illinois Judges Association.

Dated: April 25, 2025

Respectfully submitted,

*/s/ Adam Florek*
Adam Florek
N.D. Ill. Bar No.: 6320615
Florek Law, PLLC
636 Broadway, Suite 514
New York, New York 10012
Tel: +1 (929) 229-2268
Email: aflorek@florekllc.com

Antonio Valiente-Rivera
N.D. Ill. Gen. Bar No.: 12326
Torre de La Reina - Suite 203
450 Avenida de La Constitucion
San Juan, Puerto Rico 00901
Tel: (787) 782-9544
Email: lcdoavaliente@live.com