UNITED STATES COURT
OF APPEALS

FOR THE SEVENTH CIRCUIT

———————————

No. 24-2473

———————————

EDWARD "COACH" WEINHAUS,                )
        Plaintiff-Appellant                )
                                        )
   v.                                   )
                                        )
REGINA A. SCANNICCHIO                   )     Appeal No.: 24-2473
And                                     )     Dist. Ct.: N.D.Ill. – Eastern Div.
ILLINOIS JUDGES ASSOCIATION,            )     Civil Case: 1:24-cv-03061
        Defendants-Appellees               )     Dist. Judge John Robert Blakey

———————————

**Petition for Rehearing and Petition for Rehearing *En Banc***

———————————

Adam Florek
IARDC No: 6320615
N.D. Ill. Gen. Bar No.: 6320615
Florek Law, LLC
11 Knollwood Drive
North Caldwell, NJ 07006
Tel: +1 (929) 229-2268
Email: aflorek@florekllc.com

Save As    Clear Form

**APPEARANCE & CIRCUIT RULE 26.1 DISCLOSURE STATEMENT**

Appellate Court No: 24-2473

Short Caption: EDWARD "COACH" WEINHAUS v. REGINA A. SCANNICCHIO and ILLINOIS JUDGES ASSOCIATION

To enable the judges to determine whether recusal is necessary or appropriate, an attorney for a non-governmental party, amicus curiae, intervenor or a private attorney representing a government party, must furnish a disclosure statement providing the following information in compliance with Circuit Rule 26.1 and Fed. R. App. P. 26.1.

The Court prefers that the disclosure statements be filed immediately following docketing; but, the disclosure statement must be filed within 21 days of docketing or upon the filing of a motion, response, petition, or answer in this court, whichever occurs first. Attorneys are required to file an amended statement to reflect any material changes in the required information. The text of the statement must also be included in the front of the table of contents of the party's main brief. **Counsel is required to complete the entire statement and to use N/A for any information that is not applicable if this form is used.**

☐    **PLEASE CHECK HERE IF ANY INFORMATION ON THIS FORM IS NEW OR REVISED AND INDICATE WHICH INFORMATION IS NEW OR REVISED.**

(1)    The full name of every party that the attorney represents in the case (if the party is a corporation, you must provide the corporate disclosure information required by Fed. R. App. P. 26.1 by completing item #3):
PLAINTIFF-APPELLANT EDWARD "COACH" WEINHAUS

(2)    The names of all law firms whose partners or associates have appeared for the party in the case (including proceedings in the district court or before an administrative agency) or are expected to appear for the party in this court:
No Firms, only Antonio Valiente-Rivera

(3)    If the party, amicus or intervenor is a corporation:

i)    Identify all its parent corporations, if any; and
n/a

ii)    list any publicly held company that owns 10% or more of the party's, amicus' or intervenor's stock:
n/a

(4)    Provide information required by FRAP 26.1(b) – Organizational Victims in Criminal Cases:
n/a

(5)    Provide Debtor information required by FRAP 26.1 (c) 1 & 2:
n/a

Attorney's Signature: _____    Date: July 2, 2025    _____

Attorney's Printed Name: Adam Florek

Please indicate if you are *Counsel of Record* for the above listed parties pursuant to Circuit Rule 3(d).    Yes ☐    No ☑

Address: 11 Knollwood Drive

North Caldwell, NJ 07006

Phone Number: 929-229-2268    Fax Number: _____

E-Mail Address: aflorek@florekllc.com

rev. 12/19 AK

# TABLE OF CONTENTS

FED. R. APP. P. 40(B) STATEMENT ................................................................ 1

STATEMENT ................................................................................................ 3

    a.   Factual Background ............................................................................ 3

    b.   Procedural Background ...................................................................... 4

    c.   Panel Decision .................................................................................. 5

ARGUMENT ................................................................................................. 6

    a.   The Panel's Decision Violates the Cross-Appeal Rule and Conflicts With the Supreme Court and This Court's Precedent ....................................... 6

       1.   The Panel's Decision Conflicts with Controlling Supreme Court and Seventh Circuit Precedent Enforcing the Cross-Appeal Rule ..................................... 8

       2.   The Panel's Decision Conflicts with Controlling Supreme Court and Seventh Circuit Precedent by Expanding the District Court's Judgement in Favor of the Defendant-Appellee at the Expense of Plaintiff-Appellant ................... 9

    b.   The Panel's Decision Violates the Principle of Party Presentation and Supreme Court Precedent ............................................................... 12

    c.   Plaintiff-Appellant's Claims Would Not Have Been Subject To Dismissal With Prejudice If They Had Been Adjudicated by the District Court ........... 12

    d.   Until The Panel Decides Jurisdiction, It Cannot Exercise Hypothetical Jurisdiction to Rule On The Merits ................................................. 15

CONCLUSION .............................................................................................. 17

Certificate of Compliance with Fed. R. App. Pro. 32(g) and 40(d)(3) Circuit Rule 32(c) ...................................................................................................... 18

Certificate of Service .................................................................................. 19

# TABLE OF AUTHORITIES

**Cases**

1000 Friends of Wisconsin Inc. v. United States Dep't of Transportation,..................
    860 F.3d 480 (7th Cir. 2017) ................................................................. 9

Alejo v. Heller, 328 F.3d 930 (7th Cir. 2003) .................................... 2, 10

Ashcroft v. Iqbal, 555 U.S. 271 (2009) ........................................ 14

Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007) ........................... 2, 6, 14, 15

Brant v. Schneider Nat'l, Inc., 43 F.4th 656 (7th Cir. 2022)...................... 15

Cellco Partnership v. City of Milwaukee,
    No. 24-1212, 2025 WL 1672088 (7th Cir., 2025).......................... 9, 12

Greenlaw v. United States, 554 U.S. 237 (2008) ........................... 1, 7, 14

Indep. Trust corp. v. Stewart Info. Servs. Corp., 665 F.3d 930 (7th Cir. 2012) .... 2, 15

Kamen v. Kemper Fin. Servs., Inc., 500 U.S. 90 (1991)........................... 14

Lee v. City of Chicago, 330 F.3d 456 (7th Cir. 2003)............................ 1, 8

Massachusetts Mut. Life Ins. Co. v. Ludwig, 426 U.S. 479 (1976)............................ 7

McDonough v. Dannery, 3 Dall. 1 88 (1796)............................ 7

Morley Constr. Co. v. Maryland Casualty Co., 300 U.S. 185 (1937) .......................... 7

Reger Development, LLC v. National City Bank, 592 F.3d 759 (7th Cir. 2010)) ..... 15

Richardson v. City of Chicago, Ill., 740 F.3d 1099 (7th Cir. 2014) ............................ 1

Runnion ex rel. Runnion v. Girl Scouts of Greater Chicago & Nw. Indiana,................
    786 F.3d 510 (7th Cir. 2015). ...................................................... 3, 15

Ryder v. Hyles, 27 F.4th 1253 (7th Cir. 2022)............................ 15

Steel Co. v. Citizens for a Better Environment, 523 U.S. 83 (1998)........................ 17

United States ex rel. Stachulak v. Coughlin, 520 F.2d 931 (7th Cir.1975)................ 8

United States v. Am. Ry. Exp. Co., 265 U.S. 425 (1924)......................... 8, 9

United States v. Sineneng-Smith, 590 U.S. 371 (2020) ............................ 13

**Rules**

Fed. R. App. P. 40(B) ........................................................................ 1

Fed. R. Civ. P. 12(b)(6)........................................................... passim

## FED. R. APP. P. 40(B) STATEMENT

The Panel made several errors when it declined to address the issue presented for review by Plaintiff-Appellant: whether the District Court erred when it dismissed Plaintiff-Appellant's Amended Complaint for lack of jurisdiction, pursuant to the *Rooker-Feldman* doctrine; instead—ruling on the merits of a case without jurisdiction—the Court concluded that Plaintiff-Appellant's "amended complaint is subject to dismissal regardless because it fails to state a claim upon which relief can be granted." (June 18, 2025 Order, Dkt. 43).

First, the Panel's decision to ignore Plaintiff-Appellant's challenge of the District Court's *Rooker-Feldman* analysis to conclude that he failed to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) violates the cross-appeal rule and ignores this Court's controlling precedent and its role as a court of *appellate* review. The Supreme Court has long recognized that the cross-appeal rule prohibits an appellate court from altering a judgement to benefit a nonappealing party. Greenlaw v. United States, 554 U.S. 237, 244 (2008). Similarly, this Court has recognized and applied the cross-appeal rule. See Richardson v. City of Chicago, Ill., 740 F.3d 1099 (7th Cir. 2014) (citing Greenlaw and declining to alter the judgment to make it more favorable to appellee); Lee v. City of Chicago, 330 F.3d 456 (7th Cir. 2003) (reversing the district court's dismissal of a plaintiff's claims for lack of standing and remanding to the district court to consider the claims on the merits); Alejo v. Heller, 328 F.3d 930, 937 (7th Cir. 2003) ("This Court has unequivocally stated that without cross-appeal, an appellee may not attack the decree with a view either to enlarging his own rights there under or of lessening the rights of his adversary, whether what he seeks is to

correct an error or to supplement the decree with respect to a matter not dealt with below." (internal citations and quotations omitted)).  Moreover, the Panel's dismissal of Plaintiff-Appellant's claims on the merits enlarges the district court's judgments in favor of Appellee while minimizing his own.

Second, Plaintiff's Amended Compliant satisfies the Notice Pleading Standard articulated by the Supreme Court and repeatedly affirmed by this Court.  Fed. R. Civ. P. 12(b)(6) tests the sufficiency of complaint under the plausibility standard, not the underlying merits.  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  To survive a Rule 12(b)(6) motion to dismiss a "complaint must supply 'enough fact to raise a reasonable expectation that discovery will reveal evidence' supporting the plaintiff's allegations."  Indep. Trust corp. v. Stewart Info. Servs. Corp., 665 F.3d 930, 935 (7th Cir. 2012) (quoting Twombly, 550 U.S. at 556).  Moreover, this Court has frequently counseled that district courts should freely give leave to amend and that there is a preference for adjudicating cases on their merits rather than on procedural technicalities.  Runnion ex rel. Runnion v. Girl Scouts of Greater Chicago & Nw. Indiana, 786 F.3d 510, 519-21 (7th Cir. 2015).

These errors require rehearing.  However, because the District Court's *Rooker Feldman* decision still stands, any decision that fails to determine jurisdiction is advisory and without legal consequence.

**STATEMENT**

### a. <u>Factual Background</u>

Plaintiff-Appellant instituted a Dissolution Action in Cook County Circuit Court's Domestic Relations Division. (Dkt. 16, at ¶ 14)  He was divorced in 2015. The case remained pending for various post-decree issues.  (<u>Id.</u>, at ¶ 15)  Once post-decree issues concluded, Plaintiff timely filed a Notice of Appeal on October 8, 2020.  (<u>Id.</u>, at ¶ 18-20)  Plaintiff sought public inquiry into the trial court judge's behavior through legal media and a separate federal matter on January 31, 2022. (<u>Id.</u>, at ¶ 26)  Rather than have his day in court, on February 14, 2022, Plaintiff-Appellant's "Appeal was dismissed *sua sponte* without any concern for Plaintiff's equal protection of due process rights."  (<u>Id.</u>, at ¶ 32)  The dismissing court was subject to the influence of Defendant Illinois Judges Association, a "Business League pursuant to Internal Revenue Code §501(c)(6). (<u>Id.</u>, at ¶ 4)  The Business League "coordinated actions by its members to mitigate the threat or harm ethical complaints would have on its members[, *for example*, its Director Defendant Scannicchio,] and makes a coordinated effort to quash negative sentiments about its members…"  (<u>Id.</u>, at ¶ 7).

Eventually, Plaintiff-Appellant learned that Defendant Scannicchio engaged in a smear campaign, contacting various judges within Illinois to "discuss Plaintiff[-Appellant], his cases, and her opinion of him."  (Dkt. 16, at ¶ 28)  Defendant Scannicchio's campaign continued to forewarn of the impact Plaintiff-Appellant's October 8, 2020 Appeal, "would have on [Scannicchio] and by extension the Illinois Judges Association if it were to proceed because, it relates to her reputation and conduct while acting under color of law." (<u>Id.</u>, at ¶ 29)  The Complaint and Amended

Complaint allege Defendant Scannicchio's duty to the Business League provides it and its member with benefits, which she communicated to the state appellate panel influencing them to act to Plaintiff-Appellant's detriment. (Id., at ¶ 30-31)   As a result, this lawsuit followed seeking redress for Defendant-Appellee's conduct and the intentional interference with his constitutionally protected rights.

### b. <u>Procedural Background</u>

Plaintiff-Appellant originally filed the underlying lawsuit on April 17, 2024 alleging that civil rights violations of his to equal protection or due process rights, pursuant to 42 U.S.C. § 1983. (Dkt. 1)  The original Complaint contained more than fifteen pages of factual allegations.  While this matter was originally assigned to the Hon. Jorge L. Alonso, on June 18, 2024, Judge Alonso[1] recused himself and the matter was reassigned to the Hon. John Robert Blakey. (Dkt. 12)

On June 28, 2024, the District Court dismissed Complaint pursuant to the *Rooker−Feldman* doctrine.[2] (Dkt. 15)  Plaintiff-Appellant filed his factually-abridged Amended Complaint on July 22, 2023, (Dkt. 16), to address the *Rooker-Feldman* issues raised by the Court.  Two days, later, absent any motion, the District Court again dismissed Plaintiff-Appellant's Amended Complaint pursuant to the *Rooker−Feldman* doctrine without any discussion of the merits. (Dkt. 17)  It entered judgement later that same day. (Dkt. 18).

---

1. Originally an Associate Judge in the Circuit Court of Cook County, Judge Alonso remains an active member of the Illinois Judges Association.  While the record is silent as to the reason for this matter's reassignment, presumably Judge Alonso took steps to avoid the appearance of impropriety given his close relationship with the IJA that the state appellate panel did not.

2. Defendant-Appellee Illinois Judges Association filed a neither-briefed-nor-heard Motion To Dismiss pursuant to Fed. R. Civ. P. 12(b)(1), (6)  (Dkt. 13, 14) three days earlier.

The District Court never considered the underlying merits of Plaintiff-Appellant's claims nor determined whether his claims would survive a challenge under Fed. R. Civ. P. 12(b)(6).  Moreover, Plaintiff-Appellant was never given the opportunity to amend this lawsuit's pleadings to adduce or replead additional (or replead) facts which would illustrate Defendant-Appellees' tortious acts.

Plaintiff-Appellant timely filed his Notice of Appeal on August 23, 2024.  Plaintiff-Appellant timely filed his opening brief on December 4, 2024; Defendant-Appellees timely filed their response briefs on April 4, 2025.  Thereafter the Court held oral arguments on June 4, 2025 for which Defendant IJA did not appear.

### c. <u>Panel Decision</u>

On June 18, 2025, the Panel issued its Order wherein it acknowledged that Plaintiff-Appellant "challenges the district court's *Rooker-Feldman* analysis" but, nonetheless, found his "amended complaint is subject to dismissal regardless because it fails to state a claim upon which relief can be granted."  June 18, 2025 Order, p. 2.  The Order continued to conduct a *brief* and *unsupported* analysis of Plaintiff-Appellant's Amended Complaint and concluded without more specific facts, Plaintiff-Appellant's allegations are insufficient.  <u>Id.</u>, at 2-3 (citing <u>Twombly</u>, 550 U.S. at 556-7).

## ARGUMENT

### a. <u>The Panel's Decision Violates the Cross-Appeal Rule and Conflicts With the Supreme Court and This Court's Precedent</u>

The Panel's Order represents a troubling departure from well-established appellate jurisprudence that demands immediate correction. The Court's own precedent unequivocally prohibits an appellate panel from modifying or expanding a district court's decision in favor of an appellee absent a valid cross-appeal—this is a court of *appellate* review and should resist creating new issues neither addressed by the district court or the parties on appeal.

In <u>Greenlaw</u>, the Supreme Court articulated the "unwritten but longstanding rule, [that] an appellate court may not alter a judgment to benefit a nonappealing party." <u>Id.</u>, at 244–45. It continued to recognize that the cross-appeal rule dates back to its "earliest years" and had been applied to numerous cases. <u>Id.</u>, at 244–45 (citing <u>McDonough v. Dannery</u>, 3 Dall. 188, 198 (1796) and <u>Morley Constr. Co. v. Maryland Casualty Co.</u>, 300 U.S. 185, 191 (1937); <u>see also</u> <u>Massachusetts Mut. Life Ins. Co. v. Ludwig</u>, 426 U.S. 479 (1976) (articulating the inveterate and certain rule and stating "'[i]t is true that a party who does not appeal from a final decree of the trial court cannot be heard in opposition thereto when the case is brought here by the appeal of the adverse party.'" (<u>quoting</u> <u>United States v. Am. Ry. Exp. Co.</u>, 265 U.S. 425, 435 (1924))).

This Court has also recognized and applied the cross-appeal rule to limit its ability to expand or modify a district court's decision to make it *more* favorable to a non-appealing appellee. In <u>Richardson v. City of Chicago, Ill.</u>, the Court found:

"[Appellee's] decision not to appeal means, however, that we cannot alter the judgment to make it more favorable to him. 740 F.3d 1099, 1101 (7th Cir., 2014).

Here, as *foreclosed* in Lee v. City of Chicago, the Panel cannot address the merits for the first time on appeal. 330 F.3d 456, 470-71 (7th Cir., 2003). In Lee, the Court reversed the dismissal of a plaintiff-appellant's claims for lack of standing and remanded to the district court to consider the claims on the merits. Id. In doing so, the Court rejected the appellee's argument that the Court should proceed to evaluate the merits of the plaintiff-appellant's claims in the interests of judicial economy and efficiency. Id. The Court stated:

> [n]otwithstanding the fact that the City's argument has some weight... we are foreclosed from resolving the issue here. [T]his Court has unequivocally stated, that without cross-appeal, an appellee may not 'attack the decree with a view to either enlarging his own rights thereunder or of lessening the rights of his adversary, whether what he seeks is to correct an error or to supplement the decree with respect to a matter not dealt with below.'

Id. (quoting United States ex rel. Stachulak v. Coughlin, 520 F.2d 931, 937 (7th Cir.1975) and United States v. Am. Ry. Express Co., 265 U.S. 425, 435 (1924)). The Court continued to recognize that a dismissal for lack of jurisdiction is not on the merits, whereas a dismissal under Rule 12(b)(6) would be. It instructs that an appellee cannot "enlarge its rights and supplement the district court's decree with a ruling on the merits that was not reached below" without filing a cross-appeal. Id., at 470–71.

The Court's position, that it can neither enlarge an appellee's rights nor reduce an appellant's rights absent a valid cross-appeal, has been restated repeatedly. Cellco

Partnership v. City of Milwaukee, No. 24-1212, 2025 WL 1672088, at *4 (7th Cir., 2025) (finding "a court will not change a judgment in favor of a party that chose not to appeal, even if the interests of the party not appealing are aligned with those of the appellant." (internal quotations omitted)); 1000 Friends of Wisconsin Inc. v. United States Dep't of Transportation, 860 F.3d 480, 483 (7th Cir. 2017) (recognizing that "a timely appeal in civil litigation is a jurisdictional requirement" and that declining to appeal means an appellate court "cannot modify a judgment to make it more favorable to a party that did not file a notice of appeal." (internal quotations omitted)); Alejo v. Heller, 328 F.3d 930, 937 (7th Cir., 2003) ("This Court has unequivocally stated that without cross-appeal, an appellee may not attack the decree with a view either to enlarging his own rights there under or of lessening the rights of his adversary, whether what he seeks is to correct an error or to supplement the decree with respect to a matter not dealt with below." (internal citations and quotations omitted)).  When an appellee fails to pursue a cross-appeal, they accept the district court's reasoning and cannot benefit from alternative grounds for affirmance that materially alter the judgment's scope or rationale.

1. _The Panel's Decision Conflicts with Controlling Supreme Court and Seventh Circuit Precedent Enforcing the Cross-Appeal Rule_

The Panel's _sua sponte_ expansion of the District Court's judgement directly contravenes the long-standing cross-appeal rule which exists to preserve the adversarial system's integrity and ensure parties receive adequate notice of the issues on appeal.  The Panel's decision to expand the District Court's judgment to include a Rule 12(b)(6) dismissal—while simultaneously failing to address the threshold

jurisdictional question—constitutes a dramatic and impermissible expansion that fundamentally transforms the nature of the proceedings.  This procedural *sleight-of-hand* means Plaintiff-Appellant remains bereft of *any* federal jurisdiction to pursue his claims while also deciding his lawsuit, on the merits, without any briefing, argument, or leave to amend.  That means *res judicata* to state jurisdiction as well.  Such expansion exceeds the Panel's authority and deprives the Plaintiff-Appellant of any opportunity to address arguments never raised by the Appellee or considered by the District Court.

Finally, the Panel's Order maximized Defendant-Appellees' procedural advantages at the direct expense of Plaintiff-Appellant, his substantive rights, and this Court's own jurisprudential consistency.  This approach undermines the predictability and uniformity that appellate review is designed to provide.[3]  The Panel's decision effectively rewards Appellees for their failure to cross-appeal while simultaneously punishing Plaintiff-Appellant for properly seeking review of an adverse judgment.  Reversal and remand are therefore necessary to restore proper appellate procedure and protect *all* litigants' fundamental rights.

>   2.  *The Panel's Decision Conflicts with Controlling Supreme Court and Seventh Circuit Precedent by Expanding the District Court's Judgement in Favor of the Defendant-Appellee at the Expense of Plaintiff-Appellant*

The Panel has undoubtedly altered and expanded the District Court's judgment to benefit Defendant-Appellee at Plaintiff-Appellant's direct expense ultimately deciding the merits of Plaintiff-Appellant's suit without the benefit of

---

3.  The Plaintiff-Appellant notes that the process largely mirrors that of the state appellate panel, but absent the beneficial relationship pled in the complaint related to the Business League.

briefing or argument.  Had the Panel reversed the District Court's *Rooker-Feldman* determination and stopped its decision there, and remanded to the district court for reconsideration, Plaintiff-Appellant would be left with a live case and the opportunity to brief the merits of his lawsuit.  By going further than either necessary or allowable, the Panel deprived Plaintiff-Appellant of the benefit of a pending lawsuit and any true right to have the merits heard once, *anywhere*.

The District Court's original judgment and underlying Orders dismissed Plaintiff-Appellant's Complaint and Amended Complaint pursuant to *Rooker-Feldman* without ever reaching the substantive question of whether the claims were adequately pled.  This limited dismissal provided clear procedural grounds that preserved Plaintiff-Appellant's ability to address pleading deficiencies in *future* proceedings, especially given that he narrowly tailored the Amended Complaint to directly address the *Rooker-Feldman* question raised by the District Court's initial non-prejudicial dismissal.  The Panel's decision to expand the District Court's Judgement prejudices Plaintiff-Appellant by robbing him of any meaningful review of this lawsuit.

The procedural history reveals the fundamental unfairness of the Panel's approach; no motion to dismiss was even pending before the District Court.  The District Court's erroneous application of *Rooker-Feldman* effectively short-circuited normal motion practice, leaving critical pleading issues unraised and unargued to say nothing of resolved in the first instance.  Defendant-Appellee's failure to cross-appeal

constituted a deliberate strategic choice to accept the District Court's reasoning and forgo alternative grounds for dismissal.

Moreover, the Panel's decision is fundamentally flawed because a cross-appeal constitutes a *jurisdictional* requirement, not merely a procedural preference. <u>Cellco Partnership</u>, at *4. This jurisdictional limit exists to preserve adversarial balance to ensure that parties cannot benefit from arguments they chose not to pursue, *for example*: accepting the district court's jurisdictional dismissal rather than pursuing a cross-appeal seeking dismissal on the merits. When Defendant-Appellee failed to cross-appeal, they waived any right to seek alternative or broader grounds for dismissal.

Finally, the Panel's decision deprives Plaintiff-Appellant of fundamental due process by denying him the opportunity to brief and argue the validity of his claims on their merits. Having never been permitted to defend against substantive pleading challenges—because the District Court resolved the matter on *Rooker-Feldman* grounds—Plaintiff-Appellant now faces dismissal on grounds he was never permitted to address without any ability to correct his Amended Complaint. This procedural ambush violates basic fairness and transforms appellate review into a one-sided affair where an appellee receives windfalls for strategic choices they never made. Regardless of the Panel's view of the Business League of judges (see Argument § c, *infra*), the matter requires normal procedural protections.

Accordingly, the Panel's decision represents an impermissible expansion of appellate authority that undermines procedural fairness, violates jurisdictional

limitations, and dramatically expands the District Court's Judgment in favor of Defendant-Appellee. Therefore, this matter must be remanded to the District Court for an adjudication on the merits of Plaintiff-Appellant's underlying claims

### b. <u>The Panel's Decision Violates the Principle of Party Presentation and Supreme Court Precedent</u>

The Panel's Order is a dramatic departure from the Principle of Party Presentation. In <u>United States v. Sineneng-Smith</u>, the Supreme Court recognized that "Courts are essentially passive instruments of government. They do not, or should not, sally forth each day looking for wrongs to right. They wait for cases to come to them, and when cases arise, courts normally decide only questions presented by the parties." 590 U.S. 371, 376 (2020) (cleaned up).

Although the "party presentation principle is supple, not ironclad" <u>Id</u>., the issue must at least be "properly before the court." <u>Kamen v. Kemper Fin. Servs.</u>, Inc., 500 U.S. 90, 99 (1991). Here, no party had an opportunity to raise or brief the *merits* issue to the Panel. Thus, it was improper for the Panel to "sally forth" the same. Although a criminal case in nature, *Greenlaw* addresses the fundamental fairness of both the cross-appeal rule and the party presentation principle. <u>Greenlaw</u>, 554 U.S. at 252 ("Thus a defendant who appeals but faces no cross-appeal can proceed anticipating that the appellate court will not enlarge his sentence."). Plaintiff-Appellant deserves no less.

### c. <u>Plaintiff-Appellant's Claims Would Not Have Been Subject To Dismissal With Prejudice If They Had Been Adjudicated by the District Court</u>

Following the Supreme Court's decisions in <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544 (2007) and <u>Ashcroft v. Iqbal</u>, 555 U.S. 271 (2009) this Court counsels that the notice-pleading standard only requires a plaintiff's complaint provide enough detail to give the defendant fair notice of the claim, its underlying grounds, and that such claims are plausible, "even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely.'" <u>Indep. Trust Corp. v. Stewart Info. Servs. Corp.</u>, 665 F.3d 930, 935 (7th Cir. 2012) (<u>quoting Twombly</u>, 550 U.S. at 556); <u>Brant v. Schneider Nat'l, Inc.</u>, 43 F.4th 656, 664 (7th Cir. 2022) ("A [complaint] needs to provide "enough detail to give the defendant fair notice of what the claim is and the grounds upon which it rests, and, through his allegations, show that it is plausible, rather than merely speculative, that he is entitled to relief.") (<u>quoting Reger Development, LLC v. National City Bank</u>, 592 F.3d 759, 764 (7th Cir. 2010)).

Moreover, the Court has advised that district courts should freely give leave to amend because there is a preference for adjudicating cases on their merits rather than on procedural technicalities. <u>Runnion ex rel. Runnion v. Girl Scouts of Greater Chicago & Nw. Indiana</u>, 786 F.3d 510, 519-21 (7th Cir. 2015); <u>Ryder v. Hyles</u>, 27 F.4th 1253, 1258 (7th Cir. 2022) (recognizing a dismissal pursuant to Rule 12(b)(6) is an adjudication on the merits and a plaintiff "should be given at least one opportunity to try to amend her complaint before the entire action is dismissed.") (<u>citing Runnion ex rel. Runnion</u>, 786 F.3d at 519; Fed. R. Civ. P. 15(a)(2)). And, "[w]hen a district

court denies a plaintiff such an opportunity, its decision will be reviewed rigorously on appeal." Id., at 520-21.

As a preliminary matter, Plaintiff-Appellant's Amended Complaint satisfies the notice pleading standard articulated by Rule 8 and repeatedly reaffirmed by the Court. The Amended Complaint contains "a short and plain statement of the claim showing that [Plaintiff-Appellant] is entitled to relief." Plaintiff-Appellant's Amended Complaint exceeds this threshold by providing fair notice of his claims, articulating the underlying factual with specificity and demonstrating sufficient plausibility to warrant discovery.[4] Additional matters were pled upon information and belief. The notice pleading standard only required the Plaintiff-Appellant to notify Defendant-Appellees of the matter's general issues, not that he provide an exceedingly detailed accounting of the facts and circumstances leading to the deprivation of his rights. The Amended Complaint provides such notice. The Panel continued, labeling Defendant Illinois Judges Association a "professional development organization[.]" (Dkt. 43.) But to deny that it is organized under IRS §501(c)(6) ("a business league", "chamber of commerce", et cetera) and provides the membership benefits ascribed in the Amended Complaint, suggests the precise type of fact-finding reserved for a district court.

Moreover, had the District Court reviewed Plaintiff-Appellant's lawsuit under Rule 12(b)(6) and concluded that it failed to state a claim, established precedent

---

4. Moreover, Judge Alonso thought that Plaintiff-Appellant's claims were plausible enough to motivate him to recuse himself from this matter given his ongoing relationship with Defendant-Appellee IJA.

would have required that Plaintiff-Appellant be given an opportunity to amend and cure any perceived deficiencies. The failure to afford a Plaintiff-Appellant an opportunity to amend his complaint triggers rigorous appellate review, yet Plaintiff-Appellant was denied this procedural safeguard because it was the *Panel* that made the determination.

The Panel's dismissal on the merits at the appellate level—without subsequent opportunity for amendment—represents an unprecedented procedural anomaly. Having never been permitted to address substantive pleading deficiencies because the District Court resolved the matter on jurisdictional grounds, Plaintiff-Appellant now faces case-termination without review or the opportunity to amend that federal practice routinely provides. This procedural deprivation compounds jurisdictional overreach and demands the matter be remanded to the District Court for Rule 12(b)(6) briefing.

### d. Until The Panel Decides Jurisdiction, It Cannot Exercise Hypothetical Jurisdiction to Rule On The Merits

The only matter before the Panel was whether the District Court had jurisdiction. The District Court determined it did not. As a result, the Panel's decision is absent federal jurisdiction until otherwise decided unless the Panel was exercising *hypothetical jurisdiction*. Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 101 (1998) ("Hypothetical jurisdiction produces nothing more than a hypothetical judgment -- which comes to the same thing as an advisory opinion, disapproved by this Court from the beginning.") Accordingly, the Court must resolve

the issue at bar, whether the District Court has Jurisdiction or this matter is barred pursuant to *Rooker-Feldman*, before addressing the merits.[5]

---

5.    Such decision would also reverse the Panel's award of costs.  <u>See</u> Dkt. 44.

## CONCLUSION

For the reasons articulated herein, the Court should grant Plaintiff-Appellant's request for Rehearing or Rehearing *En Banc* to resolve the discrepancy between the Panel's Order and controlling Seventh Circuit and Supreme Court precedent.

Dated: July 2, 2025

Respectfully submitted,

Adam Florek
N.D. Ill. Bar No.: 6320615
Florek Law, PLLC
636 Broadway, Suite 514
New York, New York 10012
Tel: +1 (929) 229-2268
Email: aflorek@florekllc.com

Antonio Valiente-Rivera
N.D. Ill. Gen. Bar No.: 12326
Torre de La Reina - Suite 203
450 Avenida de La Constitucion
San Juan, Puerto Rico 00901
Tel:  (787) 782-9544
Email:  lcdoavaliente@live.com

**Certificate of Compliance with Fed. R. App. Pro. 32(g) and 40(d)(3) Circuit Rule 32(c)**

The undersigned, counsel for the Plaintiff-Appellant, Edward "Coach" Weinhaus furnishes the following in compliance with Fed. R. App. Pro. 32(a)(7) and hereby certifies that this brief conforms to Rule 32(a)(7) for a brief produced with a proportionally spaced font, containing 3,883 words and the typeface is Century Schoolbook, 12 point.

Dated: July 2, 2025

<div align="right">

Respectfully submitted,

*/s/ Adam Florek*
Adam Florek
N.D. Ill. Bar No.: 6320615
Florek Law, PLLC
636 Broadway, Suite 514
New York, New York 10012
Tel: +1 (929) 229-2268
Email: aflorek@florekllc.com

Antonio Valiente-Rivera
N.D. Ill. Gen. Bar No.: 12326
Torre de La Reina - Suite 203
450 Avenida de La Constitucion
San Juan, Puerto Rico 00901
Tel: (787) 782-9544
Email: lcdoavaliente@live.com

</div>

## Certificate of Service

The undersigned, counsel for the Plaintiff-Appellant, Edward "Coach" Weinhaus, hereby certifies that on July 2, 2025, electronic copies of this Petition for Rehearing and Petition for Rehearing *En Banc* were delivered by e-mail and CM/ECF to counsel for the Defendant-Appellees Regina Scannicchio and the Illinois Judges Association.

Dated: July 2, 2025

<div style="margin-left:40%">

Respectfully submitted,

*/s/ Adam Florek*
Adam Florek
N.D. Ill. Bar No.: 6320615
Florek Law, PLLC
636 Broadway, Suite 514
New York, New York 10012
Tel: +1 (929) 229-2268
Email: aflorek@florekllc.com

Antonio Valiente-Rivera
N.D. Ill. Gen. Bar No.: 12326
Torre de La Reina - Suite 203
450 Avenida de La Constitucion
San Juan, Puerto Rico 00901
Tel:  (787) 782-9544
Email:  lcdoavaliente@live.com

</div>