No. 24-2473

IN THE
UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT

| | | |
|---|---|---|
| EDWARD WEINHAUS,<br><br>Plaintiff-Appellant,<br><br>v.<br><br>HON. REGINA A. SCANNICCHIO and ILLINOIS JUDGES ASSOCIATION,<br><br>Defendants-Appellees. | ) | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division<br><br>No. 1:24-cv-03061<br><br>The Honorable JOHN ROBERT BLAKEY, Judge Presiding. |

# ANSWER OF STATE DEFENDANT-APPELLEE TO PETITION FOR PANEL AND *EN BANC* REHEARING


**KWAME RAOUL**
Attorney General
State of Illinois

**JANE ELINOR NOTZ**
Solicitor General

115 South LaSalle Street
Chicago, Illinois 60603
(312) 814-3000

Attorneys for State Defendant-Appellee the Honorable Regina A. Scannicchio

**ALEXANDRINA SHROVE**
Assistant Attorney General
115 South LaSalle Street
Chicago, Illinois 60603
(312) 814-2193 (office)
(773) 590-7061 (cell)
Alexandrina.Shrove@ilag.gov

**TABLE OF CONTENTS**

*Page(s)*

INTRODUCTION .... 1

STATEMENT OF THE CASE .... 2

ARGUMENT .... 4

I. Weinhaus has not satisfied the criteria for *en banc* or panel rehearing .... 4

A. Rehearing *en banc* is unwarranted because the panel adhered to settled precedent when it affirmed the dismissal for failure to state a claim as opposed to jurisdictional grounds. .... 4

B. Panel rehearing is not warranted here. .... 11

II. Whether under Rule 12(b)(1) or Rule 12(b)(6), dismissal of Weinhaus's complaint was proper. .... 12

CONCLUSION .... 15

CERTIFICATE OF COMPLIANCE WITH FED. R. APP. P 32

CERTIFICATE OF FILING AND SERVICE

## TABLE OF AUTHORITIES

*Page(s)*

**Cases**

*1000 Friends of Wis. Inc. v. U.S. Dep't of Transp.*,
860 F.3d 480 (7th Cir. 2017) .......... 10

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) .......... 14

*Bell Atlantic Corp. v. Twombly*,
550 U.S. 544 (2007) .......... 13

*Cellco P'ship v. City of Milwaukee*,
140 F.4th 854 (7th Cir. 2025) .......... 10

*Dellenbach v. Letsinger*,
889 F.2d 755 (7th Cir. 1989) .......... 7

*Easley v. Reuss*,
532 F.3d 592 (7th Cir. 2008) .......... 1, 4

*Frederiksen v. City of Lockport*,
384 F.3d 437 (7th Cir. 2004). .......... 5

*Gilbank v. Wood Cnty. Dep't of Hum. Servs.*,
111 F.4th 754 (7th Cir. 2024) .......... 12

*Greenlaw v. U.S.*,
554 U.S. 237 (2008) .......... 1, 8, 9

*Hanna v. City of Chi.*,
65 F. App'x 565 (7th Cir. 2003) .......... 5, 9

*Herrera v. Cleveland*,
8 F.4th 493 (7th Cir. 2021) .......... 6

*In re Text Messaging Antitrust Litig.*,
630 F.3d 622 (7th Cir. 2010) .......... 13

*Kamelgard v. Macura*,
585 F.3d 334 (7th Cir. 2009) .......... 5

*Kelly v. City of Chi.*,
4 F.3d 509 (7th Cir. 1993) .......... 6

*Lee v. City of Chi.*,
330 F.3d 456 (7th Cir. 2003) .......... 10

*Matushkina v. Nielsen*,
877 F.3d 289 (7th Cir. 2017) ........................................ *passim*

*Mireles v. Waco*,
502 U.S. 9 (1991) ........................................ 8

*Mullins v. Evans*,
2021 IL App (1st) 191962 ........................................ 8

*Nichols v. Fahrenkamp*,
2019 IL 123990 ........................................ 7

*Pension Tr. Fund for Operating Eng'rs v. Kohl's Corp.*,
895 F.3d 933 (7th Cir. 2018) ........................................ 14

*Perkins v. Hendrickson Mfg. Co.*,
610 F.2d 469 (7th Cir. 1979) ........................................ 7

*Pierson v. Ray*,
386 U.S. 547 (1967) ........................................ 7

*Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. Walgreens Co.*,
631 F.3d 436 (7th Cir. 2011) ........................................ 13

*Pyles v. Strebing*,
No. 24-1797, 2025 WL 2083900 (7th Cir. July 24, 2025) ........................................ 5

*Richardson v. City of Chi.*,
740 F.3d 1099 (7th Cir. 2014) ........................................ 10

*Ruklick v. Julius Schmid, Inc.*,
169 Ill. App. 3d 1098 (1st Dist. 1988) ........................................ 7

*Suslick v. Rothschild Sec. Corp.*,
128 Ill. 2d 314 (1989) ........................................ 7

*U.S. v. Robl*,
8 F.4th 515 (7th Cir. 2021) ........................................ 11

*U.S. v. Sineneng-Smith*,
590 U.S. 371 (2020) ........................................ 10, 11

*Weinhaus v. Scannicchio*,
No. 24-2473, 2025 WL 1703636 (7th Cir. June 18, 2025) ........................................ 3, 5, 13

*Welch v. Ill. Sup. Ct.*,
322 Ill. App. 3d 345 (3d Dist. 2001) ........................................ 8

**Statutes and Regulations**


705 ILCS 505/22(h) .......... 8

735 ILCS 5/13-217 .......... 6

745 ILCS 5/1 .......... 8


**Rules**


Fed. R. App. P. 40(b)(1) .......... 4

Fed. R. App. P. 40(b)(1)(A) .......... 11

Fed. R. App. P. 40(b)(2) .......... 4

## INTRODUCTION

The panel acted within its authority when it affirmed the district court's dismissal of Weinhaus's complaint because he failed to state a claim under Fed. R. Civ. P. 12(b)(6), without addressing the district court's conclusion that Weinhaus's claims were jurisdictionally barred by the *Rooker-Feldman* doctrine under Fed. R. Civ. P. 12(b)(1). While an appellate court may not generally alter a judgment to benefit an appellee absent a cross-appeal, the United States Supreme Court in *Greenlaw v. U.S.*, 554 U.S. 237 (2008), left open the question of whether the cross-appeal rule was jurisdictional, effectively allowing the appellate courts to decide whether to adopt judicially created exceptions to the rule.

Under this court's precedent, the cross-appeal rule does not apply "where a jurisdictional dismissal effectively bars relief on the merits in any judicial forum" because modifying the judgment "makes no practical difference." *Matushkina v. Nielsen*, 877 F.3d 289, 296-97 (7th Cir. 2017). Here, Weinhaus's claims are barred by the statute of limitations, judicial immunity, and sovereign immunity. As a result, Weinhaus has no judicial forum where he can seek relief, and this case falls squarely within this court's exception to the cross-appeal rule because a dismissal on the merits operates no differently than a dismissal for lack of jurisdiction. The panel thus did not break any new legal ground or depart from existing precedent when it decided this appeal, so this is not "the truly exceptional case[ ]" that justifies panel and *en banc* rehearing. *See Easley v. Reuss*, 532 F.3d 592, 594 (7th Cir. 2008) (*per curiam*). Accordingly, the petition should be denied.

## STATEMENT OF THE CASE

Around 2013, Weinhaus initiated a dissolution of marriage action in the Cook County Circuit Court. Doc. 16 at 3.[1] In May 2019, Weinhaus's ex-wife petitioned the circuit court to award her attorney fees and costs. SA1-8. In February 2020, Judge Scannicchio granted the petition, ordering that Weinhaus pay $25,000 in attorney fees and costs. SA27-29. Weinhaus appealed the award to the Illinois Appellate Court, which dismissed the appeal on February 14, 2022. PT3. Weinhaus then filed a petition for leave to appeal to the Illinois Supreme Court, which was denied. Doc. 16 at 6.[2]

In April 2024, Weinhaus initiated this action under 42 U.S.C. § 1983, claiming that Judge Scannicchio conspired with other judges from the Illinois Judges Association ("Association") to convince the appellate court to dismiss his appeal. Doc. 1 at 12-14. After the Association moved to dismiss the complaint under Rules 12(b)(1) and 12(b)(6), Doc. 13, the district court held that the action was barred by *Rooker-Feldman*, but allowed Weinhaus the opportunity to amend his complaint, Doc. 15 at 1-2.

---

[1] The record on appeal, which is the district court's docket, is cited as "Doc. __ at __." Judge Scannicchio's response brief is cited as "AE Br. ___," and the supplemental appendix to that brief is cited as "SA__." Weinhaus's petition for panel and *en banc* rehearing is cited as "PT__."

[2] Weinhaus did not include a copy of the appellate court's dismissal or his petition for leave to appeal in his district court pleadings. Because his appeal was filed under seal, the documents filed and orders entered in the Illinois Appellate Court and Illinois Supreme Court could not be included in the supplemental appendix.

In his amended complaint, Weinhaus again alleged that Judge Scannicchio and the Association conspired together to convince the state appellate court to dismiss his appeal, without specifying how Judge Scannicchio or the Association accomplished that. Doc. 16 at 3-6. Afterwards, the district court *sua sponte* concluded that it lacked jurisdiction under *Rooker-Feldman* because it could not consider the merits of Weinhaus's claims "without re-evaluating the appropriateness of the [appellate court's] dismissal, as well as the underlying orders appealed." Doc. 17 at 1.

On appeal, this court affirmed the district court's judgment, holding that Weinhaus's amended complaint was subject to dismissal because it failed to state a claim upon which relief could be granted. *Weinhaus v. Scannicchio*, No. 24-2473, 2025 WL 1703636, *1 (7th Cir. June 18, 2025). The court did not reach the *Rooker-Feldman* issue. *Id.*

Specifically, the panel stated that the complaint failed to support its allegations of conspiracy and interference with any factual conduct within Weinhaus's personal knowledge, and such bare, conclusory allegations were insufficient to satisfy Fed. R. Civ. P. 8(a)(2). *Id.* The panel further explained that the amended complaint failed to include "factual allegations that would support a reasonable inference that the defendants [were] responsible for the state court dismissing [Weinhaus's] appeal." *Id*. Weinhaus filed a petition for panel and *en banc* rehearing, primarily arguing that the panel's decision violates precedent of the Supreme Court and this court that prohibits an appellate court from altering a judgment to benefit a party that did not cross-appeal. PT6-16.

## ARGUMENT

### I. Weinhaus has not satisfied the criteria for *en banc* or panel rehearing.

*En banc* and panel rehearings are granted only in limited circumstances. The party seeking rehearing *en banc* must demonstrate that the panel decision either: (1) conflicts with a decision of this court, another court of appeals, or the Supreme Court; or (2) presents a question of exceptional importance. Fed. R. App. P. 40(b)(2). Rehearings *en banc* are "not favored," *id*., as they impose a "heavy burden" on an "overly burdened court" and thus are "reserved for the truly exceptional cases." *Easley*, 532 F.3d at 594.

In contrast, "[p]anel rehearings are designed as a mechanism for the panel to correct its own errors." *Id*. A party seeking panel rehearing must therefore "state with particularity each point of law or fact that the petitioner believes the court has overlooked or misapprehended." Fed. R. App. P. 40(b)(1).

#### A. Rehearing *en banc* is unwarranted because the panel adhered to settled precedent when it affirmed the dismissal for failure to state a claim as opposed to on jurisdictional grounds.

As an initial matter, Weinhaus does not argue that the panel decision conflicts with a decision from another circuit or involves a question of exceptional importance. *See* PT6-16. Instead, he argues that the decision conflicts with existing law from this court and the Supreme Court. *Id*. But the panel's decision comports with settled precedent and so does not satisfy Rule 40's demanding requirements for *en banc* rehearing.

The district court dismissed Weinhaus's amended complaint under *Rooker-Feldman*, Doc. 17 at 1-2, which this court treats as a Rule 12(b)(1) dismissal without prejudice for lack of subject matter jurisdiction, *see Frederiksen v. City of Lockport*, 384 F.3d 437, 438-39 (7th Cir. 2004). The panel's decision, by contrast, held that the amended complaint failed to state a claim upon which relief could be granted under Rule 12(b)(6), *Weinhaus*, 2025 WL 1703636, *1, which is typically a dismissal with prejudice, *see Kamelgard v. Macura*, 585 F.3d 334, 339 (7th Cir. 2009).

While an appellate court generally may not convert a dismissal without prejudice to a dismissal with prejudice without a cross-appeal, this rule does not apply "where a jurisdictional dismissal effectively bars relief on the merits in any judicial forum" because modifying the judgment "makes no practical difference." *Matushkina*, 877 F.3d at 296-97 (notwithstanding lack of cross-appeal, court had jurisdiction to convert jurisdictional dismissal into dismissal on the merits because decisions on travel visas "are not reviewable in court"); *see also Pyles v. Strebing*, No. 24-1797, 2025 WL 2083900, *2-3 (7th Cir. July 24, 2025) (converting non-prejudicial *Heck* dismissal into prejudicial dismissal on the merits without cross-appeal where plaintiff "has pleaded facts that reveal he has no legal claim against" defendants); *Hanna v. City of Chi.*, 65 F. App'x 565, 566-67 (7th Cir. 2003) (court may "waive the cross-appeal requirement" if there is good justification to do so).

Here, changing the judgment from a dismissal without prejudice to one with prejudice would have no practical effect. Weinhaus suggests that had the panel not resolved his claims on the merits, he would refile those claims in state court. PT9

(arguing that resolution of his lawsuit "on the merits . . . means *res judicata* as to state jurisdiction as well"). But Weinhaus is barred from pursuing his claims for at least three reasons: they are foreclosed by the statute of limitations, judicial immunity, and sovereign immunity. Thus, the panel's decision to modify the dismissal without prejudice to a dismissal with prejudice "makes no practical difference" and did not require a cross-appeal. *Matushkina*, 877 F.3d at 297.

To begin, Weinhaus's claims are time-barred. "Section 1983 provides a federal cause of action, but the forum state's personal injury law determines the length of the statute of limitations. In Illinois, the limitations period for personal-injury torts is two years." *Herrera v. Cleveland*, 8 F.4th 493, 495 n.2 (7th Cir. 2021) (cleaned up). The amended complaint alleged that Weinhaus was deprived of his constitutional right to an impartial judiciary when Judge Scannicchio allegedly persuaded the appellate court justices to dismiss his state court appeal, Doc. 16 at 3-6, which occurred on February 14, 2022, PT3. As a result, Weinhaus's claims accrued on that date and he had until February 14, 2024, to file them. *See Kelly v. City of Chi.*, 4 F.3d 509, 511 (7th Cir. 1993) ("Section 1983 claims accrue when the plaintiff knows or should know that his or her constitutional rights have been violated.") (cleaned up). But he waited until April 17, 2024, to file this lawsuit.

Nor can Weinhaus benefit from Illinois's saving statute, which allows a plaintiff one year to refile an action in state court after the action is dismissed by the federal district court for lack of jurisdiction. *See* 735 ILCS 5/13-217. That provision does not apply because the two-year limitations period expired *before* Weinhaus

initiated this action. *See Perkins v. Hendrickson Mfg. Co.*, 610 F.2d 469, 470 (7th Cir. 1979) (predecessor statute to section 13-217 did "not benefit the plaintiff" when limitations period "expired before [first] action was ever filed"); *Ruklick v. Julius Schmid, Inc.*, 169 Ill. App. 3d 1098, 1104 (1st Dist. 1988) (same, as to section 13-217); Doc. 1 at 1. And even if Illinois's saving statute did apply, Weinhaus did not comply with it by filing an action in state court within one year of the district court's dismissal, or by July 24, 2025. *See Suslick v. Rothschild Sec. Corp.*, 128 Ill. 2d 314, 320 (1989) (one-year period under section 13-217 runs from date of district court's dismissal, not from date of affirmance of dismissal by federal appellate court); Doc. 17 at 1-2 (district court's dismissal for lack of jurisdiction issued on July 24, 2024).

Second, judicial immunity bars Weinhaus's claims. *See Nichols v. Fahrenkamp*, 2019 IL 123990, ¶ 14 ("judges are immune from liability for the acts they perform as part of their judicial duties") (citing *Pierson v. Ray*, 386 U.S. 547, 554 (1967)). Weinhaus alleged that Judge Scannicchio discussed his case with the appellate court justices before they dismissed his appeal. Doc. 16 at 5. Even though Weinhaus claimed that she did so for improper reasons, Judge Scannicchio's discussion of a domestic relations case assigned to her with other judges is judicial conduct protected by judicial immunity. *See Dellenbach v. Letsinger*, 889 F.2d 755, 760-61 (7th Cir. 1989) (judicial immunity applied where state trial court judge allegedly "telephoned" appellate court judge, "ask[ing] him not to consider [plaintiff's] appeal" until transcript fee was paid, despite "the *ex parte*

nature of the alleged call"); *see also Mireles v. Waco*, 502 U.S. 9, 11 (1991) ("judicial immunity is not overcome by allegations of bad faith or malice") (cleaned up).

Third, Weinhaus's claims are barred by sovereign immunity under the State Lawsuit Immunity Act, which provides that, except in limited circumstances, "the State of Illinois shall not be made a defendant or party in any court." 745 ILCS 5/1. That immunity has been extended to suits seeking damages for state officials', including judges', performance of their official duties. *See, e.g.*, *Mullins v. Evans*, 2021 IL App (1st) 191962, ¶¶ 66-69 (State Lawsuit Immunity Act barred complaint seeking to impose liability on judge for performance of official duties); *Welch v. Ill. Sup. Ct.*, 322 Ill. App. 3d 345, 352-53 (3d Dist. 2001) (same). And although the Illinois Court of Claims may provide a venue for such claims, *see* 745 ILCS 5/1; *Mullins*, 2021 IL App (1st) 191962, ¶ 68, Weinhaus's claims would equally be time-barred in that venue, *see* 705 ILCS 505/22(h) (claims must be brought in Court of Claims within two years of accrual).

In short, because Weinhaus is foreclosed from pursuing his claims in any judicial forum, the panel's modification of the judgment to a dismissal with prejudice had no practical effect on his rights, nor did it benefit defendants. The panel's decision therefore falls within the exception to the cross-appeal rule.

Nevertheless, Weinhaus argues that the panel's decision conflicts with this court's and the Supreme Court's precedent prohibiting an appellate panel from modifying or expanding a judgment in favor of an appellee absent a cross-appeal. PT6-12. For support, Weinhaus relies on *Greenlaw*. *Id*. at 6 (citing 554 U.S. at 244-

45). However, while the Supreme Court in *Greenlaw* acknowledged the cross-appeal rule, it explicitly declined to characterize that rule as "jurisdictional, and therefore exceptionless," 554 U.S. at 245 ("we again need not type the rule 'jurisdictional'"), leaving it to the appellate courts to decide whether to allow judicially created exceptions, such as the one here, *see id*. (recognizing courts of appeals have differed on characterization of cross-appeal rule with some circuits treating the rule as "a rule of practice, and thus potentially subject to judicially created exceptions"); *see also Hanna*, 65 F. App'x at 566 (acknowledging that "the Supreme Court recognized the circuit split on the issue and refused to resolve it," leaving it to the courts of appeals to "justify relaxing" the rule). Consistent with *Greenlaw*, this court has held that it may convert a nonprejudicial dismissal into a prejudicial one absent a cross-appeal if the plaintiff is otherwise barred from obtaining relief in any judicial forum. *See Matushkina*, 877 F.3d at 296-97. And this exception applies here because, as explained, Weinhaus's claims are barred by the statute of limitations, judicial immunity, and sovereign immunity. Thus, the panel's decision is consistent with Supreme Court precedent.

The panel's decision also complies with this court's precedent. Here, Weinhaus suggests that the panel's decision creates an intra-circuit conflict because other cases have held that the cross-appeal rule limits this court's "ability to expand or modify a district court's decision to make it *more* favorable to a non-appealing appellee." PT6-7 (emphasis in original). As explained, the panel's decision did not make the judgment *more* favorable to defendants. On the contrary, because

Weinhaus's claims are foreclosed on the merits, the conversion to a dismissal with prejudice "makes no practical difference" for either Weinhaus or defendants. *See Matushkina*, 877 F.3d at 297. That was not necessarily the case in Weinhaus's cited cases. *See Richardson v. City of Chi.*, 740 F.3d 1099, 1101 (7th Cir. 2014) (declining to convert attorney fees award against police officer to award against his employer where the officer did not appeal because doing so would allow officer to avoid $123,000 award); *Lee v. City of Chi.*, 330 F.3d 456, 470-71 (7th Cir. 2003) (where, prior to *Matushkina*, defendant advanced merits arguments on appeal that were not raised in the district court, declining to convert dismissal under Rule 12(b)(1) to dismissal under Rule 12(b)(6) and remanding to district court to consider merits in first instance); *Alejo v. Heller*, 328 F.3d 930, 937 (7th Cir. 2003) (prior to *Matushkina*, declining to convert non-prejudicial *Heck* dismissal into prejudicial dismissal and remanding to district court to consider merits in first instance) (all cited at PT6-8).[3]

Weinhaus further maintains that the panel's decision violates the principle of party presentation, but this argument does not move the needle because, as he acknowledges, the "'party presentation principle is supple, not ironclad.'" PT12 (quoting *U.S. v. Sineneng-Smith*, 590 U.S. 371, 376 (2020)). In fact, *Sineneng-Smith*

[3] Weinhaus also cites *Cellco P'ship v. City of Milwaukee*, 140 F.4th 854 (7th Cir. 2025), and *1000 Friends of Wis. Inc. v. U.S. Dep't of Transp.*, 860 F.3d 480 (7th Cir. 2017), but both cases held that where an enjoined party did not appeal, this court could not modify the injunction to favor a non-enjoined party. *See Cellco P'ship*, 140 F.4th at 860 (court without authority to alter injunction on appeal where derivatively injured party appealed, not the enjoined party); *1000 Friends*, 860 F.3d at 482-83 (same, because a party "cannot seek relief against a judgment that does not bind it").

recognized that "[t]here are no doubt circumstances in which a modest initiating role for a court is appropriate." 590 U.S. at 376. Nor is the court "limited to the particular legal theories advanced by the parties, but rather retains the independent power to identify and apply the proper construction of governing law." *U.S. v. Robl*, 8 F.4th 515, 528 n.32 (7th Cir. 2021) (cleaned up). Because the propriety of the district court's dismissal was squarely before this court, it could reach the sufficiency of Weinhaus's complaint without offending the party presentation principle.

For similar reasons, Weinhaus's argument that the panel improperly exercised "hypothetical jurisdiction" by reaching the merits without addressing *Rooker-Feldman*, PT15-16, is incorrect. Because the panel's decision to convert the judgment to a dismissal with prejudice "makes no practical difference," *Matushkina*, 877 F.3d at 296-97, the decision is fully consistent with precedent of this court and the Supreme Court.

**B. Panel rehearing is not warranted here.**

Weinhaus also seeks panel rehearing, but he never explains why such rehearing is warranted. *See* PT6-16; Fed. R. App. P. 40(b)(1)(A) ("petition for panel rehearing must state with particularity each point of law or fact that the petitioner believes the court has overlooked or misapprehended"). He does not argue that the panel overlooked or misapprehended any facts. *See* PT 6-16. And the panel did not misapply the law. As previously explained, the panel had authority to alter the judgment to a dismissal with prejudice because Weinhaus is barred from raising his

claims in any judicial forum. And, as explained below, the panel did not misapply the law when it dismissed Weinhaus's complaint for failure to state a claim.

## II. Whether under Rule 12(b)(1) or Rule 12(b)(6), dismissal of Weinhaus's complaint was proper.

Finally, the district court correctly held that Weinhaus's claims are barred by *Rooker-Feldman*. Accordingly, even if the panel was prohibited from converting the judgment to a dismissal on the merits, the decision below should be affirmed. But, as explained above, the panel was not so prohibited, and contrary to the arguments in the petition, PT12-15, the panel correctly held that Weinhaus's amended complaint failed to state a claim.

On appeal, Judge Scannicchio argued that Weinhaus's claims were barred by *Rooker-Feldman*, and those arguments apply with equal force now. AE Br. 8-17. Weinhaus's alleged injury resulted from the state court's dismissal of his appeal, as he claimed that Judge Scannicchio had improperly persuaded the justices to take this action. *Id*. at 10-13. And, under *Gilbank v. Wood Cnty. Dep't of Hum. Servs*., 111 F.4th 754, 795 (7th Cir. 2024) (*en banc*), awarding Weinhaus relief on his claims would nullify or modify the state court's dismissal of his appeal because he sought damages to offset the attorney fees and costs that were the subject of his state-court appeal. AE Br. 13-15. Finally, Weinhaus could have raised the claims that he brought in federal court in the state-court proceedings, as nothing prevented him from arguing in those proceedings that the dismissal of his appeal deprived him of his federal constitutional rights. *Id*. at 15-17.

In addition, the panel correctly held that Weinhaus's amended complaint failed to satisfy the pleading requirements under Rule 8(a)(2). As the panel noted, the amended complaint alleged conspiracy and interference, but Weinhaus failed to support those allegations with facts within his personal knowledge. *See Weinhaus*, 2025 WL 1703636, *1. Indeed, the complaint contained no factual allegations that would support a reasonable inference that Judge Scannicchio was responsible for the appellate court dismissing his appeal. Instead, Weinhaus only alleged knowledge of Judge Scannicchio's conspiratorial interference with his state appeal "upon information and belief." Doc. 16 at 5; *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007) (declining to take as true conclusory allegations "upon information and belief" that companies had entered a conspiracy without enough facts to make statement plausible).

While the complaint need only have "state[d] a claim for relief that [was] plausible," *Twombly*, 550 U.S. at 557, that standard "asks for more than a sheer possibility that [the defendant] has acted unlawfully," *see In re Text Messaging Antitrust Litig.*, 630 F.3d 622, 629 (7th Cir. 2010). In other words, the "complaint must establish a nonnegligible probability that the claim is valid." *See id*. Weinhaus failed to do so by merely providing bald assertions linking Judge Scannicchio to the dismissal of his appeal. *See* Doc. 16 at 5; *see also Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. Walgreens Co.*, 631 F.3d 436, 443 (7th Cir. 2011) ("The grounds for the plaintiff's suspicions must make the allegations *plausible*, even as courts remain sensitive to information asymmetries that may prevent a plaintiff from

offering more detail.") (emphasis in original). The allegations do not state with whom Judge Scannichio spoke, what was said, or when the conversations occurred, and they do not provide the court's reasons for dismissing the appeal or explain why those reasons flowed from Judge Scannicchio's conduct. Weinhaus's threadbare, conclusory allegations would require the district court to make the logical leap that Judge Scannicchio caused the state-court appeal to be dismissed without any facts to support that conclusion, removing the allegations from the realm of plausibility and failing to satisfy Rule 8's pleading requirements. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (pleading standard "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation").

Weinhaus maintains that "established precedent would have required that [he] be given an opportunity to amend and cure any perceived deficiencies," and that his inability to do so deprived him of "due process." PT11, 14-15. Not only does Weinhaus not identify the "established precedent" he relies on, but his suggestion that he was not given the opportunity to amend his complaint is false. After the district court dismissed his original complaint, it granted him the opportunity to file an amended complaint, Doc. 15 at 2, which he did, Doc. 16 at 3-7. Nor does Weinhaus say what facts he would add to a second amended complaint that would state a claim against Judge Scannicchio. PT14-15; *see Pension Tr. Fund for Operating Eng'rs v. Kohl's Corp.*, 895 F.3d 933, 942 (7th Cir. 2018) ("Reversal is inappropriate if the plaintiff cannot identify how it would cure defects in its complaint.").

In sum, the panel's decision altering the judgment to a dismissal on the merits conflicts with no decision of the Supreme Court or this court. Nor did the panel err when it dismissed Weinhaus's complaint for failure to state a claim. And, in any event, the district court correctly held that Weinhaus's claims are barred by *Rooker-Feldman*. There is thus no basis for *en banc* or panel rehearing.

## CONCLUSION

For these reasons, this court should deny the petition for rehearing.

Respectfully submitted,

**KWAME RAOUL**
Attorney General
State of Illinois

**JANE ELINOR NOTZ**
Solicitor General

115 South LaSalle Street
Chicago, Illinois 60603
(312) 814-3000

Attorneys for State Defendant-Appellee the Honorable Regina A. Scannicchio

/s/ Alexandrina Shrove
**ALEXANDRINA SHROVE**
Assistant Attorney General
115 South LaSalle Street
Chicago, Illinois 60603
(312) 814-2193 (office)
(773) 590-7061 (cell)
Alexandrina.Shrove@ilag.gov

August 29, 2025

**CERTIFICATE OF COMPLIANCE WITH FED. R. APP. P 32**

I hereby certify that this answer to the petition for panel and *en banc* rehearing complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and Circuit Rule 32 and the type style requirements of Federal Rule of Appellate Procedure 32(a)(6) because it has been prepared in proportionally spaced typeface using Microsoft Word 2016, in 12-point Century Schoolbook BT font, and complies with the word limitation set forth in the Federal Rule of Appellate Procedure 40(d)(3)(A) in that the answer contains 3,864 words.

/s/ Alexandrina Shrove
ALEXANDRINA SHROVE
Assistant Attorney General
115 South LaSalle Street
Chicago, Illinois 60603
(312) 814-2193 (office)
(773) 590-7061 (cell)
Alexandrina.Shrove@ilag.gov

**CERTIFICATE OF FILING AND SERVICE**

I hereby certify that on August 29, 2025, I electronically filed the foregoing Answer of State Defendant-Appellee to Petition for Panel and *En Banc* Rehearing with the Clerk of the Court for the United States Court of Appeals for the Seventh Circuit by using the CM/ECF system.

I further certify that the other participants in this appeal, named below, are registered CM/ECF users and thus were served via the CM/ECF system.

Michael J. Progar, mjp@progarlaw.com

Antonio Valiente, lcdoavaliente@live.com

Adam Florek, aflorek@florekllc.com

/s/ Alexandrina Shrove
ALEXANDRINA SHROVE
Assistant Attorney General
115 South LaSalle Street
Chicago, Illinois 60603
(312) 814-2193 (office)
(773) 590-7061 (cell)
Alexandrina.Shrove@ilag.gov